26



F I L E D

DEC 27 2007

CLERK'S OFFICE
DETROIT

07·15474

1  | **ROSNER & MANSFIELD, LLP**
   | Hallen D. Rosner, SBN: 109740
   | Alan M. Mansfield, SBN: 125998
2  | alan@rosnerandmansfield.com
   | John W. Hanson, SBN: 214771
3  | john@rosnerandmansfield.com
   | 10085 Carroll Canyon Road, First Floor
4  | San Diego, CA 92131
   | Tel: (858) 348-1005
5  | Fax: (858) 348-1150

6  | **THE CONSUMER ADVOCACY CENTER, P.C.**
   | Lance A. Raphael
7  | Stacy M. Bardo
   | Allison A. Krumhorn
8  | Allison@caclawyers.com
   | 180 West Washington, Suite 700
9  | Chicago, Illinois 60602
   | Tel: (312) 782-5808
10

11 | Attorneys for Plaintiff

12

13 |                    **UNITED STATES DISTRICT COURT**

14 |                   **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 | DAVID DATE, JR., Individually and On Behalf of ) Case No. 07-CV-0592-BEN (RBB)
   | All Others Similarly Situated,                 )
17 |                                                )
   |                              Plaintiff,        ) **FIRST AMENDED CLASS ACTION**
18 |                                                ) **COMPLAINT**
   |                                                )
19 |         v.                                     ) Violations of Cal. Civ. Code §§1750. *et*
   |                                                ) *seq.*, Cal. Bus. & Prof. Code §§ 17200, *et*
20 | SONY ELECTRONICS, INC. and ABC                 ) *seq.*, Magnuson-Moss Warranty Act,
   | APPLIANCE, INC. d/b/a ABC WAREHOUSE,            ) 15 U.S.C. §§ 2301, *et seq.*, Breach of
21 |                                                ) Contract, Unjust Enrichment, and
   |                                                ) Declaratory Relief.
22 |                              Defendants.        )
   |                                                ) (Jury Trial Requested)
23

24 |         1.      Plaintiff, David Date, Jr., on behalf of himself and all others similarly situated, all to the

25 | best of his knowledge, information, and belief formed after an investigation reasonable under the

26 | circumstances, which facts are likely to have evidentiary support after a reasonable opportunity for

27 | *///*.

                                                1

1   further investigation and discovery, except for information identified herein based on personal

2   knowledge, hereby alleges as follows:

3                    **JURISDICTION AND VENUE**

4        2.        Jurisdiction and venue in this Court are based upon § 1332 of Title 28 of the United

5   States Judicial Code, 28 U.S.C. § 1332, as amended by The Class Action Fairness Act of 2005

6   ("CAFA"), Pub. Law 109-2 (Feb.18, 2005).  The Class involves more than 100 persons.  28 U.S.C.

7   §1332(d)(5)(A).  The aggregate amount in controversy, exclusive of interest and costs, exceeds

8   $5,000,000.00.  28 U.S.C. §1332(d)(2).  Plaintiff is a resident of Michigan, and Defendant Sony

9   Electronics, Inc. resides and has a principal place of business in San Diego, California.  Therefore,

10  minimal diversity of opposing parties is present as required under CAFA. 28 U.S.C. § 1332(d)(2)(A).

11       3.        In connection with the acts and course of conduct alleged in this Complaint, the

12  Defendants both directly and indirectly used the means and instrumentalities of interstate commerce,

13  including the United States mails and interstate telephone communications, to engage in the conduct at

14  issue herein.

15       4.        Venue is proper in this District under §§ 1391(a) and 1391(c) of Title 28 of the United

16  States Code because a substantial part of the acts and conduct charged herein, including the promotion,

17  use, sale, marketing, and/or distribution of the products at issue, occurred in this District, as did the

18  issuance of materially false and misleading representations.  Numerous Class members reside in this

19  venue.  By agreeing to disseminate the material misrepresentations of fact as set forth herein and acting

20  as a Sony authorized dealer, Defendant ABC Warehouse, Inc. conspired with Defendant Sony

21  Electronics, Inc. in this venue regarding the wrongdoing alleged herein.  Numerous Class members

22  purchased a Sony Grand Wega, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-

23  R60XBR1 manufactured by Sony Electronics, Inc. in this venue and were thereby injured and subjected

24  to irreparable harm in this venue.  Sony Electronics, Inc. received substantial compensation and profits

25  from sales of such products in this venue.  Thus, Sony Electronics, Inc.'s liability arose in substantial

26  part in this District. Defendants are also registered to do business and/or in fact do business in this

27  District.

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

**THE PARTIES**

5.  On personal knowledge, Plaintiff David Date, Jr. ("Plaintiff") is a natural person who resides in Michigan.

6.  Defendant Sony Electronics, Inc. (referred to hereinafter as "Sony") is a corporation formed under the laws of Delaware, with a principal place of business located at 16530 Via Esprillo, San Diego, California 92727. At all relevant times, Sony was engaged in the business of distributing, marketing, and/or selling Sony televisions in California and in all 50 states.

