## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID DATE, JR., Individually and On Behalf of
All Others Similarly Situated,

                Plaintiff,

v.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC WAREHOUSE,

                Defendants.

Case No. 07-cv-15474-PDB-RSW

**Judge:** Hon. Paul D. Borman
**Magistrate:** Hon. Steven Whalen

---

Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington, Suite 180
Chicago, Illinois  60602
(312) 782-5808

Dani K. Liblang
Liblang & Associates
260 East Brown Street, Suite 320
Birmingham, Michigan  48009

Alan Mansfield
John Hanson
Rosner & Mansfield LLP
10085 Carroll Canyon Road, First Floor
San Diego, CA 92131
(858) 348-1005

Attorneys for Plaintiff

Nancy Sher Cohen
Ronald Valenzuela
Heller Ehrman LLP
333 South Hope Street, 39th Floor
Los Angeles, California  90071-3043
(213) 689-0200

Richard Zuckerman
Douglas Salzenstein
Honigman Miller Schwartz and
Cohen LLP
2290 First National Building
Detroit, Michigan  48226
(313) 465-7618

Attorneys for Sony Electronics, Inc.
and ABC Appliance, Inc.

---

## SECOND AMENDED CLASS ACTION COMPLAINT

1.      Plaintiff, David Date, Jr., on behalf of himself and all others similarly situated, all to the best of his knowledge, information, and belief formed after an investigation reasonable under the circumstances, which facts are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, except for information identified herein based on personal knowledge, hereby alleges as follows:

## JURISDICTION AND VENUE

2.      Jurisdiction and venue in this Court are based upon § 1332 of Title 28 of the United States Judicial Code, 28 U.S.C. § 1332, as amended by The Class Action Fairness Act of 2005 ("CAFA"), Pub. Law 109-2 (Feb.18, 2005).  The Class involves more than 100 persons.  28 U.S.C. §1332(d)(5)(A).  The aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00.  28 U.S.C. §1332(d)(2).  Plaintiff is a resident of Michigan, and Defendant Sony Electronics, Inc. resides and has a principal place of business in San Diego, California.  Therefore, minimal diversity of opposing parties is present as required under CAFA. 28 U.S.C. § 1332(d)(2)(A).

3.      In connection with the acts and course of conduct alleged in this Complaint, the Defendants both directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mails and interstate telephone communications, to engage in the conduct at issue herein.

4.      Venue is proper in this District under §§ 1391(a) and 1391(c) of Title 28 of the United States Code because a substantial part of the acts and conduct charged herein, including the promotion, purchase, use, sale, marketing, and/or distribution of the products at issue, occurred in this District, as did the issuance of materially false and misleading representations. Plaintiff and numerous Class members reside in this venue.  By agreeing to disseminate the material misrepresentations of fact as set forth herein and acting as a Sony authorized dealer,

-2-

Defendant ABC Warehouse, Inc. conspired with Defendant Sony Electronics, Inc. in this venue regarding the wrongdoing alleged herein.  Plaintiff and numerous Class members purchased a Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, manufactured by Sony Electronics, Inc. in this venue and were thereby injured and subjected to irreparable harm in this venue.  Sony Electronics, Inc. received substantial compensation and profits from sales of such products in this venue.  Thus, Sony Electronics, Inc.'s liability arose in substantial part in this District. Defendants are also registered to do business and/or in fact do business in this District.

## THE PARTIES

5.      On personal knowledge, Plaintiff David Date, Jr. ("Plaintiff") is a natural person who resides in Michigan.

6.      Defendant Sony Electronics, Inc. (referred to hereinafter as "Sony") is a corporation formed under the laws of Delaware, with a principal place of business located at 16530 Via Esprillo, San Diego, California  92727.  At all relevant times, Sony was engaged in the business of distributing, marketing, and/or selling Sony televisions in Michigan and in all 50 states.

7.      Defendant ABC Appliance, Inc. d/b/a ABC Warehouse ("ABC Warehouse") is a Michigan corporation, with a principal place of business at One West Silverdome Industrial Park, Pontiac, Michigan  48342.  At all relevant times, ABC Warehouse placed items into the stream of interstate commerce and was engaged in the business of distributing, marketing, and/or selling its products, including Sony rear-projection, high-definition television televisions, in some or all of the 50 states through both its store locations and through its interactive website. Defendant ABC Warehouse sells products throughout the country generally and this venue specifically through its stores and interactive website.  Defendant ABC Warehouse holds itself

out as an authorized dealer of Sony products and Sony in fact represents on its website that ABC Warehouse is one of its retailers in the United States that is a Sony authorized dealer. Defendants claim this is a special relationship because only authorized dealers are allowed access to Sony product managers, specialized customer service and other benefits. As a consequence of this relationship, ABC Warehouse acts as an agent for Sony. Moreover, Defendant ABC Warehouse contracts directly with Sony, a California corporation, for the purchase of Sony products for distribution throughout the United States. Defendant ABC Warehouse also provides Sony warranties to purchasers of Sony products.

