UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

                  Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

                  Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Proof of*
*Service*

MILLER, CANFIELD, PADDOCK & STONE, PLC
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

---

**SONY ELECTRONICS, INC.'S MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT**

Defendant Sony Electronics, Inc. ("Sony") hereby moves this Court for an order dismissing all of the claims in Plaintiffs' Third Amended Complaint, with prejudice.

1.      Plaintiffs' claims should be dismissed because, as other courts have held, the use of the phrase "1080p" in connection with televisions with a progressive display capability of 1920 x 1080 cannot support a cause of action based on claims of defect, breach of warranty or misrepresentation.

2.      Plaintiffs' claims under California law should be dismissed, because (a) neither plaintiff has alleged sufficient facts to warrant application of California law to his claims, (b) Handler has failed to allege sufficient facts to demonstrate compliance with the notice provision of the California Consumers Legal Remedies Act, and (c) Plaintiffs have failed to allege actionable fraud.

3.      Plaintiffs' "UCC 2-313" claims should be dismissed because neither plaintiff sufficiently alleges the elements of the claim.

4.      Plaintiffs' Magnuson-Moss claims should be dismissed because neither plaintiff has sufficiently pled a breach of express warranty.

5.      Plaintiffs' implied warranty claims should be dismissed because neither plaintiff has sufficiently alleged the elements of the claim under either Michigan or New York law.

6.      Handler's implied warranty and Magnuson-Moss claims should be dismissed because they are barred by the doctrine of res judicata.

7.      Plaintiffs unjust enrichment claims should be dismissed because (a) "buyer's remorse" does not support an action for unjust enrichment, and (b) neither Michigan nor New York provides an action for unjust enrichment where an express contract governs the subject matter of the dispute.

8. Plaintiffs' delcaratory relief claims should be dismissed because they have not alleged sufficient facts to support such relief.

9. Date's claim under the Michigan Consumer Protection Act should be dismissed because, among other things, (a) the claim is not alleged with sufficient particularity, (b) Date has failed to allege that he reasonably relied on any representation by Sony, and (c) Date has failed to allege a "material" misrepresentation.

10. Handler's claim under New York General Business Law §349 should be dismissed because it is not alleged with particularity and Handler has failed to allege materiality, reliance or actual injury.

Based on the foregoing, Sony respectfully requests that the Third Amended Complaint be dismissed, in its entirety, without leave to amend. In support of this motion, Sony relies upon its Memorandum of Points and Authorities in Support of the Motion to Dismiss the Third Amended Complaint, filed simultaneously herewith.

Prior to the filing of this motion, the movant, pursuant to Local Rule 7.1, informed counsel for plaintiffs that defendant intended to move to dismiss the Third Amended Complaint. Counsel for plaintiffs did not concur in the relief sought in this motion.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

 s/ Clarence L. Pozza Jr.
Clarence L. Pozza Jr. (P24168)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

              Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

              Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

*Attorneys for Plaintiffs*
*(additional counsel on service page)*

MILLER, CANFIELD, PADDOCK & STONE, PLC
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

---

**SONY ELECTRONICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES................................................................................ ii

STATEMENT OF ISSUES PRESENTED..................................................... vii

CONTROLLING AND MOST APPROPRIATE AUTHORITIES ........................ viii

INTRODUCTION ........................................................................................ 1

THE THIRD AMENDED COMPLAINT ......................................................... 2

ARGUMENT ............................................................................................... 3

I.      Other Courts Have Repeatedly Rejected Plaintiffs' Claims ................................ 3

II.     Plaintiffs' California Law Claims Should Be Dismissed ................................ 4

        A.      Date has failed to allege facts sufficient to warrant application of
                California law to his claims ................................ 6

        B.      Handler has failed to allege facts sufficient to warrant application of
                California law to his claims. ................................ 6

        C.      Handler has failed to allege compliance with the notice provision of the
                California Consumers Legal Remedies Act................................ 7

        D.      Plaintiffs have failed to allege actionable fraud................................ 7

III.    Plaintiffs' "UCC 2-313" Claims Should Be Dismissed................................ 7

        A.      Date's express warranty claim fails as a matter of law................................ 7

        B.      Handler has failed to state a cognizable express warranty claim.......................... 9

IV.     Plaintiffs' Magnuson-Moss Claims Should Be Dismissed................................ 11

V.      Plaintiffs' Implied Warranty Claims Should Be Dismissed ................................ 11

VI.     Handler's Implied Warranty And Magnuson-Moss Claims Are Barred By The
        Doctrine Of Res Judicata ................................ 13

VII.    Plaintiffs' Unjust Enrichment Claims Should Be Dismissed ................................ 14

VIII.   Plaintiffs' Declaratory Relief Claim Should Be Dismissed................................ 15

IX.     Date's Michigan Consumer Protection Act Claim Should Be Dismissed...................... 16

X.      Handler's New York General Business Law § 349 Claim Should Be Dismissed.......... 19

CONCLUSION ................................................................ 20

# INDEX OF AUTHORITIES

**Page(s)**

CASES

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)...........................5

*Anderson v. Bungee Int'l Manuf. Corp.*,
  44 F. Supp. 2d 534 (S.D.N.Y. 1999).................................................9

*Brandt v. Starwood Hotels and Resorts Worldwide, Inc.*
  02-10285-BC, 2004 WL 2958661 (E.D. Mich., Dec. 14, 2004)................6

*Catalano v. Heraeus Kulzer, Inc.*,
  759 N.Y.S.2d 159 (N.Y. App. 2003) ..............................................12

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
  521 N.Y.S.2d 653 (N.Y. App. 1987) ..............................................15

*Cooper v. Samsung Electronics America, Inc.*
  No. 08-4736, 2010 WL 1220946, at *2 (3d Cir. 2010) .........................4

*Davis v. LaFontaine*,
  271 Mich. App. 68 (2006)..........................................................12

*Donahue v. Ferolito, Vultaggio & Sons*,
  786 N.Y.S.2d 153 (N.Y. App. 2004) ........................................10, 12

*Ducharme v. A&S RV Center*,
  Inc., 321 F. Supp. 2d 843 (E.D. Mich. 2004)...................................12

*Eaton Corp. v. Minerals Technologies, Inc.*,
  No. 96CV162, 1999 WL 33485557 (W.D. Mich. 1999) ......................13

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1932).....................................................................5

*Evans v. Pearson Enterprises, Inc.*,
  434 F.3d 839 (6th Cir. 2006) .....................................................18

*Foreman v. Foreman*,
  266 Mich. App. 132, 701 N.W.2d 167 (Mich. App. 2005)....................16

*Foster v. Federal Express Corp.*,
  No. 04-10325-BC, 2005 WL 3369484 (E.D. Mich. 2005) ......................6