7.  Defendant ABC Appliance, Inc. d/b/a ABC Warehouse ("ABC Warehouse") is a Michigan corporation, with a principal place of business at One West Silverdome Industrial Park, Pontiac, Michigan 48342. At all relevant times, ABC Warehouse placed items into the stream of interstate commerce and was engaged in the business of distributing, marketing, and/or selling its products, including Sony Wega televisions, in some or all of the 50 states through both its store locations and through its interactive website. Defendant ABC Warehouse sells products in California generally and this venue specifically through this interactive website. Defendant ABC Warehouse holds itself out as an authorized dealer of Sony products and Sony in fact represents on its website that ABC Warehouse is one of its retailers in the United States that is a Sony authorized dealer. Defendants claim this is a special relationship because only authorized dealers are allowed access to Sony product managers, specialized customer service and other benefits. As a consequence of this relationship, ABC Warehouse acts as an agent for Sony. Moreover, Defendant ABC Warehouse contracts directly with Sony, a California corporation, for the purchase of Sony products for distribution throughout the United States. Defendant ABC Warehouse also provides Sony warranties to purchasers of Sony products.

8.  At all times mentioned in the causes of action alleged herein, by distributing uniformly false and misleading information about the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 as detailed herein, by not publicly disclosing their wrongful conduct and by participating in a scheme to mutually profit economically from each Defendant's individual and collective efforts to mislead consumers, each and every Defendant acted as an aider, abettor and co-conspirator of each and every other Defendant, or is otherwise obligated by law

3

to be financially responsible for such conduct. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or joint venturer of each and every other Defendant. By engaging in the conduct alleged herein, each and every Defendant was acting within the course and scope of this joint venture, agency and conspiracy, and with the authorization of each of the remaining Defendants to the extent that any affirmative misrepresentations or omissions alleged herein were perpetrated by one or more Defendants by continuing to participate in this conspiracy. As a result thereof, Defendants have engaged in a conspiracy to violate the law as detailed herein, and to mislead and deceive consumers regarding the facts detailed herein, all to defendants' individual and mutual economic benefit.

9.    Whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, authorized dealers, or agents of the responsible Defendant authorized such act while actively engaged in the management, direction or control of the affairs of Defendants, or in the course of such agency or employment, and/or by persons who are the parents or alter egos of Defendants while acting within the scope of their agency, affiliation, or employment. Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

### PLAINTIFF'S CLASS ALLEGATIONS

10.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated as a representative member of the following proposed class: "All persons who purchased one or more Sony Grand Wega televisions, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1, that was warranted and advertised as capable of displaying 1080p resolution when it was not." Plaintiff also brings this action on behalf of a subclass defined as "all persons who purchased such Sony televisions through ABC Warehouse." The Class and Subclass excludes Defendants and their co-conspirators, their subsidiaries, affiliates, officers, and employees, and the Court and its staff.

///

///

4

**NUMEROSITY OF THE CLASS**

11.     The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable.  While the exact number and the identities of Class members are not known at this time, they can be ascertained through appropriate investigation and discovery.

**TYPICALITY OF CLAIMS**

12.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the Class members were injured by the same wrongful conduct and scheme of the Defendants alleged herein.  Defendants advertised that the Model KDS-R50XBR1 Sony Grand Wega television and Sony Grand Wega television, Model KDS-R60XBR1 was always capable of running at 1080p resolution and charged Plaintiff and the Class members a premium for a television with this resolution.  However, these televisions do not fully operate at 1080p resolution as advertised and represented.

**EXISTENCE AND PREDOMINANCE OF**
**COMMON QUESTIONS OF LAW AND FACT**

13.     The common questions of law and fact raised in this litigation substantially predominate over any questions that may affect only individual Class members.  These common questions of law and fact include, but are not limited to:

       (a)     Whether the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 are fully capable of always displaying 1080p resolution;

       (b)     Whether Defendants knew or reasonably should have known the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 were not fully capable of always running at 1080p resolution;

       (c)     Whether the advertisements and statements issued about the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 by Defendants or their joint venturers and agents were and are untrue and/or had a likelihood of deceiving Class members;

       (d)     Whether Defendants' conduct with regard to the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 violated consumer protection statutes;

       (e)     Whether Defendants' uniform course of conduct regarding the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 was unconscionable or constitutes untrue or misleading advertising, fraud or concealment of material facts;

5

(f)   Whether Defendants omitted to disclose material facts regarding the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 necessary in order to make Defendants' other statements not misleading for want of disclosure of such omitted facts;

(g)   Whether Defendants improperly failed to notify all Class members and the general public of the true facts regarding the ability to receive 1080p resolution on the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(h)   Whether the gravity of the harm attributable to such conduct was outweighed by any benefits attributable thereto;

(i)   The amount of revenues and profits Defendants received or saved and/or the amount of monies or other obligations imposed on or lost by Class members was as a result of Defendants' wrongdoing concerning the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(j)   What constitutes the terms of the warranty concerning the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(k)   What constitutes the nature of the breach of the warranty concerning the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(l)   What constitutes the nature of the defect in the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(m)   Whether there is an implied warranty of merchantability pertaining to the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(n)   Whether there exists an agency relationship between the Defendants;

(o)   Whether Sony fulfilled the warranty concerning the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1;

(p)   Whether Class members are threatened with irreparable harm and/or are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

(q)   Whether Plaintiff and members of the Class are entitled to damages, rescission or equitable relief and the appropriate measure of such relief.

## ADEQUATE REPRESENTATION

14.   Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members.

6

1      15.    Plaintiff has retained attorneys experienced in the prosecution of class actions, and who

2 have been previously appointed by courts as adequate class counsel.