       8.     At all times mentioned in the causes of action alleged herein, by distributing uniformly false and misleading information about the Sony-brand, rear-projection, high-definition televisions, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as detailed herein, by not publicly disclosing their wrongful conduct and by participating in a scheme to mutually profit economically from each Defendant's individual and collective efforts to mislead consumers, each and every Defendant acted as an aider, abettor and co-conspirator of each and every other Defendant, or is otherwise obligated by law to be financially responsible for such conduct. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or joint venturer of each and every other Defendant. By engaging in the conduct alleged herein, each and every Defendant was acting within the course and scope of this joint venture, agency and conspiracy, and with the authorization of each of the remaining Defendants to the extent that any affirmative misrepresentations or omissions alleged herein were perpetrated by one or more Defendants by continuing to participate in this conspiracy. As a result thereof, Defendants have engaged in a conspiracy to violate the law as detailed herein, and to mislead and deceive consumers regarding the facts detailed herein, all to Defendants' individual and mutual economic benefit.

9.     Whenever this Complaint refers to any act or acts of Defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, authorized dealers, or agents of the responsible Defendant authorized such act while actively engaged in the management, direction or control of the affairs of Defendants, or in the course of such agency or employment, and/or by persons who are the parents or alter egos of Defendants while acting within the scope of their agency, affiliation, or employment.  Whenever this Complaint refers to any act of Defendants, the reference shall be deemed to be the act of each Defendant, jointly and severally.

## PLAINTIFF'S CLASS ALLEGATIONS

10.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated as a representative member of the following proposed class: "All United States end user purchasers of the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, and includes those that received one or more Sony-brand, rear-projection, high-definition television, models  KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as a gift from the original purchaser."

## <u>NUMEROSITY OF THE CLASS</u>

11.     The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable.  While the exact number and the identities of Class members are not known at this time, they can be ascertained through appropriate investigation and discovery.

## <u>TYPICALITY OF CLAIMS</u>

12.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the Class members were injured by the same wrongful conduct and scheme of the Defendants alleged herein.  Defendants advertised that the Sony-brand, rear-projection, high-

definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, were always capable of running at 1080p resolution and charged Plaintiff and the Class members a premium for a television with this resolution.  However, these televisions do not fully operate at 1080p resolution as advertised and represented.

## EXISTENCE AND PREDOMINANCE OF
## COMMON QUESTIONS OF LAW AND FACT

13.    The common questions of law and fact raised in this litigation substantially predominate over any questions that may affect only individual Class members.  These common questions of law and fact include, but are not limited to:

(a)    Whether the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, are fully capable of always displaying 1080p resolution;

(b)    Whether Defendants knew or reasonably should have known the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, were not fully capable of always running at 1080p resolution;

(c)    Whether the advertisements and statements issued about the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, by Defendants or their joint venturers and agents were and are untrue and/or had a likelihood of deceiving Class members;

(d)    Whether Defendants' conduct with regard to the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, violated consumer protection statutes;

(e)    Whether Defendants' uniform course of conduct regarding the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, was unconscionable or constitutes untrue or misleading advertising, fraud or concealment of material facts;

(f)    Whether Defendants omitted to disclose material facts regarding the Sony-brand, rear-projection, high-definition television models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 necessary in order to make Defendants' other statements not misleading for want of disclosure of such omitted facts;

(g) Whether Defendants improperly failed to notify all Class members and the general public of the true facts regarding the ability to receive 1080p resolution on the Sony-brand, rear-projection, high-definition television models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(h) Whether the gravity of the harm attributable to such conduct was outweighed by any benefits attributable thereto;

(i) The amount of revenues and profits Defendants received or saved and/or the amount of monies or other obligations imposed on or lost by Class members was as a result of Defendants' wrongdoing concerning the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(j) What constitutes the terms of the warranty concerning the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(k) What constitutes the nature of the breach of the warranty concerning the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(l) What constitutes the nature of the defect in the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(m) Whether there is an implied warranty of merchantability pertaining to the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(n) Whether there exists an agency relationship between the Defendants;

(o) Whether Sony fulfilled the warranty concerning the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005;

(p) Whether Class members are threatened with irreparable harm and/or are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

(q) Whether Plaintiff and members of the Class are entitled to damages, rescission or equitable relief and the appropriate measure of such relief.

## ADEQUATE REPRESENTATION

14.     Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members.

15.     Plaintiff has retained attorneys experienced in the prosecution of class actions, and who have been previously appointed by courts as adequate class counsel.

### SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION

16.     A class action is manageable and superior to other available methods for the fair and efficient group wide adjudication of this controversy for the following reasons:

(a)     it is economically impracticable for members of the Class to prosecute individual actions;

(b)     The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for defendants;

(c)     Because of the nature of some of the relief sought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or would substantially impair or impede the ability of such Class members to protect their interests;

(d)     it is desirable to concentrate these claims in a single forum because no member of the Class has sustained damages sufficient to warrant litigation of the claims separately; and

(e)     there are no difficulties likely to be encountered in the management of this class action.