*Fox v. Sherwin-Williams Co.*,
   2010 WL 46905 (Mich. App. 2010) ...................................................... 18

*Friedman v. Medtronic, Inc.*,
   345 N.Y.S.2d 637 (N.Y. App. 1973) ......................................................11

*Game On Ventures, Inc. v. General RV Center, Inc.*
   587 F. Supp. 2d 831 (E.D. Mich. 2008)..................................................16

*Gardner v. Simon*,
   445 F. Supp. 2d 786 (W.D. Mich. 2006) ..............................................6, 7

*Hall v. General Motors Corp.*,
   229 Mich. App. 580 (Mich. App. 1998) ...................................................6

*Harnden v. Ford Motor Co.*,
   408 F. Supp. 2d 300 (E.D. Mich. 2005)...................................... 11, 12, 19

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*,
   284 Mich. App. 617 (Mich. App. 2009) ......................................... 8, 9, 12

*In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*,
   20 F. Supp. 2d 1110 (E.D. Mich. 1998)................................................5, 6

*In re Jackson Nat. Life Ins. Co. Premium Litig.*,
   183 F.R.D. 217 (W.D. Mich. 1998) ...........................................................5

*In re McCallum Estate*,
   153 Mich. App. 328 (Mich. App. 1986) .................................................15

*Jackson v. Tel. Chrysler Jeep, Inc.*,
   No. 07-10489, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009)............16, 18

*Johnson v. Mitsubishi Digital Electronics America, Inc.*,
   2010 WL 547777 (9th Cir. Feb. 17, 2010) ...............................................4

*Johnson v. Mitsubishi Digital Electronics America, Inc.*,
   578 F. Supp. 2d 1229 (C.D. Cal. 2008) ......................................3, 4, 9, 16

*Kates Millinery, Ltd. v. Benay-Albee Corp.*,
   114 Misc.2d 230 (N.Y. Civ. Ct. 1982) .....................................................9

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941).................................................................................5

*Koorndyk v. Midway Motor Sales*,
   2006 WL 2528207 (W.D. Mich. Aug. 31, 2006).......................................5

*Kussy v. Home Depot U.S.A., Inc.*,
 No. 06-12899, 2006 WL 3447146 (E.D. Mich. 2006)...........................................................17

*Latimer v. William Mueller & Son, Inc.*,
 149 Mich. App. 620 (1986).................................................................................................9

*Liggett Restaurant Group, Inc. v. City of Pontiac*,
 260 Mich. App. 127 (Mich. App. 2003) ............................................................................15

*Morgan v. AT&T Wireless Services, Inc.*
 177 Cal. App. 4th 1235 (2009) ............................................................................................7

*Morris Pumps v. Centerline Piping, Inc.*,
 273 Mich. App. 187 (Mich. App. 2006) ............................................................................14

*Mt. Holly Ski Area v. U.S. Electrical Motors*,
 666 F. Supp. 2d 115 (E.D. Mich. 1987)............................................................................12

*Murrin v. Ford Motor Co.*,
 756 N.Y.S.2d 596 (N.Y. App. 2003) ............................................................................10, 11

*Nigro v. Lee*,
 882 N.Y.S.2d 346 (N.Y. App. 2009) ..................................................................................10

*Olmstead v. Anderson*,
 428 Mich. 1, 400 N.W.2d 292 (1987).................................................................................5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
 85 N.Y.2d 20 (NY 1995) ........................................................................................2, 19, 20

*Pandey v. Sharma*
 No. 1:07-cv-644, 2008 WL 3008232, *5 (S.D. Ohio Aug 1, 2008) ...................................16

*Parsley v. Monaco Coach Corp.*,
 327 F. Supp. 2d 797 (W.D. Mich. 2004) ...........................................................................12

*Pitts v. Monaco Coach Corp.*,
 330 F. Supp. 2d 918 (W.D. Mich. 2004) ...........................................................................12

*Sayeedi v. Walser*,
 835 N.Y.S.2d 840 (Civ.Ct. NY 2007) ................................................................................10

*Schneidman v. Whitaker Co.*,
 304 A.D.2d 642 (N.Y. App. 2003) .......................................................................................9

*Stutman v. Chemical Bank*,
 95 N.Y.2d 24 (NY 2000) .....................................................................................................20

*Sutherland v. Kennington Truck Service, Ltd.*,
  454 Mich. 274, 562 N.W.2d 466 (2007) ............................................................5, 6

*Temple v. Fleetwood Enterprises, Inc.*,
  133 Fed. Appx. 254 (6th Cir. 2005) ................................................................11

*Treadway v. Damon Corp.,*
  No. 03-CV-73650-DT, 2004 WL 3372010 (E.D. Mich. 2004) .............................13

*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*,
  532 F.3d 496 (6th Cir. 2008) ................................................................17, 20

*Ultimar Energy Ltd. v. Chase Manhattan Bank, N.A.*,
  579 N.Y.S.2d 353 (N.Y. App. 1992) ....................................................14

*Valley Cadillac Corp. v. Dick*,
  238 A.D.2d 894 (N.Y. App. 1997) ........................................................10

*Walsh v. Ford Motor Co.*,
  807 F.2d 1000 (D.C. Cir. 1986) ............................................................11

*Webb v. First of Michigan Corp.*,
  195 Mich. App. 470 (Mich. App. 1992) ................................................18

*Westwood Chemical, Co., Inc. v. Kulick*,
  656 F.2d 1224 (6th Cir. 1981) ..............................................................14

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ............................................................................16

*Wojcik v. Empire Forklift, Inc.*,
  14 A.D.3d 63 (N.Y. App. 2004) ............................................................13

*Yadlosky v. Grant Thornton LLP*,
  197 F.R.D. 292 (E.D. Mich. 2000) ........................................................5

**STATUTES**

MCL § 440.2313 ....................................................................................7, 9

MCL § 440.2316 ....................................................................................12

New York UCC § 2-316 ..........................................................................12

Cal. Bus. & Prof. Code § 17200 ..............................................................16

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ..........................11

Michigan Consumer Protection Act, MCL 445.901 ..................................16

New York General Business Law § 349...........................................................................6, 19, 20

## STATEMENT OF ISSUES PRESENTED

1.  Should plaintiffs' claims under California law be dismissed when plaintiffs have failed to allege facts sufficient to support the application of California law to their claims?

    **DEFENDANT'S ANSWER:  YES**

2.  Should plaintiffs' express warranty and Magnuson-Moss Warranty Act claims be dismissed when plaintiffs have failed to allege privity or the creation of an express warranty?

    **DEFENDANT'S ANSWER:  YES**

3.  Should plaintiffs' implied warranty claims be dismissed when plaintiffs have failed to allege privity or the essential terms of an implied warranty claim?