3         **SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION**

4      16.    A class action is manageable and superior to other available methods for the fair and

5 efficient group wide adjudication of this controversy for the following reasons:

6     (a)    it is economically impracticable for members of the Class to prosecute individual actions;

7     (b)    Plaintiff is aware of no other litigation concerning this controversy already commenced by or against members of the Class and Defendants have identified no such actions;

8

9     (c)    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for defendants;

10

11     (d)    Because of the nature of some of the relief sought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not

12     parties to such adjudications or would substantially impair or impede the ability of such Class members to protect their interests;

13

14     (e)    it is desirable to concentrate these claims in a single forum because no member of the Class has sustained damages sufficient to warrant litigation of the claims separately; and

15     (f)    there are no difficulties likely to be encountered in the management of this class action.

16      17.    Defendants have acted on grounds generally applicable to the entire Class, thereby

17 making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as

18 a whole.

19      18.    Notice of the pendency of and any resolution of this action can be provided to the Class

20 members by individual mailed notice or the best notice practicable under the circumstances.

21                     **FACTS**

22      19.    On personal knowledge, prior to March 31, 2006, Plaintiff reviewed various

23 advertisements and specifications for televisions, seeking to find a "1080p television". A 1080p

24 television does not mean a "limited" 1080p television, *i.e.* a television capable of only displaying or

25 receiving 1080p signals under limited circumstances. Further, a "1080p television" does not mean a

26 television only capable of accepting lower resolution input signals/data (*i.e.* 780p) through some of its

27 standard equipped input devices/ports, and then displaying that low resolution input at a higher

First Amended Class Action Complaint         Case No. 07-CV-0592-BEN (RBB)

1    resolution (*i.e.* 1080p), as this would be akin to displaying a fuzzy photograph using a high resolution

2    display monitor. Such a device would still produce a fuzzy photograph, albeit the fuzzy photo would be

3    displayed at a higher resolution. Therefore, for the purposes of this lawsuit, a "1080p television" means

4    a television capable of accepting input of 1080p signals/data through all of its standard equipped input

5    devices/ports and displaying that signal/data in 1080p format.

6         20.    Due to changes in technology, televisions now serve multiple purposes and uses, and are

7    designed and intended to play media from various sources, *i.e.* inputs. Plaintiff was looking to purchase

8    a 1080p television so that he would be assured of maximum performance and use based on the fast-

9    changing television technology and was willing to pay a premium for such product. Companies focus

10   their advertising by pointing out that certain televisions have 1080p resolution and charge several

11   hundred dollars more for a comparable 1080p resolution television than they do for 1080i or other lower

12   resolution television due to the purported characteristics of increased technological benefits from a

13   television with 1080p resolution. Plaintiff paid a higher cost for his television that was advertised as

14   running at 1080p than he would have paid for television with the same specification, but without the

15   1080p capability.

16        21.    Prior to March 31, 2006, Plaintiff was told, via advertisements and other uniform

17   representations made by both Defendants, including Defendants' published specifications of the Sony

18   Grand Wega television Model KDS-R50XBR1 and statements on ABC Warehouse's interactive

19   website, that this model television had the characteristic, use, or benefit that it ran at 1080p resolution,

20   *i.e.* it was a 1080p television, not that it was a limited 1080p television or that there was an inherent

21   limitation to the capacity for the television to accept input of 1080p signals/data through all of its

22   standard equipped input devices/ports and displaying that signal/data in 1080p format. *See, e.g.,* <u>Exhibit</u>

23   <u>A</u>, incorporated herein by reference. As this advertisement and specification sheet shows, 1080p

24   resolution is one of the primary characteristics Defendants focus upon in the advertising. For instance,

25   according to Sony's advertisement describing the Model KDS-R50XBR1 television, it states:

26   ///

27   ///

First Amended Class Action Complaint               Case No. 07-CV-0592-BEN (RBB)

***Key Features***
   -- **SXRD™ Technology**
   -- **Wega Engine™ HD System**
   **...**
   -- **HDMI™ (High Definition Multimedia Interface)**
   -- **PC Input (D-Sub 15pin)**

***Key Technologies***
**SXRD™ Panels  SXRD technology is a new display technology developed by legendary television engineers at Sony® to meet and exceed the demands of a High Definition image at its full 1080 line resolution.  Digitally transmitted High Definition signals can contain over 2 million individual detail points that need to be *displayed* accurately and rapidly, SXRD displays those 2 million detail points per SXRD panel accurately since the 3 SXRD panels actually contain enough pixels to fully display a 1080 line picture without interlacing it.**
   **...**

   **Enjoy a stunning display of realistic images, amazing detail and sharpness, reduced noise and enhanced clarity with improved depth and contrast.**

*See* Exhibit A.

22.     The 1080p televisions at issue were accompanied by a one-year parts and labor warranty that promised to repair or replace the televisions if they were determined to be defective. *See* Exhibit A.

23.     On personal knowledge, on or about March 31, 2006, Plaintiff went to ABC Warehouse to purchase a 1080p television.  He was told by ABC Warehouse that the Sony Grand Wega Model KDS-R50XBR1 was a "1080p television."  ABC Warehouse also made this representation on its store's internet site that the Sony Grand Wega Model KDS-R50XBR1 was a "1080p television." *See* Exhibit B, incorporated herein by reference.

24.     In response to and as a result of Defendants' representations and advertisements regarding the resolution of the television, Plaintiff purchased the Sony Grand Wega Model KDS-R50XBR1. *See* Exhibit C, incorporated herein by reference.  Plaintiff would not have purchased the television and/or paid the price that he did if not for the advertisements, warranties, and specification sheet that promised that the television ran at 1080p resolution.