17.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

18.     Notice of the pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or the best notice practicable under the circumstances.

## FACTS

19.     On personal knowledge, prior to March 31, 2006, Plaintiff reviewed various advertisements and specifications for televisions, seeking to find a "1080p television." A 1080p television does not mean a "limited" 1080p television, *i.e.* a television capable of only displaying or receiving 1080p signals under limited circumstances. Further, a "1080p television" does not mean a television only capable of accepting lower resolution input signals/data (*i.e.* 780p) through some of its standard equipped input devices/ports, and then displaying that low resolution input at a higher resolution (*i.e.* 1080p), as this would be akin to displaying a fuzzy photograph using a high resolution display monitor. Such a device would still produce a fuzzy photograph, albeit the fuzzy photo would be displayed at a higher resolution. Therefore, for the purposes of this lawsuit, a "1080p television" means a television capable of accepting input of 1080p signals/data through all of its standard equipped input devices/ports and displaying that signal/data in 1080p format.

20.     Due to changes in technology, televisions now serve multiple purposes and uses, and are designed and intended to play media from various sources, *i.e.* inputs. Plaintiff was looking to purchase a 1080p television so that he would be assured of maximum performance and use based on the fast-changing television technology and was willing to pay a premium  for such product. Companies focus their advertising by pointing out that certain televisions have 1080p resolution and charge several hundred dollars more for a comparable 1080p resolution television than they do for 1080i or other lower resolution television due to the purported characteristics of increased technological benefits from a television with 1080p resolution. Plaintiff paid a higher cost for his television that was advertised as running at 1080p than he would have paid for television with the same specification, but without the 1080p capability.

21.     Prior to March 31, 2006, Plaintiff was told, via advertisements and other uniform representations made by both Defendants, including Defendants' published specifications of the Sony-brand, rear-projection, high-definition television, model KDS-R50XBR1, and statements on ABC Warehouse's interactive website, that this model television had the characteristic, use, or benefit that it ran at 1080p resolution, *i.e.* it was a 1080p television, not that it was a limited 1080p television or that there was an inherent limitation to the capacity for the television to accept input of 1080p signals/data through all of its standard equipped input devices/ports and displaying that signal/data in 1080p format. *See, e.g.*, <u>Exhibit A</u>, incorporated herein by reference. As this advertisement and specification sheet shows, 1080p resolution is one of the primary characteristics Defendants focus upon in the advertising. For instance, according to Sony's advertisement describing the Model KDS-R50XBR1 television, it states:

> **Key Features**
> **-- SXRD™ Technology**
> **-- Wega Engine™ HD System**
> **...**
> **-- HDMI™ (High Definition Multimedia Interface)**
> **-- PC Input (D-Sub 15pin)**
> <u>**Key Technologies**</u>
> **SXRD™ Panels  SXRD technology is a new display technology developed by legendary television engineers at Sony® to meet and exceed the demands of a High Definition image at its full 1080 line resolution.  Digitally transmitted High Definition signals can contain over 2 million individual detail points that need to be <u>*displayed*</u> accurately and rapidly, SXRD displays those 2 million detail points per SXRD panel accurately since the 3 SXRD panels actually contain enough pixels to fully display a 1080 line picture without interlacing it.**
> **...**
> **Enjoy a stunning display of realistic images, amazing detail and sharpness, reduced noise and enhanced clarity with improved depth and contrast.**

*See* <u>Exhibit A</u>.

-10-

22.     The 1080p televisions at issue were accompanied by a one-year parts and labor warranty that promised to repair or replace the televisions if they were determined to be defective. *See, e.g.* Exhibit A.

23.     On personal knowledge, on or about March 31, 2006, Plaintiff went to ABC Warehouse to purchase a 1080p television. He was told by ABC Warehouse that the Sony-brand, rear-projection, high-definition television, model KDS-R50XBR1, was a "1080p television." ABC Warehouse also made this representation on its store's internet site that the Sony-brand, rear-projection, high-definition television, model KDS-R50XBR1, was a "1080p television." *See* Exhibit B, incorporated herein by reference.

24.     In response to and as a result of Defendants' representations and advertisements regarding the resolution of the television, Plaintiff purchased the Sony-brand, rear-projection, high-definition television, model KDS-R50XBR1. *See* Exhibit C, incorporated herein by reference. Plaintiff would not have purchased the television and/or paid the price that he did if not for the advertisements, warranties, and specification sheet that promised that the television ran at 1080p resolution.

25.     One of the purported characteristics of Defendants' 1080p television is that it can interact with consumers' personal computers. Sony specifically reinforces this characteristic by claiming its product contains various computer inputs. As a result, upon receipt of the television, Plaintiff hooked the television up to his computer to utilize the benefits of the television's advertised 1080p resolution. Though the computer was pre-calibrated to display 1080p, when Plaintiff tried to watch the television, it failed to run at 1080p resolution. It is Plaintiff's belief that the television is missing one or more component(s) that would permit Sony's 1080p television to accept input at a 1080p resolution, materially reducing the benefits of this characteristic. It is Plaintiff's belief that if the correct component(s) was installed, this television

could accept full 1080p input.  Sony has failed to provide the required components for it to do so, making the television defective in materials and workmanship.  Thus, the defect at issue is present and exists in the product at the time of delivery.