    **DEFENDANT'S ANSWER:  YES**

4.  Should plaintiffs' unjust enrichment claim be dismissed when plaintiffs have failed to show an entitlement to quasi-contractual relief?

    **DEFENDANT'S ANSWER:  YES**

5.  Should plaintiffs' declaratory relief claim be dismissed when plaintiffs have failed to show that there is a public interest in the outcome of their claims?

    **DEFENDANT'S ANSWER:  YES**

6.  Should plaintiff Date's claim under the Michigan Consumer Protection Act be dismissed when Date has failed to allege the essential elements of that claim?

    **DEFENDANT'S ANSWER:  YES**

7.  Should plaintiff Handler's claim under New York General Business Law § 349 be dismissed when Handler has failed to allege the essential elements of that claim?

    **DEFENDANT'S ANSWER:  YES**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

*Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229 (C.D. Cal. 2008)

*Johnson v. Mitsubishi Digital Electronics America, Inc.*, 2010 WL 547777 (9th Cir. Feb. 17, 2010)

*Koorndyk v. Midway Motor Sales*, 2006 WL 2528207 (W.D. Mich. Aug. 31, 2006)

*Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 562 N.W.2d 466 (2007)

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617  (Mich. App. 2009)

*Anderson v. Bungee Int'l Manuf. Corp.*, 44 F. Supp. 2d 534 (S.D.N.Y. 1999)

*Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596 (N.Y. App. 2003)

*Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300 (E.D. Mich. 2005)

*Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153 (N.Y. App. 2004)

*In re McCallum Estate*, 153 Mich. App. 328 (Mich. App. 1986)

*Jackson v. Tel. Chrysler Jeep, Inc.*, No. 07-10489, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009)

*Webb v. First of Michigan Corp.*, 195 Mich. App. 470  (Mich. App. 1992)

*Fox v. Sherwin-Williams Co.*, 2010 WL 46905 (Mich. App. 2010)

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20 (NY 1995)

## INTRODUCTION

In their Third Amended Complaint ("TAC"), plaintiffs claim that Sony Electronics, Inc, ("Sony"), by selling four televisions that were – undisputedly – state of the art at the time of their sale, nonetheless injured plaintiffs by using the wrong phrase to describe the televisions. Plaintiffs' claims are insufficiently pled and fatally undermined by plaintiffs' own factual admissions.  Sony requests that the TAC be dismissed without leave to amend.

This is not the same case that the parties presented to the Court for settlement several months ago.  By amending the complaint for a third time, adding Elliot Handler as a plaintiff (a person who is simultaneously prosecuting the same class action in California against Sony), and removing virtually all of the specific factual allegations that supposedly supported David Date's claims, plaintiffs have managed only to craft "amended" claims that should be dismissed.  There was never much substance to Date's claims that Sony falsely represented  or "warranted" that his television would accept 1080p signals without signal processing over all of its video inputs.  In the TAC, however, plaintiffs' allegations go from thin to nonexistent.  Gone is the claim that Sony misled plaintiffs through its "spec sheets" or website.[1]  Gone, too, is the allegation that Sony misled plaintiffs by claims supposedly made in specific retail advertisements.[2]

In their place is a long discussion of broadcast and high-definition optical disc standards, which plaintiffs apparently intend to demonstrate that Sony should not have called these televisions "1080p televisions."  TAC at ¶¶ 7-22.  Those allegations are not enough.  Plaintiffs do not allege facts showing that Sony ever claimed, or warranted, that the televisions in question would accept 1080p signals through all of their inputs.  Worse, plaintiffs have affirmatively conceded that their televisions *are* "1080p televisions."  They have screens which display 1080

---

[1]      *See, e.g.,* Second Amended Complaint at ¶¶ 21-24 and Exhibit A.

[2]      *See, e.g., id.* at Exhibit B.

lines of vertical resolution in a progressive scan,  TAC ¶ 16;  are capable of displaying non-1080p signals at 1080p, *id.* at ¶ 17;  and accept 1080p signals over their cable input.  *Id.* at ¶ 46.[3]

Plaintiffs' case thus reduces to nothing more than the claim that it was misleading for Sony to use the phrase "1080p television" to describe 1080p televisions.  That  is not enough to support plaintiffs' claims.

## THE THIRD AMENDED COMPLAINT

Neither Date nor Handler has even attempted to identify any specific misrepresentation or "warranty" supposedly made by Sony.  Their allegations are briefly summarized below.

**Date's Allegations**.  David Date is a Michigan resident who allegedly purchased his Sony television in Michigan on March 31, 2006.  TAC ¶ 36.  Date alleges that prior to purchasing his television he "reviewed various advertisements and specifications for televisions," *id.*,  but he has not identified any specific advertisement or specification that he actually reviewed prior to purchasing his television.  Instead, he claims that he was "told" by an ABC employee, and a sticker on the television, that it was a "1080p television."  *Id*. at ¶¶ 38-39.

Date's allegations in the TAC are substantially more vague than the allegations he made in the first three versions of his complaint.  He previously claimed that Sony "warranted" the fact that his television could accept a "1080p signal from all of its inputs" through a misleading "spec sheet" that appeared on its website.  *See* Second Amended Complaint at ¶¶ 21-25 and Exhibit A.  Although the TAC still discusses a Sony "marketing document," it no longer claims that the

---

[3]     The technology used in the televisions at issue in this litigation was, in fact, the best available in 2004-05 when the televisions were launched.  At that time, there were no available sources of native 1080p content, the launch of Blu-ray was well over a year away, and the first televisions with true 1080p displays were just arriving on the market.  Moreover – as the lawsuits discussed in Section I, below, demonstrate – in 2004-05 there were technological limitations that prevented 1080p televisions from accepting 1080p-native signals over HDMI or other inputs.

"marketing document" contains or creates a warranty regarding the input capabilities of Date's television, nor does he claim that he saw or relied on that document. *See* TAC at ¶ 36.

**Handler's Allegations**  Elliot Handler is a New York resident who allegedly purchased his Sony television at New York Wholesale Audio & Video in New York City in the summer of 2005. *Id.* at ¶ 54.  Like Date, Handler has failed to identify any specific advertisements or misstatements that he allegedly received from Sony prior to the purchase of his television. Instead, he merely alleges that he was informed that his television was "1080p" by "various advertisements and other uniform representations made by Sony." *Id.* at ¶ 52.