25.     One of the purported characteristics of Defendants' 1080p television is that it can interact with consumers' personal computers.  Sony specifically reinforces this characteristic by claiming its

9

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

1   product contains various computer inputs. As a result, upon receipt of the television, Plaintiff hooked

2   the television up to his computer to utilize the benefits of the television's advertised 1080p resolution.

3   Though the computer was pre-calibrated to display 1080p, when Plaintiff tried to watch the television, it

4   failed to run at 1080p resolution. It is Plaintiff's belief that the television is missing one or more

5   component(s) that would permit Sony's 1080p television to accept input at a 1080p resolution,

6   materially reducing the benefits of this characteristic. It is Plaintiff's belief that if the correct

7   component(s) was installed, this television could accept full 1080p input. Sony has failed to provide the

8   required components for it to do so, making the television defective in materials and workmanship.

9   Thus, the defect at issue is present and exists in the product at the time of delivery.

10        26.     The Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega

11   television, Model KDS-R60XBR1 line of television sets are therefore defective in that, although they

12   are represented as being 1080p televisions, *i.e.* capable of full 1080p resolution, through its

13   advertisements and warranties, they will not run at 1080p resolution in all circumstances. The television

14   is defective in materials and workmanship as their internal components do not allow it to always

15   display 1080p as advertised and warranted.

16        27.     Upon this development Plaintiff telephoned Sony regarding this problem and was told for

17   the first time by Sony that, contrary to Defendants' advertisements, the television in fact did not always

18   run at 1080p resolution. Sony was thus aware of this fact at the time it was selling the Sony Grand

19   Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1, but

20   failed to disclose this material fact even though it was necessary to do so in order to make Defendants'

21   other misrepresentations not misleading.

22        28.     Having been informed of the true facts, Plaintiff attempted to resolve this matter,

23   including filing a Complaint with the Better Business Bureau against ABC Warehouse, Sony's

24   authorized dealer/agent. However, ABC Warehouse failed to offer Plaintiff his actual damages suffered,

25   a full refund, or even a suitable replacement television that would perform as this television was

26   advertised. Instead, all ABC Warehouse offered was a Sony television that did not run at 1080p, and

27   / / /

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

1   with less options than the television already purchased by Plaintiff, with no refund of the differential in

2   price.

3       29.     On February 26, 2007, Plaintiff sent Defendants a Notice of Violation of the Consumers

4   Legal Remedies Act and Demand for Remedy via facsimile and certified mail, with return receipt

5   requested. *See* Exhibit D, incorporated herein by reference. This letter was received by Defendants.

6   The letter stated, in pertinent part: "This notice also serves as a demand to cure any breach of any

7   express contract or warranty created by your uniform advertisements and offers, as well as any breach of

8   implied warranties created by law. The above-requested relief is equally applicable to such claims, to

9   the extent required by law." *Id.*

10      30.     On March 23, 2007, Sony sent Plaintiff correspondence denying any wrongdoing or

11  liability, and refusing to provide Plaintiff and the Class members any form of relief. *See* Exhibit E,

12  incorporated herein by reference. This letter further constitutes Sony's express rejection of Plaintiff's

13  demand that Sony cure the defect at issue for himself and all affected consumers.

14      31.     ABC Warehouse did not respond to Plaintiff's February 25, 2007 Notice of Violation at

15  all.

16      32.     Defendants thus have failed to comply with the representations made in their

17  advertisements and with their statutory obligations despite demand having been made therefor prior to

18  initiation of suit by Plaintiff, on behalf of himself and the Class.

19      33.     Defendants uniformly represented and overcharged Plaintiff and the Class members for

20  televisions having 1080p resolution, when such televisions could not perform as advertised and

21  represented based on inherent limitations in this line of television sets as set forth in this Complaint.

22      34.     As a result of the foregoing, Defendants have systemically engaged in a series of

23  transactions in violation of California and other applicable law.

24      35.     Plaintiff and the Class members suffered injury in fact and have lost money or property

25  as a result of Defendants' false advertisements and statements and their failure to comply with their

26  obligations imposed under all applicable laws, as they paid for television sets that did not contain

27  specifically represented characteristics for full 1080p resolution at all times, and paid a premium for

11

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

1    such television sets even though they do not possess this specific characteristic, and thus did not perform

2    as advertised.  Class members should therefore receive all amounts improperly paid to and/or

3    overcharged by Defendants.

4           36.     Plaintiff and the Class members have not received a return of the improperly paid or

5    retained monies despite demand therefor, and are currently owed such amounts, plus any damages,

6    restitution, interest or other legal or equitable monetary relief required to be paid to them by law.

7           37.     Defendants' failure to abide by their legal obligations is ongoing and continues to this

8    date.

9                        **TOLLING OF APPLICABLE STATUTES OF LIMITATION**

10          38.     Any applicable statutes of limitation have been equitably tolled by Defendants'

11   affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the

12   existence of the practices at issue herein.  Such acts of fraudulent concealment included covering up and

13   refusing to publicly disclose the fact they were not supplying products consistent with their

14   advertisements and offers and/or by claiming a legal and contractual right to do so.  Through such acts

15   of fraudulent concealment, Defendants were able to actively conceal from the Class the truth about and

16   justification for Defendants' practices, thereby tolling the running of any applicable statutes of

17   limitation until public disclosure of the true facts.  Defendants still refuse to this day to take full

18   responsibility for their actions, despite being aware that such conduct has taken place.