26.      On information and belief, Defendant also made similar representations as to the KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 models that were false, *i.e.* were represented as always running at 1080p when they did not.

27.      The Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, are therefore defective in that, although they are represented as being 1080p televisions, *i.e.* capable of full 1080p resolution, through its advertisements and warranties, they will not run at 1080p resolution in all circumstances.  The television is defective in materials and workmanship as their internal components do not allow it to always display 1080p as advertised and warranted.

28.      Upon this development, Plaintiff telephoned Sony regarding this problem and was told for the first time by Sony that, contrary to Defendants' advertisements, the television in fact did not always run at 1080p resolution.  Sony was thus aware of this fact at the time it was selling the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, but failed to disclose this material fact even though it was necessary to do so in order to make Defendants' other misrepresentations not misleading.

29.      Having been informed of the true facts, Plaintiff attempted to resolve this matter, including filing a Complaint with the Better Business Bureau against ABC Warehouse, Sony's authorized dealer/agent.  However, ABC Warehouse failed to offer Plaintiff his actual damages suffered, a full refund, or even a suitable replacement television that would perform as the television he purchased was advertised.  Instead, all ABC Warehouse offered was a Sony

television that did not run at 1080p, and with less options than the television already purchased by Plaintiff, with no refund of the differential in price.

30.     On February 26, 2007, Plaintiff sent Defendants a Notice of Violation of the Consumers Legal Remedies Act and Demand for Remedy via facsimile and certified mail, with return receipt requested.  *See* <u>Exhibit D</u>, incorporated herein by reference.  This letter was received by Defendants.  The letter stated, in pertinent part: "This notice also serves as a demand to cure any breach of any express contract or warranty created by your uniform advertisements and offers, as well as any breach of implied warranties created by law.  The above-requested relief is equally applicable to such claims, to the extent required by law." *Id.*

31.     On March 23, 2007, Sony sent Plaintiff correspondence denying any wrongdoing or liability, and refusing to provide Plaintiff and the Class members any form of relief.  *See* <u>Exhibit E</u>, incorporated herein by reference.  This letter further constitutes Sony's express rejection of Plaintiff's demand that Sony cure the defect at issue for himself and all affected consumers.

32.     ABC Warehouse did not respond to Plaintiff's February 25, 2007 Notice of Violation at all.

33.     Defendants thus have failed to comply with the representations made in their advertisements and with their statutory obligations despite demand having been made therefor prior to initiation of suit by Plaintiff, on behalf of himself and the Class.

34.     Defendants uniformly represented and overcharged Plaintiff and the Class members for televisions having 1080p resolution, when such televisions could not perform as advertised and represented based on inherent limitations in this line of television sets as set forth in this Complaint.

35.    As a result of the foregoing, Defendants have systemically engaged in a series of transactions in violation of California and other applicable law.

36.    Plaintiff and the Class members suffered injury in fact and have lost money or property as a result of Defendants' false advertisements and statements and their failure to comply with their obligations imposed under all applicable laws, as they paid for television sets that did not contain specifically represented characteristics for full 1080p resolution at all times, and paid a premium for such television sets even though they do not possess this specific characteristic, and thus did not perform as advertised. Class members should therefore receive all amounts improperly paid to and/or overcharged by Defendants.

37.    Plaintiff and the Class members have not received a return of the improperly paid or retained monies despite demand therefor, and are currently owed such amounts, plus any damages, restitution, interest or other legal or equitable monetary relief required to be paid to them by law.

38.    Defendants' failure to abide by their legal obligations is ongoing and continues to this date.

## TOLLING OF APPLICABLE STATUTES OF LIMITATION

39.    Any applicable statutes of limitation have been equitably tolled by Defendants' affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the existence of the practices at issue herein. Such acts of fraudulent concealment included covering up and refusing to publicly disclose the fact they were not supplying products consistent with their advertisements and offers and/or by claiming a legal and contractual right to do so. Through such acts of fraudulent concealment, Defendants were able to actively conceal from the Class the truth about and justification for Defendants' practices, thereby tolling the running of any applicable statutes of limitation until public disclosure of the true facts. Defendants still

refuse to this day to take full responsibility for their actions, despite being aware that such conduct has taken place.

## COUNT I

### (Violation of CAL. CIV. CODE § 1750, *et seq*.
### The California Consumers Legal Remedies Act)

### (Against All Defendants)

40.    Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in ¶¶ 1-39 hereof and further alleges as follows.

41.    The California Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq*. ("CLRA"), has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property or services to consumers primarily for personal, family or household purposes.