## ARGUMENT

### I.     Other Courts Have Repeatedly Rejected Plaintiffs' Claims

In the time since this Court considered the parties' proposed settlement, several federal Courts have considered – and rejected – nearly identical cases brought by plaintiffs' counsel against other television manufacturers.  In particular, several of the arguments now pressed by plaintiffs have been specifically rejected by other federal courts:

**The term "1080p" is not sufficient to create an express warranty regarding input capabilities.**  In *Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229, 1238 (C.D. Cal. 2008), the plaintiff argued that Mitsubishi's use of the term "1080p" to describe a television created an express warranty that the television could accept native 1080p signals through its HDMI input.  The Central District of California rejected this claim, noting that

> [T]he abstract designation 1080p does not convey a specific claim that is recognizable to the targeted consumer. It can be used to describe the density and scanning rate of the picture displayed on a television, the characteristics of a bit stream encoded by broadcasters or content producers to be burned onto a digital videodisc, or the signal being sent from a video game console or computer to a television monitor. The term is capable of carrying a multiplicity of meanings or no meaning at all.

*Johnson*, 578 F. Supp. 2d at 1238.  Importantly, plaintiffs admit that the Sony televisions at issue here have the 1080p characteristics cited by the *Johnson* court.  *See* TAC at ¶¶16-17, 46.  The Ninth Circuit recently affirmed *Johnson*'s holding that the phrase "1080p" is insufficient to create a warranty regarding a television's input capabilities.  *Johnson v. Mitsubishi Digital Electronics America, Inc.*, No. 08-56792, 2010 WL 547777, *2 (9th Cir. Feb. 17, 2010).

**It is not false or misleading to use the phrase "1080p" to describe a television that cannot accept 1080p native signals through all of its inputs.**  The *Johnson* court also held that Mitsubishi's use of the term "1080p" to describe a television that lacked 1080p-native inputs was not false or misleading, noting that neither that term, nor Mitsubishi's use of other superlatives to describe the television in question, could be reasonably understood as promising 1080p native input capabilities.  *Johnson*, 578 F. Supp. 2d at 1241.   That holding was also affirmed by the Ninth Circuit.  *Johnson*, 2010 WL 547777, at *2-3.

**The inability to accept 1080p-native signals is not a manufacturing defect.**  In *Cooper v. Samsung Electronics America, Inc.*, the plaintiff argued, among other things, that the inability of a Samsung 1080p television to accept 1080p signals over its HDMI input violated Samsung's express limited warranty against manufacturing defects.  The District of New Jersey rejected this claim, No. 07-3853 (JLL), 2008 WL 4513924 (D.N.J. 2008), and the Third Circuit affirmed, holding that the plaintiff's claim that his television's "design deviated from Samsung's advertisements and packaging" was not sufficient to state a claim for a manufacturing defect under Samsung's warranty.  No. 08-4736, 2010 WL 1220946, at *2 (3d Cir. 2010).

As Sony explains further below, plaintiffs' claims suffer from these flaws and others.

4

## II.     Plaintiffs' California Law Claims Should Be Dismissed

Date and Handler purport to bring claims under California law in Counts I and II of the TAC. Those claims should be dismissed, because neither Date nor Handler has alleged facts sufficient to support application of California law to their claims.[4]  *See, e.g., Koorndyk v. Midway Motor Sales*, No. 1:04-CV-333, 2006 WL 2528207, *8-9 (W.D. Mich. Aug. 31, 2006) (dismissing Ohio law claim because Michigan, not Ohio, law governed).

As a Court sitting in diversity, this Court applies Michigan choice of law rules when determining which states' laws govern plaintiffs' claims. *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1932);  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Michigan has adopted a modified *lex fori* approach to choice of law in tort cases, which requires that the law of the forum state be applied unless there is a "rational reason" to displace it. *Olmstead v. Anderson*, 428 Mich. 1, 29-30, 400 N.W.2d 292, 305 (1987); *see also Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 562 N.W.2d 466 (2007). In determining whether a state has an interest in having its law applied to a dispute pending in Michigan, it is not enough for the foreign state merely to have some connection to the defendant; instead, a state must have "both contact with the lawsuit and a significant relationship to a defendant." *In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*, 20 F. Supp. 2d 1110, 1112 (E.D. Mich. 1998).

Neither Date nor Handler has pled facts sufficient to show that California law should dislodge Michigan law (in Date's case) or New York law (in Handler's case).

---

[4]      That is not to say, however, that Michigan law could be applied to the claims of all putative class members. Due process considerations generally prohibit the uniform application of state laws to nationwide class claims. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Instead, Michigan's choice of law analysis must be conducted independently for all of the putative class members. *Yadlosky v. Grant Thornton LLP*, 197 F.R.D. 292, 300 (E.D. Mich. 2000); *In re Jackson Nat. Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 223 (W.D. Mich. 1998). The disparity between Michigan, New York and other laws governing the putative class claims will almost certainly preclude certification of plaintiffs' proposed class. *Jackson Nat. Life Ins.*, 183 F.R.D. at 223; *Yadlosky*, 197 F.R.D. at 300-302.

**A.    Date has failed to allege facts sufficient to warrant application of California law to his claims**

Date has failed to allege facts sufficient to show a California "interest" in his claims sufficient to displace Michigan law.  Date's claim begins and ends in Michigan: he is a Michigan resident, TAC at ¶ 3, who was supposedly "defrauded" in Michigan while purchasing his Sony television from a Michigan retail store, *id.* at ¶ 38, and then suffered his supposed "injury" in Michigan.  *Id.* at ¶ 44.  His claim has nothing whatsoever to do with California or California law.

Michigan courts have a substantial interest in applying Michigan law to suits brought by Michigan residents in Michigan courts, like this case.  *See Brandt v. Starwood Hotels and Resorts Worldwide, Inc.*, No. 02-10285-BC, 2004 WL 2958661, at *3-5 (E.D. Mich., Dec. 14, 2004) (applying Michigan law to tort claim brought by Michigan resident based on accident in a Florida hotel); *Foster v. Federal Express Corp.*, No. 04-10325-BC, 2005 WL 3369484, at *3-4 (E.D. Mich. 2005) (applying Michigan law to employment discrimination suit brought by employee originally hired in Michigan but terminated in Washington).

California, in contrast, has no discernable interest in applying its laws to Date's Michigan sales transaction.  Date has alleged only one fact to tie his claims to California: the fact that Sony is headquartered there.  *See* TAC at ¶ 5.  That is not nearly enough.  *See, e.g., Sutherland*, 454 Mich. 274, 562 N.W.2d at 472 (residence of the parties, "with nothing more, is insufficient to support the choice of a state's law"); *Hall v. General Motors Corp.*, 229 Mich. App. 580, 585-589 (Mich. App. 1998) (same); *Gardner v. Simon*, 445 F. Supp. 2d 786, 789 (W.D. Mich. 2006) (same).  Given the paucity of alleged facts tying Date's claims to California, he has failed to demonstrate a "rational reason" to apply California law to his claim.