19                                            **COUNT I**

20                      **(Violation of CAL. CIV. CODE § 1750, *et seq.*
                        The California Consumers Legal Remedies Act)**
21
                                    **(Against All Defendants)**
22

23          39.     Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every

24   allegation contained in ¶¶1-38hereof and further alleges as follows.

25          40.     The California Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq.*

26   ("CLRA"), has adopted a comprehensive statutory scheme prohibiting various deceptive practices in

27   / / /

                                                  12

First Amended Class Action Complaint              Case No. 07-CV-0592-BEN (RBB)

1  connection with the conduct of a business providing goods, property or services to consumers primarily

2  for personal, family or household purposes.

3      41.    The transactions, policies, acts, and practices engaged in by Defendants and alleged

4  herein were intended to, and did, result in the sale of the products and services here at issue to a number

5  of the members of the Class primarily for personal, family or household purposes, and violated and

6  continued to violate the CLRA, California Civil Code § 1770(a), and other comparable consumer

7  protection laws  in at least the following respects:

8          (5)    Representing that goods or services have . . . characteristics, . . . uses

9                 [or] benefits . . . which they do not have;

10         (7)    Representing that goods . . . are of a particular standard, quality or

11                grade, or that goods are of a particular style or model, if they are of

                  another;

12         (9)    Advertising goods or services with intent not to sell them as

13                advertised;

14         (14)   Representing that a transaction confers or involves rights, remedies, or

15                obligations which it does not have, or which are prohibited by law;

                  and

16         (16)   Representing that the subject of a transaction has been supplied in

17                accordance with a previous representation when it has not.

18

19     42.    As a result, members of the Class have had their legal rights infringed upon and suffered

20  irreparable harm, entitling them to both injunctive relief and restitution.

21     43.    In compliance with the provisions of California Civil Code §1782 prior to the initiation

22  of this action, Plaintiff gave written notice to Defendants of the intention to file an action for damages

23  under California Civil Code § 1750, et seq.  Plaintiff has also requested Defendants offer an appropriate

24  correction and other appropriate relief to all affected consumers.

25     44.    As Defendants have failed and refused, after receipt of the §1782 notice, to adequately

26  respond to Plaintiff's demand to correct or otherwise rectify the wrongful conduct described above on

27  behalf of all Class members, Plaintiff seeks for all Class members all actual and exemplary damages

13

First Amended Class Action Complaint          Case No. 07-CV-0592-BEN (RBB)

1   permitted for violation of the CLRA (and any other comparable statutes the Court finds applicable),

2   including for statutory damages of up to $1,000 per consumer.  In addition, Plaintiff seeks and is entitled

3   to, pursuant to California Civil Code §1780(a)(2), an order enjoining the above-described wrongful acts

4   and practices of Defendants, providing restitution to all members of the Class who are so entitled,

5   ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and

6   proper by the Court under California Civil Code §1780.

7

8                                               **COUNT II**

9                    **Violation of CAL. BUS. & PROF. CODE §17200, *et seq.***
                     **Unlawful, Unfair and Fraudulent Business Acts and Practices**

10                                       **(Against All Defendants)**

11          45.     Plaintiff hereby incorporates each and every allegation contained in ¶¶1-44 as if fully

12   alleged herein and further alleges as follows.

13          46.     Defendants' acts and practices as detailed above constitute acts of unfair competition.

14   Defendants have engaged in an unlawful, unfair, or fraudulent business act and/or practice within the

15   meaning of California Business & Professions Code § 17200.  Such conduct also violates other

16   comparable and applicable state consumer protection laws, which laws do not materially conflict with

17   Business & Professions Code Section 17200.

18          47.     Defendants have engaged in an "unlawful" business act and/or practice by advertising the

19   Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-

20   R60XBR1 as being 1080p televisions, *i.e.* capable of accepting input of 1080p signals/data through all

21   of its standard equipment input devices/ports and displaying that signal/data in 1080p format, and they

22   charged consumers hundreds of dollars more for a television with such a characteristic, even though the

23   television was not fully capable of accepting input of 1080p signals/data through all of its standard

24   equipped input devices/ports and displaying that signal/data in 1080p format.  As detailed herein, these

25   business acts and practices violated numerous provisions of law, including, *inter alia*, California Civil

26   Code §1709, the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, breach of

27   contract and warranty, Business and Professions Code §17500 *et seq.*, and the Magnuson-Moss

---

14

1   ///

2   Warranty Act, all as set forth in detail herein.  Plaintiff reserves the right to identify additional violations

3   of law as further investigation warrants.

4        48.     By engaging in the above-described conduct, Defendants have engaged in an "unfair"

5   business act or practice in that the justification for selling such products or services based on the

6   business acts and practices described above is outweighed by the gravity of the resulting harm,

7   particularly considering the available alternatives, and/or offends public policy, is immoral,

8   unscrupulous, unethical and offensive, or causes substantial injury to consumers and competitors.

9        49.     By engaging in the above-described conduct, Defendants have engaged in a "fraudulent"

10   or "deceptive" business act or practice in that the business acts and practices described above had a

11   tendency and likelihood to deceive purchasers of such goods or services, and those potentially targeted

12   by the deceptive practices here at issue.

13       50.     Defendants need only to have violated one of the three provisions set forth above to be

14   strictly liable under this Cause of Action.