42.    The transactions, policies, acts, and practices engaged in by Defendants and alleged herein were intended to, and did, result in the sale of the products and services here at issue to a number of the members of the Class primarily for personal, family or household purposes, and violated and continued to violate the CLRA, California Civil Code § 1770(a), and other comparable consumer protection laws in at least the following respects:

(5)    Representing that goods or services have . . . characteristics, . . . uses [or] benefits . . . which they do not have;

(7)    Representing that goods . . . are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(9)    Advertising goods or services with intent not to sell them as advertised;

      (14)    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have, or which are prohibited by law; and

      (16)    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

43.    As a result, members of the Class have had their legal rights infringed upon and suffered irreparable harm, entitling them to both injunctive relief and restitution.

44.    In compliance with the provisions of California Civil Code §1782 prior to the initiation of this action, Plaintiff gave written notice to Defendants of the intention to file an action for damages under California Civil Code § 1750, *et seq.* Plaintiff has also requested Defendants offer an appropriate correction and other appropriate relief to all affected consumers.

45.    As Defendants have failed and refused, after receipt of the §1782 notice, to adequately respond to Plaintiff's demand to correct or otherwise rectify the wrongful conduct described above on behalf of all Class members, Plaintiff seeks for all Class members all actual and exemplary damages permitted for violation of the CLRA (and any other comparable statutes the Court finds applicable), including for statutory damages of up to $1,000 per consumer. In addition, Plaintiff seeks and is entitled to, pursuant to California Civil Code §1780(a)(2), an order enjoining the above-described wrongful acts and practices of Defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code §1780.

## COUNT II

### Violation of CAL. BUS. & PROF. CODE §17200, *et seq.*
### Unlawful, Unfair and Fraudulent Business Acts and Practices

### (Against All Defendants)

46.    Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-45 as if fully alleged herein and further alleges as follows.

47.    Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair, or fraudulent business act and/or practice within the meaning of California Business & Professions Code § 17200. Such conduct also violates other comparable and applicable state consumer protection laws, which laws do not materially conflict with Business & Professions Code Section 17200.

48.    Defendants have engaged in an "unlawful" business act and/or practice by advertising the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as being 1080p televisions, *i.e.* capable of accepting input of 1080p signals/data through all of its standard equipment input devices/ports and displaying that signal/data in 1080p format, and they charged consumers hundreds of dollars more for a television with such a characteristic, even though these televisions were not fully capable of accepting input of 1080p signals/data through all of their standard equipped input devices/ports and displaying that signal/data in 1080p format. As detailed herein, these business acts and practices violated numerous provisions of law, including, *inter alia*, California Civil Code §1709, the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, breach of contract and warranty, Business and Professions Code §17500 *et seq.*, and the Magnuson-Moss Warranty Act, all as set forth in detail herein. Plaintiff reserves the right to identify additional violations of law as further investigation warrants.

49.     By engaging in the above-described conduct, Defendants have engaged in an "unfair" business act or practice in that the justification for selling such products or services based on the business acts and practices described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers and competitors.

50.     By engaging in the above-described conduct, Defendants have engaged in a "fraudulent" or "deceptive" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive purchasers of such goods or services, and those potentially targeted by the deceptive practices here at issue.

51.     Defendants need only to have violated one of the three provisions set forth above to be strictly liable under this Cause of Action.

52.     The injury to consumers is substantial.  Plaintiff and the Class members paid a premium for the Sony-brand, rear-projection, high-definition television, models  KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, based on Defendants' representations that the televisions were capable of accepting input of 1080p signals/data through all of their standard equipped input devices/ports and displaying that signal/data in 1080p format, when they were not.  A television of the capability as advertised is a significant investment to a consumer, and such a purchase is made at least in part as a result of Defendants' representations. Therefore, due to Defendants' false advertising of the capabilities of the television, Plaintiff and the Class members paid a significant amount of money for a television that ran at certain capabilities when the television did not perform as advertised.

53.     There is no countervailing benefit to consumers or to competition to permit Defendants to advertise the Sony-brand, rear-projection, high-definition television, models KDS-

R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as always running at 1080p when it cannot.

54.    The failure of Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, could not have been reasonably avoided by consumers.

55.    The above-described unlawful, unfair or fraudulent business acts and practices engaged in by Defendants continue to this day and present a threat to the Class in that Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by the statute.

56.    Pursuant to California Business & Professions Code §17203 (and any other comparable statutes the Court finds applicable), Plaintiff, individually and on behalf of the Class, seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and/or ordering Defendants engage in a corrective informational campaign.  Plaintiff additionally requests an order from the Court requiring that Defendants provide complete equitable monetary relief, including that they disgorge and return or pay Defendants' ill-gotten gains and such other monies as the trier of fact may deem necessary to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained, and/or pay restitution, including cancellation of the above obligations or the return of any monies paid to Defendants that would not otherwise have been paid had the true facts been disclosed by Defendants or if they had complied with their legal obligations and advertisements, plus any interest earned by Defendants on such sums.  Such an order is necessary so as to require Defendants to surrender all money obtained either directly or indirectly through such acts of unfair competition, including all monies earned as a result of such acts and practices, so that

-19-

Defendants are prevented from benefiting or profiting from the practices that constitute unfair competition or the use or employment by Defendants of any monies resulting from the sale of such goods or services and/or to ensure the return of any monies as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such acts of unfair competition. Plaintiffs also request the Court order that an asset freeze or constructive trust be imposed over all monies that rightfully belong to members of the Class.