**B.    Handler has failed to allege facts sufficient to warrant application of California law to his claims.**

Handler's attempt to sue under California law fails for the same reason.  His claims begin and end  in New York: he is a New York resident, TAC at ¶ 4, who was supposedly "defrauded" in New York while purchasing his Sony television from a New York retail store, *id.* at ¶ 54, and then suffered his supposed "injury" in New York.  *Id.* at ¶¶ 4, 58.  Like Date, his claim has nothing to do with California or California law.  For the reasons discussed above, Handler's California law claims should be dismissed.

### C.  Handler has failed to allege compliance with the notice provision of the California Consumers Legal Remedies Act

Handler's claim under Count I should be dismissed for an additional reason.   As he appears to acknowledge, a plaintiff can sue under the California Consumers Legal Remedies Act only if he provides notice of the alleged "defect" to the manufacturer within a year of purchase. *See, e.g., Morgan v. AT&T Wireless Services, Inc.* 177 Cal. App. 4th 1235, 1259-60 (2009). Handler, unlike Date, does not allege that he provided Sony with the required notice.

### D.  Plaintiffs have failed to allege actionable fraud

Finally, Counts I and II would have to be dismissed even if all of the above was ignored, because plaintiffs have failed to allege facts sufficient to support their claim that they were defrauded by Sony.  To avoid repetition, plaintiffs' failures in this regard are discussed in sections IX and X, below.

## III.  Plaintiffs' "UCC 2-313" Claims Should Be Dismissed

Plaintiffs' express warranty claims in Count III – presumably set forth under MCL 440.2313 for Date and New York UCC 2-313 for Handler – also fail as a matter of law.

### A.  Date's express warranty claim fails as a matter of law

Date has failed to state a claim for relief against Sony under MCL 440.2313 because he has conceded that he never contracted directly with Sony to purchase his television.  As the

Michigan Court of Appeals recently explained, Michigan law does not recognize a claim for breach of express warranty in the absence of a contract:

> MCL 440.2313 clearly provides that express warranties are limited to statements, descriptions, representations, samples and models that "are made part of the basis of the bargain." *Given this statutory language, we are compelled to conclude that where there is no contract, and therefore no bargain, there can be no express warranty under MCL 440.2313.*

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617, 635 (Mich. App. 2009) (emphasis added).  As a result, "privity of contract *is* necessary for a remote purchaser to enforce a manufacturer's express warranty."  *Id.* at 638, n. 12 (emphasis in original).

Michigan's privity requirement is fatal to Date's "UCC 2-313" claim against Sony.  Date no longer claims that he contracted directly with Sony.[5]

Date's express warranty claim would, moreover, fail even if his lack of privity with Sony was ignored, because he has failed to allege facts demonstrating the creation of an express "1080p input" warranty.  Date's warranty claim appears to be that Sony, by using the term "1080p" to describe his television, gave an express "warranty" that his television would accept 1080p input signals *over all of its inputs*, not just over its cable input.  *See* TAC at ¶¶ 89-90.

Date, however, has not even attempted to allege facts showing that Sony's use of the phrase "1080p television"[6] constituted "an express statement of warranty" that the television accepted 1080p signals over all of its inputs.  Indeed, Date *admits* that Sony's "marketing

---

[5]    As Sony has previously advised the Court, it did supply a one-year express limited warranty with the television.  *See* Motion to Dismiss SAC at 8-9.  Since plaintiffs do not even mention that document in the TAC, however, or claim that Sony violated its terms, it cannot support the current version of their express warranty claims.

[6]    Sony's description of Date's television as "1080p" was, moreover, unquestionably *accurate*.  Plaintiffs admit that the television has a native display resolution of 1080p, and that it can accept 1080p broadcast signals over its cable input.  TAC at ¶ 16-17, 46.  Date's claim that Sony's use of the phrase "1080p" in connection with his television was somehow inherently misleading, TAC at ¶¶ 89-90, is belied by the allegations in his own complaint.

materials" did not make any representations about the ability of his television to accept a 1080p signal.  *See* TAC at ¶ 37 ("Nowhere in Sony's marketing materials is there an indication that the television cannot accept a 1080p signal through one or more of the television's inputs").  Nor has Date alleged facts showing that he relied on any specific representations by Sony regarding his television's input capabilities when he decided to purchase that television.  Date cannot sue Sony for breach of an express warranty that he has not even attempted to show was "made part of the basis of the bargain."  *Heritage Resources*, 284 Mich. App. at 635; *see also Johnson,* 578 F. Supp. 2d at 1238 (use of term "1080p" to advertise television not sufficient to create warranty).

Date has alleged – at most – that Sony's alleged failure to disclose the television's alleged "limitations" caused Date to form an erroneous "understanding" of its input capabilities. *See* TAC at ¶ 43.  That is not enough to create an express warranty in Michigan.  The fact that a buyer may have an "understanding" does not create an express warranty under MCL 440.2313 when no express statement of warranty has been made.  *Heritage Resources*, 284 Mich. App. at 635 n. 11; *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 631 (1986).

**B.  Handler has failed to state a cognizable express warranty claim**

Handler's express warranty claim suffers from many of the same problems as Date's claims.  Handler was required to allege facts showing "an affirmation of fact or a promise by the seller the natural tendency of which was to induce the buyer to purchase."  *Anderson v. Bungee Int'l Manuf. Corp.*, 44 F. Supp. 2d 534, 541 (S.D.N.Y. 1999).  "[O]pinions, puffery and other similar language [are] not actionable as a breach of warranty."  *Id. (*citing *Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*, 919 F. Supp. 149, 152 (S.D.N.Y. 1996)).  Handler must instead show "representations of fact made about specific characteristics of the product, which were relied on by [him] as part of the basis of the bargain."  *Kates Millinery, Ltd. v. Benay-Albee Corp.*, 114 Misc.2d 230 (N.Y. Civ. Ct. 1982); *see also Schneidman v. Whitaker*

*Co.*, 304 A.D.2d 642, 643 (N.Y. App. 2003).  He must also allege that he actually received, understood, and relied on the terms of the alleged "warranty" prior to the purchase of his television.  *See Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. 2003).

Handler has failed to make the needed factual allegations.  Like Date, Handler's claims rest on one, and only one, alleged misrepresentation: Sony's alleged use of the term "1080p" to describe the television he purchased.  The problem for Handler, like Date, is twofold.  First, Sony's description of his television as "1080p" was ***not false***.  Plaintiffs admit that the televisions in question have a 1080p native display resolution; accept 1080p  broadcasts; and display 1080p-native content from sources like Blu-ray at 1080p, even though such signals are received as 1080i over their HDMI inputs, *see* TAC at ¶¶ 16-17, 45-46.