15       51.     The injury to consumers is substantial.  Plaintiff and the Class members paid a premium

16   for the Sony Grand Wega television Model KDS-R50XBR1 and Sony Grand Wega television, Model

17   KDS-R60XBR1 based on Defendants' representations that the televisions were capable of accepting

18   input of 1080p signals/data through all of their standard equipped input devices/ports and displaying that

19   signal/data in 1080p format, when they were not.  A television of the capability as advertised is a

20   significant investment to a consumer, and such a purchase is made at least in part as a result of

21   Defendants' representations.  Therefore, due to Defendants' false advertising of the capabilities of the

22   television, Plaintiff and the Class members paid a significant amount of money for a television that ran

23   at certain capabilities when the television did not perform as advertised.

24       52.     There is no countervailing benefit to consumers or to competition to permit Defendants to

25   advertise the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television,

26   Model KDS-R60XBR1 as always running at 1080p when it cannot.

27

15

53.     The failure of the Sony Grand Wega television, Model KDS-R50XBR1 could not have been reasonably avoided by consumers.

54.     The above-described unlawful, unfair or fraudulent business acts and practices engaged in by Defendants continue to this day and present a threat to the Class in that Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by the statute.

55.     Pursuant to California Business & Professions Code §17203 (and any other comparable statutes the Court finds applicable), Plaintiff, individually and on behalf of the Class, seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and/or ordering Defendants engage in a corrective informational campaign. Plaintiff additionally requests an order from the Court requiring that Defendants provide complete equitable monetary relief, including that they disgorge and return or pay Defendants' ill-gotten gains and such other monies as the trier of fact may deem necessary to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained, and/or pay restitution, including cancellation of the above obligations or the return of any monies paid to Defendants that would not otherwise have been paid had the true facts been disclosed by Defendants or if they had complied with their legal obligations and advertisements, plus any interest earned by Defendants on such sums. Such an order is necessary so as to require Defendants to surrender all money obtained either directly or indirectly through such acts of unfair competition, including all monies earned as a result of such acts and practices, so that Defendants are prevented from benefiting or profiting from the practices that constitute unfair competition or the use or employment by Defendants of any monies resulting from the sale of such goods or services and/or to ensure the return of any monies as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such acts of unfair competition. Plaintiffs also request the Court order that an asset freeze or constructive trust be imposed over all monies that rightfully belong to members of the Class.

///

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

1    ///

2    ///

3                                    **COUNT III**

4                          **(For Breach of Written Warranty Under**
                 **Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.**
5
                              **(Against Sony Electronics, Inc.)**
6

7         56.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1-55as if fully

8    alleged herein and further alleges as follows.

9         57.    Plaintiff and the members of the Class are "consumers" within the meaning of the

10   Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

11        58.    Sony is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss

12   Warranty Act, 15 U.S.C. § 2301(1).

13        59.    The televisions at issue in this lawsuit are "consumer products" within the meaning of the

14   Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

15        60.    Sony's written affirmation of fact, promises, and/or descriptions as alleged herein in both

16   its advertisements and its "limited warranty" are each a "written warranty" within the meaning of the

17   Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).  Sony breached its written warranties as its

18   televisions failed to perform as warranted, *i.e.* they are not capable of running at 1080p in all

19   circumstances.

20        61.    Sony breached its express warranties as the product was defective in materials and

21   workmanship because the television's components do not allow the televisions to run at 1080p as

22   advertised.

23        62.    Sony also breached its promise and warranty contained in its advertisements,

24   specification sheet, and promotional materials that the television was able to run at 1080p under all

25   circumstances.

26

27

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

63.     As the televisions did not always run at 1080p and Sony has refused to repair or replace such televisions to permit them to provide such capability, Sony therefore failed to honor its warranties for the television.

///

64.     Plaintiff and the Class members were damaged in that, among other things, they paid for a television that did not perform as advertised, *i.e.* the televisions were worth hundreds of dollars less than were warranted due to the failure of the television to provide full 1080p capability.

65.     In light of Sony's written refusal to informally resolve this issue as to Plaintiff and the Class members, it is futile and unnecessary to provide Sony with further opportunities to cure its breach of warranties.  Plaintiff has sent Sony notice of this dispute prior to initiation of suit, and Sony has failed and refused to cure its breach.

## COUNT IV

**(For Breach of Written Warranty Under
Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*)**

**(Against ABC Appliance, Inc. d/b/a ABC Warehouse)**

66.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1- 65 as if fully alleged herein and further alleges as follows.  This Count is brought by Plaintiff on behalf of himself and a Subclass of persons that purchased such Sony televisions through ABC Warehouse.

67.     Plaintiff and the members of the class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

68.     ABC Warehouse is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

69.     The televisions at issue in this lawsuit are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

70.     ABC Warehouse's written affirmation of fact, promises, and/or descriptions as alleged herein are each a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15

18

1    U.S.C. § 2301(6). ABC Warehouse breached its written warranties as the subject televisions at issue

2    failed to perform as warranted, *i.e.* they did not fully run at 1080p. ABC Warehouse therefore failed to

3    honor its warranties for the television.

4    ///

5          71.     Plaintiff and the Subclass members were therefore damaged in that, among other things,

6    they purchased a Sony television worth far less than advertised by ABC Warehouse as such televisions

7    did not conform to ABC Warehouse's representations regarding the capability of such televisions to run

8    at a 1080p resolution.