## COUNT III

### (For Breach of Written Warranty Under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

### (Against Sony Electronics, Inc.)

57.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-56 as if fully alleged herein and further alleges as follows.

58.     Plaintiff and the members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

59.     Sony is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

60.     The televisions at issue in this lawsuit are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

61.     Sony's written affirmation of fact, promises, and/or descriptions as alleged herein in both its advertisements and its "limited warranty" are each a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). Sony breached its written warranties as its televisions failed to perform as warranted, *i.e.* they are not capable of running at 1080p in all circumstances.

62.    Sony breached its express warranties as the product was defective in materials and workmanship because the television's components do not allow the televisions to run at 1080p as advertised.

63.    Sony also breached its promise and warranty contained in its advertisements, specification sheet, and promotional materials that the television was able to run at 1080p under all circumstances.

64.    As the televisions did not always run at 1080p and Sony has refused to repair or replace such televisions to permit them to provide such capability, Sony therefore failed to honor its warranties for the television.

65.    Plaintiff and the Class members were damaged in that, among other things, they paid for a television that did not perform as advertised, *i.e.* the televisions were worth hundreds of dollars less than were warranted due to the failure of the television to provide full 1080p capability.

66.    In light of Sony's written refusal to informally resolve this issue as to Plaintiff and the Class members, it is futile and unnecessary to provide Sony with further opportunities to cure its breach of warranties.  Plaintiff has sent Sony notice of this dispute prior to initiation of suit, and Sony has failed and refused to cure its breach.

## COUNT IV

**(For Breach of Written Warranty Under
Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

**(Against ABC Appliance, Inc. d/b/a ABC Warehouse)**

67.    Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1- 66 as if fully alleged herein and further alleges as follows.  This Count is brought by Plaintiff on behalf

of himself and a Subclass of persons that purchased such Sony televisions through ABC Warehouse.

68.     Plaintiff and the members of the class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

69.     ABC Warehouse is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

70.     The televisions at issue in this lawsuit are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

71.     ABC Warehouse's written affirmation of fact, promises, and/or descriptions as alleged herein are each a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).  ABC Warehouse breached its written warranties as the subject televisions at issue failed to perform as warranted, *i.e.* they did not fully run at 1080p. ABC Warehouse therefore failed to honor its warranties for the television.

72.     Plaintiff and the Subclass members were therefore damaged in that, among other things, they purchased a Sony television worth far less than advertised by ABC Warehouse as such televisions did not conform to ABC Warehouse's representations regarding the capability of such televisions to run at a 1080p resolution.

73.     Resorting to any informal dispute settlement procedure and/or affording ABC Warehouse a reasonable opportunity to cure its breach of warranties is futile. Plaintiff afforded ABC Warehouse an opportunity to cure in both a letter and a Better Business Bureau proceeding but ABC Warehouse refused and failed to adequately do so.

## COUNT V

## Breach of Implied Warranty of Merchantability

### (Against Sony Electronics, Inc.)

74.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-73 as if fully alleged herein and further alleges as follows.

75.     The implied warranty of merchantability arises through operation of state law, cannot be disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the Warranty Act pursuant to 15 U.S.C. § 2301(7).  Sony, by and through Defendants' warranties, impliedly warranted that the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, would conform to the promises, affirmations, undertakings, and descriptions contained in the contracts, labels, advertisements, and warranties, *i.e.* always run at 1080p resolution.

76.     Sony provided these warranties directly to consumers and/or through its series of authorized Sony dealer/agents, which included ABC Warehouse.

77.     As the televisions at issue did not run at 1080p resolution as promised, they are thereby not fit for the ordinary and essential purpose for which they were intended.

78.     As a direct and proximate result of Sony's failure to comply with the warranties as detailed above, coupled with the unmerchantable condition of the television, Plaintiff and the Class members suffered damages, including:

        a.     purchase and receipt of non-conforming and unmerchantable televisions that are diminished in value by hundreds of dollars;

        b.     failure to receive the full use, benefit, and enjoyment of a television that performs at 1080p resolution in all circumstances;

        c.     inability to utilize the television for one of its intended ordinary purposes;

       d.       loss of full use of the television for one of its intended ordinary purposes; and

       e.       incursion of incidental and consequential damages.

79.     The defects and conformities present in the Sony rear-projection, high-definition television, coupled with Sony's failures as described above, constitute a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under state and federal law.

**COUNT VI**

**Breach of Implied Warranty of Merchantability**

**(Against ABC Appliance, Inc. d/b/a ABC Warehouse)**

80.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-79 as if fully alleged herein and further alleges as follows.  This Count is brought by Plaintiff on behalf of himself and of a Subclass of persons that purchased such Sony televisions through ABC Warehouse.