Second, Sony's alleged description of Handler's television as a "1080p television" was not sufficiently specific to create a warranty that Handler's television would accept a 1080p signal  ***over any and all of its inputs***.  *See* TAC at ¶¶ 17, 22, 37, 44-45.  Handler admits that Sony's "marketing materials" contained no such representations.  *See id.* at ¶¶ 52-53.  And as a matter of New York law, the mere use of the term "1080p" to describe the television that Handler bought is not sufficiently specific to create the warranty that Handler is now attempting to enforce.  *See Anderson v. Bungee Intern. Mfg. Corp.*, 44 F.Supp.2d 534, 541-42 (S.D.N.Y. 1999) (statements that product was "Premium Quality" and "Made in the USA" not sufficient to create express warranty that product was "a good, strong, top notch American-made product suitable for numerous uses"); *see also Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153 (N.Y. App. 2004); *Valley Cadillac Corp. v. Dick*, 238 A.D.2d 894 (N.Y. App. 1997).

Finally, Handler has failed to allege that he received, understood and relied on any alleged representations from Sony regarding the input capabilities of his television before he

made his purchase.  This, too, is fatal to his express warranty claim.  *Murrin*, 756 N.Y.S.2d at

597 (dismissing express warranty claim when plaintiff failed to allege that advertised features

"were part of the bargain or that he even was aware of [them] before his purchase"); *Friedman v.

Medtronic, Inc.*, 345 N.Y.S.2d 637, 643 (N.Y. App. 1973) ("for a buyer to recover for breach of

express warranty, he must show that the warranty was relied on").

## IV.  Plaintiffs' Magnuson-Moss Claims Should Be Dismissed

Plaintiffs' failure to plead cognizable express warranty claims under Michigan or New

York law is fatal to their claims in Count IV of the TAC for violation of the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301 et seq.  A claim for violation of the Magnuson-Moss Act "is

directly dependent upon a sustainable claim for breach of warranty."  *Temple v. Fleetwood

Enterprises, Inc.*, 133 Fed. Appx. 254, 268 (6th Cir. 2005); *Walsh v. Ford Motor Co.*, 807 F.2d

1000, 1012 (D.C. Cir. 1986).  If a plaintiff has failed to plead cognizable claim for violation of

express warranty under applicable state law, he cannot pursue a Magnuson-Moss claim.

*Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300, 307 (E.D. Mich. 2005).

As explained above, neither Date nor Handler have set forth "a sustainable claim for

breach of warranty" under Michigan or New York law.  Their Magnuson-Moss claims are

therefore defective as a matter of law and should be dismissed.

## V.  Plaintiffs' Implied Warranty Claims Should Be Dismissed

Plaintiffs' claims for breach of the implied warranty of merchantability, set forth in Count

VI of the TAC, should be dismissed as well, for several reasons.

First, Michigan law requires privity between plaintiff and defendant for claims of implied

warranty that allege purely economic loss.  *See Harnden*, 408 F. Supp. 2d at 322 (Michigan law

requires privity for implied warranty claims); *Ducharme v. A&S RV Center*, Inc., 321 F. Supp.

2d 843, 853-54 (E.D. Mich. 2004) (same); *Pitts v. Monaco Coach Corp.*, 330 F. Supp. 2d 918, 924-26 (W.D. Mich. 2004) (same); *Parsley v. Monaco Coach Corp.*, 327 F. Supp. 2d 797, 803-05 (W.D. Mich. 2004) (same); *Mt. Holly Ski Area v. U.S. Electrical Motors*, 666 F. Supp. 2d 115, 117-20 (E.D. Mich. 1987) (same).[7]  New York has the same requirement.  *See Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153 (N.Y. App. 2004);  *Catalano v. Heraeus Kulzer, Inc.*, 759 N.Y.S.2d 159, 161 (N.Y. App. 2003) (same).  Since plaintiffs' claims are clearly for economic loss only, and neither plaintiff has alleged that he was in privity of contract with Sony when he purchased his television, their implied warranty claims fail as a matter of law.

Second, it is undisputed that Sony limited the terms and conditions of any implied warranties to the terms and conditions of the express limited warranty, i.e., repair or replacement of the television if it was found to be defective within one year of purchase.  *See* Wierenga Decl. Ex. A (Sony Limited Express Warranty).[8]  This disclaimer of additional warranties was clearly valid under both Michigan and New York law.  *See, e.g.*, MCL 440.2316; New York UCC § 2-316; *Davis v. LaFontaine*, 271 Mich. App. 68, 76 (2006).

Finally, plaintiffs have failed to allege facts sufficient to show, as they must, that the alleged "defect" rendered the televisions unfit for their ordinary purpose, "an inquiry that focuses on the expectations for the performance of the product when used in customary, usual and reasonably foreseeable manners." *Wojcik v. Empire Forklift, Inc.*, 14 A.D.3d 63, 66 (N.Y. App. 2004); *see also Treadway v. Damon Corp.*, No. 03-CV-73650-DT, 2004 WL 3372010 at *6-7

---

[7]    This privity requirement does not appear to be a completely settled question under Michigan law. *See, e.g., Heritage Resources*, 284 Mich. App. at 639 (noting uncertainty in Michigan law on this issue). The more persuasive reading of Michigan law, however – and the weight of authority in this Court, *see* cases cited above – is that privity of contract is a prerequisite for an implied warranty claim.

[8]    Sony previously asked the Court to take judicial notice of this document in connection with its motion to dismiss Date's Second Amended Complaint, a request that was clearly appropriate because the SAC cited and relied on document.  *See* Sony Motion to Dismiss Second Amended Complaint at 8.  It is therefore appropriate for the Court to consider the terms of the Limited Express Warranty on this motion and all future proceedings.

(E.D. Mich. 2004); *Eaton Corp. v. Minerals Technologies, Inc.*, No. 96CV162, 1999 WL 33485557 at *7 (W.D. Mich. 1999).  Neither plaintiff has alleged facts sufficient to demonstrate that their televisions are "unfit for their ordinary purpose."  Quite the opposite: Date admits that he is unhappy with his television because he cannot use it as a 1080p computer monitor (TAC ¶ 44), a distinctly uncustomary and unusual use.  Handler, for his part, has admitted that he did not notice his television's alleged "defect" until he had owned, and used, it for more than a year.  TAC at ¶ 58.  It is hard to imagine how a television with an alleged "defect" so minor that Handler did not even notice it for more than a year after purchase could be described as "unfit for its ordinary purpose."  Plaintiffs' implied warranty claims should be dismissed.