9          72.     Resorting to any informal dispute settlement procedure and/or affording ABC Warehouse

10   a reasonable opportunity to cure its breach of warranties is futile. Plaintiff afforded ABC Warehouse an

11   opportunity to cure in both a letter and a Better Business Bureau proceeding but ABC Warehouse

12   refused and failed to adequately do so.

13                              **COUNT V**

14                **Breach of Implied Warranty of Merchantability**

15                     **(Against Sony Electronics, Inc.)**

16         73.     Plaintiff hereby incorporates each and every allegation contained in ¶¶1-72 as if fully

17   alleged herein and further alleges as follows.

18         74.     The implied warranty of merchantability arises through operation of state law, cannot be

19   disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the Warranty Act pursuant

20   to 15 U.S.C. § 2301(7). Sony, by and through Defendants' warranties, impliedly warranted that the

21   Sony Grand Wega television would conform to the promises, affirmations, undertakings, and

22   descriptions contained in the contracts, labels, advertisements, and warranties, *i.e.* always run at 1080p

23   resolution.

24         75.     Sony provided these warranties directly to consumers and/or through its series of

25   authorized Sony dealer/agents, which included ABC Warehouse.

26         76.     As the televisions at issue did not run at 1080p resolution as promised, it is thereby not fit

27   for the ordinary and essential purpose for which it was intended.

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)

77.    As a direct and proximate result of Sony's failure to comply with the warranties as detailed above, coupled with the unmerchantable condition of the television, Plaintiff and the Class members suffered damages, including:

      a.    purchase and receipt of non-conforming and unmerchantable televisions that are diminished in value by hundreds of dollars;

      b.    failure to receive the full use, benefit, and enjoyment of a television that performs at 1080p resolution in all circumstances;

      c.    inability to utilize the television for one of its intended ordinary purposes;

      d.    loss of full use of the television for one of its intended ordinary purposes; and

      e.    incursion of incidental and consequential damages.

78.    The defects and conformities present in the Sony Grand Wega television, coupled with Sony's failures as described above, constitute a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under state and federal law.

## COUNT VI

### Breach of Implied Warranty of Merchantability

### (Against ABC Appliance, Inc. d/b/a ABC Warehouse)

79.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1-78 as if fully alleged herein and further alleges as follows.  This Count is brought by Plaintiff on behalf of himself and of a Subclass of persons that purchased such Sony televisions through ABC Warehouse.

80.    The implied warranty of merchantability arises through operation of state law, cannot be disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2301(7).  ABC Warehouse, by and through Defendants' warranties, impliedly warranted that the Sony Grand Wega television would conform to the promises, affirmations, undertakings, and descriptions contained in the contracts, labels, advertisements, and warranties, *i.e.* always run at 1080p resolution.

81.    ABC Warehouse provided these warranties directly to consumers.

First Amended Class Action Complaint            Case No. 07-CV-0592-BEN (RBB)

82.   As the televisions did not run at 1080p resolution as promised, they are thereby not fit for the ordinary and essential purpose for which it was intended.

83.   As a direct and proximate result of ABC Warehouse's failure to comply with the warranties as detailed above, coupled with the unmerchantable condition of the television, Plaintiff and the Subclass suffered damages, including:

      a.   purchase and receipt of non-conforming and unmerchantable televisions that are diminished in value by hundreds of dollars;

      b.   failure to receive the full use, benefit, and enjoyment of a television that performs at 1080p resolution in all circumstances;

      c.   inability to utilize the television for one of its intended ordinary purposes;

      d.   loss of full use of the television for one of its intended ordinary purposes; and

      e.   incursion of incidental and consequential damages.

84.   The defects and conformities present in the Sony Grand Wega television, coupled with ABC Warehouse's failures as described above, constitute a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under state and federal law.

**COUNT VII**

**Breach of Contract**

**(Against All Defendants)**

85.   Plaintiff hereby incorporates each and every allegation contained in ¶¶1-84 as if fully alleged herein and further alleges as follows.

86.   Plaintiff and members of the Class and Subclass, on the one hand, and Defendants, on the other, entered into a series of contracts through which Defendants promised to provide a Sony Grand Wega television, Model KDS-R50XBR1 that was always capable of displaying 1080p resolution.

87.   Plaintiff and members of the Class and Subclass accepted Defendants' offers.

88.   Plaintiff and each member of the Class and the Subclass have fully performed all conditions, covenants and promises required to be performed or were excused from any conditions, covenants and promises.

89.   All conditions required for Defendants' performance have occurred.

90.   Defendants failed to live up to their contractual promises contained in their advertisements and the specification sheet that the Sony Grand Wega television always ran at 1080p resolution.

91.   Moreover, Sony failed to live up to its written warranty to repair or replace any defective televisions based on defects in the materials and workmanship of the television.

92.   Accordingly, Defendants have breached their contracts with Plaintiff, the Class and the Subclass.  Demands to cure these breaches have been rejected.

93.   As a result of Defendants' breach, Plaintiff and the Class and Subclass members have been damaged in an amount to be determined at trial.

### COUNT VIII

### Unjust Enrichment

### (Against All Defendants)

94.   Plaintiff hereby incorporates each and every allegation contained in ¶¶1-93 as if fully alleged herein and further alleges as follows.

95.   Plaintiff and each member of the Class and the Subclass have fully performed all conditions, covenants and promises required to be performed or were excused from any conditions, covenants and promises.