81.     The implied warranty of merchantability arises through operation of state law, cannot be disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. § 2301(7).  ABC Warehouse, by and through Defendants' warranties, impliedly warranted that the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, would conform to the promises, affirmations, undertakings, and descriptions contained in the contracts, labels, advertisements, and warranties, *i.e.* always run at 1080p resolution.

82.     ABC Warehouse provided these warranties directly to consumers.

83.     As the televisions did not run at 1080p resolution as promised, they are thereby not fit for the ordinary and essential purpose for which it was intended.

84.    As a direct and proximate result of ABC Warehouse's failure to comply with the warranties as detailed above, coupled with the unmerchantable condition of the television, Plaintiff and the Subclass suffered damages, including:

      a.      purchase and receipt of non-conforming and unmerchantable televisions that are diminished in value by hundreds of dollars;

      b.      failure to receive the full use, benefit, and enjoyment of a television that performs at 1080p resolution in all circumstances;

      c.      inability to utilize the television for one of its intended ordinary purposes;

      d.      loss of full use of the television for one of its intended ordinary purposes; and

      e.      incursion of incidental and consequential damages.

85.    The defects and conformities present in the Sony rear-projection, high-definition television, coupled with ABC Warehouse's failures as described above, constitute a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under state and federal law.

## COUNT VII

### Breach of Contract

### (Against All Defendants)

86.    Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-85 as if fully alleged herein and further alleges as follows.

87.    Plaintiff and members of the Class and Subclass, on the one hand, and Defendants, on the other, entered into a series of contracts through which Defendants promised to provide a Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1,

KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, that was always capable of displaying 1080p resolution.

88.　　Plaintiff and members of the Class and Subclass accepted Defendants' offers.

89.　　Plaintiff and each member of the Class and the Subclass have fully performed all conditions, covenants and promises required to be performed or were excused from any conditions, covenants and promises.

90.　　All conditions required for Defendants' performance have occurred.

91.　　Defendants failed to live up to their contractual promises contained in their advertisements and the specification sheet that the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, always ran at 1080p resolution.

92.　　Moreover, Sony failed to live up to its written warranty to repair or replace any defective televisions based on defects in the materials and workmanship of the television.

93.　　Accordingly, Defendants have breached their contracts with Plaintiff, the Class and the Subclass.  Demands to cure these breaches have been rejected.

94.　　As a result of Defendants' breach, Plaintiff and the Class and Subclass members have been damaged in an amount to be determined at trial.

## COUNT VIII

### Unjust Enrichment

### (Against All Defendants)

95.　　Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-94 as if fully alleged herein and further alleges as follows.

96.     Plaintiff and each member of the Class and the Subclass have fully performed all conditions, covenants and promises required to be performed or were excused from any conditions, covenants and promises.

97.     A party is unjustly enriched when it retains a benefit to the detriment of another party against fundamental principles of justice, equity, and good conscience.

98.     Defendants represented to Plaintiff and the Class members that the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as being 1080p televisions, *i.e.* capable of accepting input of 1080p signals/data through all of its standard equipped input devices/ports and displaying that signal/data in 1080p format, in order to increase the sales of this product.

99.     Defendants charged Plaintiff and the Class members a greater amount for the 1080p televisions, *i.e.* Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, than they charged consumers for televisions advertised as running at a lower resolution.

100.    Defendants' representations were false or misleading in that these televisions did not always run at 1080p resolution.

101.    Plaintiff and the Class members cannot discover that the Sony-brand, rear-projection, high-definition television models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 do not always run at 1080p resolution until after they purchase it.

102.    Defendants have reaped hundreds of thousands of dollars in profits as a result of its false representations regarding the capabilities of the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, as televisions that run at 1080p resolution sell at a higher price than those that run at a lower resolution.  That Defendants amassed such earnings, and retain such benefit to the

detriment of Plaintiff and the Class members, violates fundamental principles of justice, equity, and good conscience.

103.     Defendants have been unjustly enriched by their above-described conduct.

104.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class members suffered injury and therefore seek an order disgorging the monies that they have unjustly obtained to the detriment of Plaintiff and the Class members.

## COUNT IX

### Declaratory Relief

### (Against All Defendants)

105.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-104 as if fully alleged herein and further alleges as follows.

106.     There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia*, the need for Defendants to accurately disclose or correct the disclosure of the resolution capabilities of the Sony-brand, rear-projection, high-definition television, models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005, and/or the need of Defendants to restore some or all amounts that were not required to be paid by Class members based on these representations as alleged above.

107.     Plaintiff, members of the Class, and the general public may be without adequate remedy at law, rendering declaratory relief appropriate in that:

        a.     Damages may not adequately compensate the Class members or the general public for the injuries suffered, nor may other claims permit such relief;

        b.     The relief sought herein in terms of ceasing such practices, providing a full and complete corrective disclosure and/or declaring there is no obligation of Class members or members of the general public to pay such monies may not be fully accomplished by awarding damages; and

    c.     If the conduct complained of is not enjoined, harm will result to Class members and the general public because, among other things, Defendants' wrongful conduct is continuing, claims are unresolved, and persons are entitled to the return of monies paid based on Defendants' representations.