**VI.    Handler's implied warranty and Magnuson-Moss claims are barred by the doctrine of *res judicata***

Handler's implied warranty and Magnuson-Moss claims suffer from another defect: they are barred by the doctrine of *res judicata*, because they were dismissed, on the merits, in Handler's previous action against Sony.  As this Court may recall, Handler first sued Sony for breach of warranty and fraud in the Central District of California in 2007.    Handler's complaint in that case contained claims for breach of implied warranty and violation of the Magnuson-Moss Warranty Act.  Sony moved to dismiss Handler's implied warranty and Magnuson-Moss claims, and that motion was granted on the merits by Judge Klausner after Handler conceded that his claims should be dismissed.  *See* Wierenga Decl. Ex. A  at 2.  The remainder of Handler's claims were later dismissed for lack of subject matter jurisdiction.  *See* Wierenga Decl. Ex. B.  Handler is currently appealing the latter order to the Ninth Circuit, but he has ***not*** appealed Judge

Klausner's prior dismissal of his implied warranty and Magnuson-Moss claims on the merits. *See* Wierenga Decl. Ex. C.[9]

Judge Klausner's dismissal of Handler's implied warranty and Magnuson-Moss claims, and his subsequent entry of judgment in Sony's favor in the *Handler* case, is *res judicata* on those claims. "A final judgment on a claim is *res judicata* and bars relitigation between the same parties or their privies on the same claim." *Westwood Chemical, Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir, 1981). "It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim." *Id.* Judge Klausner's dismissal of Handler's implied warranty and Magnuson-Moss claims clearly satisfy the requirements for *res judicata*. The sufficiency of Handler's claim that Sony violated implied warranties, and Magnuson-Moss, were "actually litigated" in *Handler*. Handler lost. He cannot litigate those claims again.

## VII. Plaintiffs' Unjust Enrichment Claims Should Be Dismissed

Plaintiffs' claims for unjust enrichment, Count VIII of the TAC, are likewise deficient. In order to state a claim for unjust enrichment under Michigan law, Date must show (1) the receipt of a benefit by Sony from Date and (2) an inequity resulting to Date because of Sony's retention of the benefit. *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (Mich. App. 2006). "In other words, the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Id.* New York law is the same. *See, e.g., Ultimar Energy Ltd. v. Chase Manhattan Bank, N.A.*, 579 N.Y.S.2d 353 (N.Y. App. 1992).

---

[9]     Handler's appeal to the Ninth Circuit raises a potentially serious case management issue that is beyond the scope of the current motion, but may need to be addressed by this Court in the near future. By appealing Judge Klausner's dismissal of his remaining claims, and also attempting to pursue those claims in this Court, Handler is attempting to litigate the same case, against the same defendant, in two courts simultaneously. If his appeal to the Ninth Circuit succeeds and Handler's claims are reinstated and remanded to Judge Klausner– an outcome that Sony thinks is unlikely, to say the least – the parties and the Court will need to address Handler's plainly improper attempt to engage in duplicative litigation.

Plaintiffs' unjust enrichment claims suffer from a variety of defects.  First, a buyer who voluntarily gives money to a seller as part of a contract for the sale of goods has not "unjustly enriched" the seller unless the benefits were conferred by mistake, coercion or request.  *In re McCallum Estate*, 153 Mich. App. 328, 335 (Mich. App. 1986)   Neither Date nor Handler allege that their purchase of their Sony television were the result of mistake, coercion or request by Sony.  Instead, they allege only that they discovered after purchase that their televisions were not quite as functional as they had hoped.  To allow plaintiffs to proceed on the instant unjust enrichment theory would be tantamount to holding that an unjust enrichment claim lies every time a purchaser suffers from buyers' remorse.  That is obviously not the law.

Plaintiffs' unjust enrichment claims also fail because they are attempting to imply a contract on which an express contract already exists: *i.e.*, Sony's alleged warranties regarding the future performance of the subject televisions.  An unjust enrichment theory cannot be used to imply a contract "when an express contract already addresses the pertinent subject matter." *Liggett Restaurant Group, Inc. v. City of Pontiac*, 260 Mich. App. 127, 137-38 (Mich. App. 2003); *see also Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 521 N.Y.S.2d 653, 656 (N.Y. App. 1987).  This is true even when the plaintiff is not suing on the contract.  *Liggett,* 260 Mich. App. at 137.  It is undisputed that Sony gave plaintiffs an express limited warranty covering the future performance of their televisions.  Unjust enrichment cannot be used to create a broader warranty. Count VIII should be dismissed.

## VIII.   Plaintiffs' Declaratory Relief Claim Should Be Dismissed

Plaintiffs' claim for declaratory relief is frivolous and should be dismissed.  Plaintiffs claim that they are entitled to declaratory relief because without such relief "the general public may be without adequate remedy," TAC at ¶ 135, but they have alleged no facts to support that

claim, and it is hard to see how they could do so.  Plaintiffs purchased their televisions more than

five years ago, and they have not even tried to allege facts showing that those televisions are still

on the market or a subject of public interest.  Given the threadbare and implausible nature of

plaintiffs' allegations in support of this claim, this Court should dismiss it.  *See, e.g., Wilton v.*

*Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Pandey v. Sharma*, No.1:07-cv-664, 2008 WL

3008232, *5 (S.D. Ohio Aug 1, 2008).

## IX.    Date's Michigan Consumer Protection Act Claim Should Be Dismissed

Date's claim in Count X of the TAC for relief under the Michigan Consumer Protection

Act, MCL 445.901, also fails to set forth a claim for relief, for several reasons.[10]

A claim for violation of the MCPA is analogous to a common law fraud claim.  *Jackson*

*v. Tel. Chrysler Jeep, Inc.*, No. 07-10489, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009).  Date

must accordingly allege facts, with particularity, showing that: (1) Sony made a material

misrepresentation, (2) the representation was false, (3) Sony knew or should have known that the

representation were false, (4) Sony intended for Date to rely upon the false representation, and

(5) Date incurred damages through  reliance upon the representation. *Foreman v. Foreman,* 266

Mich. App. 132, 141, 701 N.W.2d 167 (Mich. App. 2005).   Date must also allege that his

reliance was reasonable. *Game On Ventures, Inc. v. General RV Center, Inc.* 587 F. Supp. 2d 831

(E.D. Mich. 2008) "Reliance is unreasonable as a matter of law when the terms of the parties'

contract specifically contradict the representations on which [they claim] to have relied." *Id.*

---

[10]    The arguments set forth in this section would also doom plaintiffs' claims under
California law if they were permitted to pursue those claims.  *See, e.g., Johnson*, 578 F. Supp. 2d
at 1241, *aff'd, Johnson*, 2010 WL 547777, at *2-3. (rejecting claim that using term "1080p" to
advertise television without 1080p HDMI inputs violated Cal. Bus. & Prof. Code § 17200; term
was neither misleading nor likely to induce reasonable reliance regarding television input
capabilities).

Finally, he must do all of this in compliance with Rule 9(b)'s requirement that fraud be plead with particularity. *See, e.g., U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (Rule 9(b) requires plaintiff to "allege the time, place, and content of the alleged misrepresentation").