96.   A party is unjustly enriched when it retains a benefit to the detriment of another party against fundamental principles of justice, equity, and good conscience.

97.   Defendants represented to Plaintiff and the Class members that the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1, as being 1080p televisions, *i.e.* capable of accepting input of 1080p signals/data through all of its standard

First Amended Class Action Complaint          Case No. 07-CV-0592-BEN (RBB)

1   equipped input devices/ports and displaying that signal/data in 1080p format, in order to increase the
2   sales of this product.

3       98.     Defendants charged Plaintiff and the Class members a greater amount for the 1080p
4   televisions, *i.e.* the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega
5   television, Model KDS-R60XBR1, than they charged consumers for televisions advertised as running at
6   a lower resolution.

7       99.     Defendants' representations were false or misleading in that these televisions did not
8   always run at 1080p resolution.

9       100.    Plaintiff and the Class members cannot discover that the Sony Grand Wega television,
10  Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1 do not always run at
11  1080p resolution until after they purchase it.

12      101.    Defendants have reaped hundreds of thousands of dollars in profits as a result of its false
13  representations regarding the capabilities of the Sony Grand Wega television, Model KDS-R50XBR1
14  and Sony Grand Wega television, Model KDS-R60XBR1, as televisions that run at 1080p resolution sell
15  at a higher price than those that run at a lower resolution.  That Defendants amassed such earnings, and
16  retain such benefit to the detriment of Plaintiff and the Class members, violates fundamental principles
17  of justice, equity, and good conscience.

18      102.    Defendants have been unjustly enriched by their above-described conduct.

19      103.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class
20  members suffered injury and therefore seek an order disgorging the monies that they have unjustly
21  obtained to the detriment of Plaintiff and the Class members.

22                          **COUNT IX**
23                        **Declaratory Relief**
24                      **(Against All Defendants)**

25      104.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1-103 as if fully
26  alleged herein and further alleges as follows.

27

23

105.    There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia*, the need for Defendants to accurately disclose or correct the disclosure of the resolution capabilities of the Sony Grand Wega television, Model KDS-R50XBR1 and Sony Grand Wega television, Model KDS-R60XBR1, and/or the need of Defendants to restore some or all amounts that were not required to be paid by Class members based on these representations as alleged above.

106.    Plaintiff, members of the Class, and the general public may be without adequate remedy at law, rendering declaratory relief appropriate in that:

///

a.    Damages may not adequately compensate the Class members or the general public for the injuries suffered, nor may other claims permit such relief;

b.    The relief sought herein in terms of ceasing such practices, providing a full and complete corrective disclosure and/or declaring there is no obligation of Class members or members of the general public to pay such monies may not be fully accomplished by awarding damages; and

c.    If the conduct complained of is not enjoined, harm will result to Class members and the general public because, among other things, Defendants' wrongful conduct is continuing, claims are unresolved, and persons are entitled to the return of monies paid based on Defendants' representations.

107.    Class members and the general public may suffer irreparable harm if a determination of the parties' rights and obligations is not ordered.

108.    Accordingly, Plaintiff requests the Court issue an order granting the following declaratory relief:

a.    That a judicial determination and declaration be made of the rights of Class members or the general public, and the corresponding responsibilities of Defendants;

b.    That Defendants be ordered to provide notice in clear and conspicuous language to inform consumers of the resolution capabilities of their televisions;

c.    An order declaring Defendants are obligated to pay restitution to all members of the Class as appropriate and/or otherwise pay over all funds wrongfully acquired either directly or indirectly as a result of collecting such monies under false pretenses, by which Defendants were unjustly enriched.

24

First Amended Class Action Complaint        Case No. 07-CV-0592-BEN (RBB)

**PRAYER FOR RELIEF**

1    WHEREFORE, Plaintiff David Date, Jr., individually and on behalf of the Class and Subclass,

prays for judgment and relief against defendants as follows:

1.    Temporary, preliminary and permanent injunctive relief, including, but not limited to, an order of this Court ordering Defendants to immediately cease all acts of unfair competition and enjoining Defendants from continuing to conduct business via the illegal acts or practices as particularized herein, as well as from refusing to engage in a corrective information campaign regarding their policies, and imposing an asset freeze over all illegally obtained monies;

///

2.    Declaratory relief in the form of an order commanding, among other things, that Defendants properly disclose the resolution capabilities of its televisions;

3.    Actual, incidental, consequential, special and exemplary damages;

4.    Reasonable costs of suit and attorneys' fees;

5.    Pre- and post-judgment interest;

6.    An order certifying the Class and appointing plaintiff and his counsel as Class Representative and Class Counsel; and

7.    Such other and further relief as this Court may deem necessary, proper and/or appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action so triable.

DATED: July 2, 2007                ROSNER & MANSFIELD LLP
                                   10085 Carroll Canyon Road, First Floor
                                   San Diego, CA 92131
                                   (858) 348-1005

                                   By: _____S/ Alan M. Mansfield_____
                                       Alan M. Mansfield
                                       John W. Hanson


                                   THE CONSUMER ADVOCACY CENTER, P.C.
                                   Lance A. Raphael
                                   Stacy M. Bardo
                                   Allison A. Krumhorn

First Amended Class Action Complaint          Case No. 07-CV-0592-BEN (RBB)

1

180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

2

3

Attorneys for Plaintiff

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

First Amended Class Action Complaint                    Case No. 07-CV-0592-BEN (RBB)