108.     Class members and the general public may suffer irreparable harm if a determination of the parties' rights and obligations is not ordered.

109.     Accordingly, Plaintiff requests the Court issue an order granting the following declaratory relief:

    a.     That a judicial determination and declaration be made of the rights of Class members or the general public, and the corresponding responsibilities of Defendants;

    b.     That Defendants be ordered to provide notice in clear and conspicuous language to inform consumers of the resolution capabilities of their televisions;

    c.     An order declaring Defendants are obligated to pay restitution to all members of the Class as appropriate and/or otherwise pay over all funds wrongfully acquired either directly or indirectly as a result of collecting such monies under false pretenses, by which Defendants were unjustly enriched.

## COUNT X

### Violation of Michigan Consumer Protection Act, MCLA 445.901, *et seq.*

### (Against All Defendants)

110.     Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1-109 as if fully alleged herein and further alleges as follows.

111.     Plaintiff is a "person" as defined in the Michigan Consumer Protection Act, MCLA 445.902(d).

112.     The transactions complained of herein constitute "trade or commerce" as defined in the Michigan Consumer Protection Act, MCLA 445.902(g).

113.    In the course of the transaction that is the subject of the lawsuit and as set forth

throughout this Complaint, Defendants committed the following unfair and deceptive acts,

methods, or practices under MCLA 445.903, including but not limited to:

          a.    Representing that the televisions at issue had characteristics, uses, and benefits, *i.e.* always ran at 1080p resolution, that they did not, in violation of MCLA 445.903(1)(c);

          b.    Representing that the televisions at issue were of a certain quality, *i.e.* always ran at 1080p resolution when they did not, in violation of MCLA 445.903(1)(e);

          c.    Advertising and representing the Sony-brand, rear-projection, high-definition television models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 as always running at 1080p resolution with the intent not to sell those televisions with such capabilities, in violation of MCLA 445.903(1)(g);

          d.    Failing to reveal that the Sony-brand, rear-projection, high-definition television models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 did not always run at 1080p resolution as advertised, in violation of MCLA 445.903(1)(s); and

          e.    Failing to provide promised benefits, including but not limited to, providing Plaintiff and the class members with televisions that always ran at 1080p resolution, in violation of MCLA 445.903(y)

114.    The above-described conduct violated the Michigan Consumer Protection Act,

specifically but not limited to MCLA 445.903 and sub-paragraphs thereunder.

115.    Upon information and belief, the aforesaid violations were not due to a bonafide

error in as much as Defendants failed to have the appropriate procedures in place designed to

prevent said violations and, further, engaged in the same unfair and deceptive acts or practices in

connection with the sale of Sony-brand, rear-projection, high-definition television models KDS-

R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 to other consumers.

116.   As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and the class members have sustained a loss within the meaning of the MCLA, including but not limited to, being deprived of the benefit of their bargain, receiving televisions that were worth far less than paid for, being unable to utilize the television for one of its intended ordinary uses, and Plaintiff and the class members sustained other incidental and consequential damages, including but not limited to, costs and attorney fees.

117.   In addition to the damages set forth above, Plaintiff and the class members are entitled to damages and attorneys fees as provided in the Michigan Consumer Protection Act, specifically MCLA 445.911.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Date, Jr., individually and on behalf of the Class and Subclass, prays for judgment and relief against defendants as follows:

(A)   Temporary, preliminary and permanent injunctive relief, including, but not limited to, an order of this Court ordering Defendants to immediately cease all acts of unfair competition and enjoining Defendants from continuing to conduct business via the illegal acts or practices as particularized herein, as well as from refusing to engage in a corrective information campaign regarding their policies, and imposing an asset freeze over all illegally obtained monies;

(B)   Declaratory relief in the form of an order commanding, among other things, that Defendants properly disclose the resolution capabilities of its televisions;

(C)   Actual, incidental, consequential, special, statutory, and exemplary damages;

(D)   Reasonable costs of suit and attorneys' fees;

(E)   Pre- and post-judgment interest;

(F)   An order certifying the Class and appointing plaintiff and his counsel

as Class Representative and Class Counsel; and

      (G)    Such other and further relief as this Court may deem necessary, proper and/or appropriate.

**JURY DEMAND**

      Plaintiff demands a trial by jury on all causes of action so triable.

DATED:  March 12, 2008          LIBLANG & ASSOCIATES
                        260 East Brown Street, Suite 320
                        Birmingham, Michigan  48009
                        (248) 540-9270

                        By:  /s/  Dani K. Liblang
                              Dani K. Liblang

                            THE CONSUMER ADVOCACY CENTER, P.C.
                            Lance A. Raphael
                            Stacy M. Bardo
                            Allison A. Krumhorn
                            180 West Washington, Suite 700
                            Chicago, Illinois  60602
                            (312) 782-5808

                            ROSNER & MANSFIELD LLP
                            Alan Mansfield
                            John Hanson
                            10085 Carroll Canyon Road, First Floor
                            San Diego, CA 92131
                            (858) 348-1005

                            Attorneys for Plaintiff