Date has failed to allege several of the elements required for fraud under Michigan law. First, Date has not even attempted to allege facts showing that Sony's alleged use of the phrase "1080p television" constituted a "material misrepresentation" of the television's input capabilities. Date has not alleged that he saw or heard *any* specific misrepresentation by Sony, of any kind, regarding his television's input capabilities. Nor has he alleged that he relied on Sony's (unalleged and nonexistent) claims about his television's input capabilities when deciding to purchase his television. He only admits that his television has a 1080p resolution display. TAC ¶16. His complaint – after two years and three amendments – is simply silent on materiality and reliance. This failure is reason enough to dismiss Date's MCPA claim. *See Kussy v. Home Depot U.S.A., Inc.*, No. 06-12899, 2006 WL 3447146 at *6-7 (E.D. Mich. 2006)

Date's vague allegations regarding Sony's supposedly "uniform" representations that his 1080p television is, in fact, a "1080p television," see TAC at ¶¶ 20, 36-39, do not solve the problem. These allegations fall far short of the requirements of Rule 9(b); Date has not even attempted to set forth the "time, place and content" of these allegedly misleading statements.. *SNAPP*, 532 F.3d at 503. Even if he had done so, moreover, it would not help: Date has failed to allege facts to support his claim that Sony's representation of his television as a "1080p television" was false. In fact, Date has alleged the opposite: he concedes that his television *is* a "1080p television," capable of displaying 1080p signals natively, converting non-1080p signals to 1080p for display, and accepting 1080p signals natively over its cable input. *See* TAC at ¶¶

16-17, 46.  These admission are fatal to his MCPA claim, since MCPA claims cannot be based on truthful representations.

Date has also failed to allege specific facts showing that his claimed reliance on the term "1080p television" as a representation that his television could accept 1080p input signals over all of its inputs was reasonable.  *See Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 852-53 (6th Cir. 2006) (reliance must be pled with specificity).  A fraud plaintiff cannot establish reasonable reliance "where the means of knowledge regarding the truthfulness of the representations are available to [him] and the degree of their utilization has not been prohibited by the defendant."  *Webb v. First of Michigan Corp.*, 195 Mich. App. 470, 474 (Mich. App. 1992); *see also Fox v. Sherwin-Williams Co.*, No. 287999, 2010 WL 46905 (Mich. App. 2010) (same).

As noted above, Date has not even attempted to allege facts showing that he actually relied on Sony's (unalleged) claims regarding his television's input capabilities.  Nor has he alleged facts showing that his reliance was reasonable because the input capabilities of the television were hidden from him, or could not have been discovered by him prior to purchase through the exercise of reasonable diligence, let alone done so with the requisite particularity.  On the contrary: Date ***admits*** that Sony's "marketing materials" did not make any representations about the ability of his television to accept a 1080p signal.  *See* TAC at ¶ 37.  The meaning he now ascribes to the phrase "1080p television" is specifically contradicted by the terms of the "marketing document" he cites in his complaint, which lists the television's inputs without making any reference to their ability to accept 1080p signals.  His MCPA claim cannot survive in light of these pleading deficiencies.  *See Jackson*, 2009 WL 928224 at *4-5; *Fox*, 2010

18

WL 46905 at *2 (affirming dismissal of MCPA claim when plaintiff failed to establish
reasonable reliance).

Date's MCPA claim also fails because his claim is rooted in his failed warranty claims.
A purchaser "cannot assert a claim against the seller alleging a violation of the MCPA based on
warranty-related representations when the seller made no express or implied warranties."
*Harnden*, 408 F. Supp. 2d at 309.  Because Date has failed to plead any cognizable breach of
warranty claims, his MCPA claim fails as a matter of law.   Count X should be dismissed.

**X.     Handler's New York General Business Law § 349 Claim Should Be Dismissed**

Finally, Handler's claim in Count XI of the TAC for relief under New York General
Business Law § 349 fails as a matter of law.  In order to state a claim for relief under that
section, Handler had to allege facts showing that Sony "is engaging in an act or practice that is
deceptive or misleading in a material way and that plaintiff has been injured by reason thereof."
*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (NY
1995).  Handler must further show that Sony engaged in a "material deceptive act" that caused
him to suffer "actual, although not necessarily pecuniary, harm."  *Id.* at 26.

Moreover, in order to prevent "a tidal wave of litigation against businesses that was not
intended by the Legislature," the New York courts have adopted "an objective definition of
deceptive acts and practices, whether representations or omissions, limited to those likely to
mislead a reasonable consumer acting reasonably under the circumstances."  *Id.*  "In the case of
omissions . . . the statute surely does not require businesses to ascertain consumers' individual
needs and guarantee that each consumer has all relevant information specific to its situation."  *Id.*

For the reasons discussed above, Handler has failed to allege facts sufficient to support
his § 349 claim, let alone done so with the specificity required by Rule 9(b).  *SNAPP*, 532 F.3d at

503. The only "misrepresentation" he has identified is Sony's use of the term "1080p," but he admits that the term is an accurate description of both the televisions' display resolution and its cable input capabilities. Sony's admittedly accurate description of Handler's television cannot satisfy § 349's requirement of an objectively deceptive act or practice. *See, e.g., Stutman v. Chemical Bank*, 95 N.Y.2d 24, 31 (NY 2000). Similarly, it is hard to see how a "reasonable consumer acting reasonably under the circumstances," *Oswego*, 85 N.Y.2d at 25, would have simply assumed that the phrase "1080p" implied that all of the televisions' inputs would accept native 1080p signals, a claim that he has not even alleged was ever made by Sony's marketing materials.

Handler also admits that he did not notice his television's alleged "defect" until he had been using it for more than a year, and his complaint contains no allegations of fact to support his claim that he has suffered an actual injury. Nor has he alleged that he relied on any statements made by Sony regarding his television's input capabilities. In light of these pleading deficiencies, his fraud allegations obviously fail to satisfy Rule 9(b)'s requirements that the circumstances of fraud such as reliance and actual injury be pled with specificity.

## CONCLUSION

The Third Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

s/ Clarence L. Pozza Jr.
Clarence L. Pozza Jr. (P24168)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2010, I electronically filed the foregoing **MOTION TO**

**DISMISS THIRD AMENDED COMPLAINT** with the Clerk of the Court using the ECF

system which will send notification of such filing to all attorneys of record.  (see attached list of

Plaintiffs' Counsel)

Respectfully Submitted

MILLER, CANFIELD, PADDOCK & STONE,
PLC

 <u>s/ Clarence L. Pozza Jr.</u>
Clarence L. Pozza Jr. (P24168)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
cranmer@millercanfield.com

18,067,674.1\140018-00001

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID   DATE,   JR.   AND   ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

                    Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

                  Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birminghan, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel:  (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

**<u>PLAINTIFFS' COUNSEL</u>**