UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

                Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

                Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

*Attorneys for Plaintiffs*
*Additional Counsel Listed on Proof of*
*Service*

MILLER, CANFIELD, PADDOCK & STONE, PLC
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

---

## ABC APPLIANCE, INC.'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Defendant ABC Appliance, Inc. ("ABC") hereby moves this Court for an order dismissing all of the claims in Plaintiffs' Third Amended Complaint, with prejudice.

1. Plaintiffs' claims should be dismissed because, as other courts have held, the use of the phrase "1080p" in connection with televisions with a progressive display capability of 1920 x 1080 cannot support a cause of action based on claims of defect, breach of warranty or misrepresentation.

2. Date's express warranty claim under UCC 2-313 should be dismissed because Date's allegations are insufficient to sustain a claim under that statutory provision as enacted under Michigan law.

3. Date's Magnuson-Moss claim should be dismissed based on his failure to sufficiently plead an express warranty claim.

4. Date's claim for breach of an implied warranty should be dismissed because Date has failed to allege sufficient facts to support the claim.

5. Date's claim for unjust enrichment should be dismissed because he has failed to allege facts sufficient to support it and, under Michigan law, a cause for unjust enrichment will not lie where the subject matter of the action is governed by an express contract.

6. Date's claim for declaratory relief should be dismissed because Date's conclusory allegations are insufficient to justify such relief

7. Date's claim under the Michigan Consumer Protection Act should be dismissed because Date has failed to plead the claim with sufficient particularity, and because Date has failed to allege materiality, reliance or injury.

Based on the foregoing, ABC respectfully requests that the Third Amended Complaint be dismissed, in its entirety, without leave to amend.  In support of this motion, ABC relies upon its Memorandum of Points and Authorities in Support of the Motion to Dismiss the Third Amended Complaint, filed simultaneously herewith.

Prior to the filing of this motion, the movant, pursuant to Local Rule 7.1, informed counsel for plaintiffs that defendant intended to move to dismiss the Third Amended Complaint.  Counsel for plaintiffs did not concur in the relief sought in this motion.

Respectfully submitted,


MILLER, CANFIELD, PADDOCK & STONE, PLC

 s/ Clarence L. Pozza Jr._____
Clarence L. Pozza Jr. (P24168)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

          Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

          Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

*Attorneys for Plaintiffs*
*(additional counsel on service page)*

MILLER, CANFIELD, PADDOCK & STONE, PLC
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

---

## ABC APPLIANCE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES................................................................................... ii

STATEMENT OF ISSUES PRESENTED................................................................. vi

CONTROLLING AND MOST APPROPRIATE AUTHORITIES ............................ vii

INTRODUCTION .............................................................................................. 3

THE THIRD AMENDED COMPLAINT .............................................................. 4

ARGUMENT ..................................................................................................... 6

I.     OTHER COURTS HAVE REPEATEDLY REJECTED PLAINTIFFS' CLAIMS ......... 6

II.    MICHIGAN LAW GOVERNS DATE'S CLAIMS AGAINST ABC ........................... 8

III.   DATE'S EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED..................... 10

IV.    DATE'S MAGNUSON-MOSS CLAIM SHOULD BE DISMISSED........................... 12

V.     DATE'S IMPLIED WARRANTY CLAIMS SHOULD BE DISMISSED ................... 13

VI.    DATE'S UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED.................. 13

VII.   DATE'S DECLARATORY RELIEF CLAIM SHOULD BE DISMISSED.................. 15

VIII.  DATE'S MICHIGAN CONSUMER PROTECTION ACT CLAIM SHOULD BE
       DISMISSED .......................................................................................... 15

IX.    HANDLER HAS FAILED TO ALLEGE CLAIMS AGAINST ABC ......................... 18

CONCLUSION................................................................................................. 19

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
    --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)..........................................................23

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)....................................................23

*Brandt v. Starwood Hotels and Resorts Worldwide, Inc.,*
    No. 02-10285-BC, 2004 WL 2958661 (E.D. Mich. 2004).................................................13

*Cooper v. Samsung Electronics America, Inc.,*
    2008 WL 4513924 (D.N.J. 2008) ...................................................................................6, 11

*Cooper v. Samsung Electronics America, Inc.,*
    2010 WL 1220946 (3d Cir. 2010)...................................................................................6, 11

*Eaton Corp. v. Minerals Technologies, Inc.,*
    1999 WL 33485557 (W.D. Mich. 1999).................................................................6, 7, 8, 17

*Erie R.R. Co. v. Tompkins,*
    304 U.S. 64 (1932)................................................................................................................12

*Foreman v. Foreman,*
    266 Mich. App. 132, 701 N.W.2d 167 (Mich. App. 2005)................................................20

*Foster v. Federal Express Corp.,*
    No. 04-10325-BC, 2005 WL 3369484 (E.D. Mich. 2005).................................................14

*Fox v. Sherwin-Williams Co.,*
    2010 WL 46905 (Mich. App. 2010) ........................................................................6, 21, 22

*Game On Ventures, Inc. v. General RV Center, Inc.*
    587 F. Supp. 2d 831 (E.D. Mich. 2008)............................................................................20

*Georgine v. Amchem Products, Inc.,*
    83 F.3d 610 (3rd Cir. 1996), *aff'd sub nom, Amchem Products, Inc. v. Windsor,* 521
    U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).........................................................13

*Hammel v. Foor,*
    359 Mich. 392 (1960) .......................................................................................................14

*Harnden v. Ford Motor Co.*,
408 F. Supp. 2d 300 (E.D. Mich. 2005) .........................................................6, 16, 22

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*,
284 Mich. App. 617 (Mich. App. 2009) .....................................................6, 14, 15, 16

*In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*,
20 F. Supp. 2d 1110 (E.D. Mich. 1998) ..................................................................13

*In re Jackson Nat. Life Ins. Co. Premium Litig.*,
183 F.R.D. 217 (W.D. Mich. 1998) ........................................................................13

*In re McCallum Estate*,
153 Mich. App. 328 (Mich. App. 1986) ...............................................................6, 18

*Jackson v. Tel. Chrysler Jeep, Inc.*,
2009 WL 928224 (E.D. Mich. Mar. 31, 2009) .....................................................6, 19, 22

*Johnson v. Mitsubishi Digital Electronics America, Inc.*,
2010 WL 547777 (9th Cir. 2010) ........................................................................6, 11

*Johnson v. Mitsubishi Digital Electronics America, Inc.*,
578 F. Supp. 2d 1229 (C.D. Cal. 2008) .............................................................6, 10, 11, 15

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
313 U.S. 487 (1941) ............................................................................................12

*Kussy v. Home Depot U.S.A., Inc.*,
No. 06-12899, 2006 WL 3447146 (E.D. Mich. 2006) ...............................................20

*Latimer v. William Mueller & Son, Inc.*,
149 Mich. App. 620 (1986) ...................................................................................16

*Liggett Restaurant Group, Inc. v. City of Pontiac*,
260 Mich. App. 127 (Mich. App. 2003) ..................................................................18

*McGhee v. GMC Truck & Coach Division*,
98 Mich. App. 495 (Mich. App. 1980) ...................................................................16

*Morris Pumps v. Centerline Piping, Inc.*,
273 Mich. App. 187 (Mich. App. 2006) ..................................................................17

*Novak v. Nationwide Mut. Ins. Co.*,
235 Mich. App. 675, 599 N.W.2d 546 (Mich. App. 1999) .........................................21

*Olmstead v. Anderson*,
428 Mich. 1, 400 N.W.2d 292 (1987) ....................................................................12

*Pandey v. Sharma*,
    No. 1:07-cv-664, 2008 WL 3008232 (S.D. Ohio Aug 1, 2008) .............................................19

*Papasan v. Allain*,
    478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)..........................................................23

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)..........................................................13

*Sutherland v. Kennington Truck Service, Ltd.*,
    454 Mich. 274, 562 N.W.2d 466 (2007)..........................................................................6, 12

*Temple v. Fleetwood Enterprises, Inc.*,
    133 Fed. Appx. 254 (6th Cir. 2005)...................................................................................16

*Treadway v. Damon Corp.*,
    2004 WL 3372010 (E.D. Mich. 2004) .............................................................................6, 17

*U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*,
    532 F.3d 496 (6th Cir. 2008) ......................................................................................20, 21

*Walsh v. Ford Motor Co.*,
    807 F.2d 1000 (D.C. Cir. 1986) .......................................................................................16

*Webb v. First of Michigan Corp.*,
    195 Mich. App. 470 (Mich. App. 1992) ..........................................................................6, 21

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ..........................................................................................................19

*Yadlosky v. Grant Thornton LLP*,
    197 F.R.D. 292 (E.D. Mich. 2000) ....................................................................................13

**STATUTES**

MCL 440.2313........................................................................................................12, 14, 15, 16

MCL 440.2314................................................................................................................................17

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.............................................................16

Michigan Consumer Protection Act, MCL 445.901.....................................................................19

## STATEMENT OF ISSUES PRESENTED

1. Should plaintiffs' express warranty and Magnuson-Moss Warranty Act claims be dismissed when plaintiffs have failed to allege the creation of an express warranty?

   **DEFENDANT'S ANSWER:  YES**

2. Should plaintiffs' implied warranty claims be dismissed when plaintiffs have failed to allege the essential terms of an implied warranty claim?

   **DEFENDANT'S ANSWER:  YES**

3. Should plaintiffs' unjust enrichment claim be dismissed when plaintiffs have failed to show an entitlement to quasi-contractual relief?

   **DEFENDANT'S ANSWER:  YES**

4. Should plaintiffs' declaratory relief claim be dismissed when plaintiffs have failed to show that there is a public interest in the outcome of their claims?

   **DEFENDANT'S ANSWER:  YES**

5. Should plaintiff Date's claim under the Michigan Consumer Protection Act be dismissed when Date has failed to allege the essential elements of that claim?

   **DEFENDANT'S ANSWER:  YES**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

*Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229 (C.D. Cal. 2008)

*Johnson v. Mitsubishi Digital Electronics America, Inc.*, 2010 WL 547777 (9th Cir. 2010)

*Cooper v. Samsung Electronics America, Inc.,* 2008 WL 4513924 (D.N.J. 2008)

*Cooper v. Samsung Electronics America, Inc.*, 2010 WL 1220946 (3d Cir. 2010)

*Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 562 N.W.2d 466 (2007)

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617  (Mich. App. 2009)

*Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300 (E.D. Mich. 2005)

*In re McCallum Estate*, 153 Mich. App. 328 (Mich. App. 1986)

*Jackson v. Tel. Chrysler Jeep, Inc.*, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009)

*Webb v. First of Michigan Corp.*, 195 Mich. App. 470  (Mich. App. 1992)

*Fox v. Sherwin-Williams Co.*, 2010 WL 46905 (Mich. App. 2010)

*Treadway v. Damon Corp.,* 2004 WL 3372010 (E.D. Mich. 2004)

*Eaton Corp. v. Minerals Technologies, Inc.*, 1999 WL 33485557 (W.D. Mich. 1999)

## INTRODUCTION

Plaintiff David Date's claims against defendant ABC Appliance, Inc. ("ABC") have always been insubstantial, but in the Third Amended Complaint, the status of those claims has changed from "afterthought" to "nonexistent." Date is no longer even bothering to allege that ABC misled him, or gave him a "warranty," regarding his television's input capabilities through statements in its retail circulars or on its website.[1] Nor has Date replaced those now-defunct allegations with new facts to support his claim that ABC misled him, or gave him a warranty, regarding his television's 1080p inputs.

Instead of specific allegations that ABC supposedly did something wrong, Date now offers a long discussion of broadcast and high-definition optical disc standards, which he apparently intend to support his argument that ABC should not have used the phrase "1080p television" to describe his television. TAC at ¶¶ 7-22. But those allegations, even if taken as true, are not enough to support Date's fraud, warranty or related claims against ABC. Date does not, and cannot, allege facts showing that ABC ever claimed, or warranted, that his television would accept 1080p signals, without additional signal processing, through all of its inputs. Worse, Date has affirmatively alleged facts conceding that his television *is* a "1080p television." Date admits that his television has a screen that displays 1080 lines of vertical resolution in a progressive scan display. TAC, ¶ 16. He also admits that his television is capable of displaying non-1080p signals at 1080p, *id.* at ¶ 17, and of accepting native 1080p signals over its cable television input. *Id.* at ¶ 46.

Date's case thus reduces to the bare assertion that it was inherently misleading for ABC to use the phrase "1080p television" to describe a 1080p television. That  is not enough to

---

[1]     *Cf.* Second Amended Complaint at Exhibit B.

support his claims for fraud, breach of warranty, unjust enrichment or declaratory relief – claims that have numerous additional defects, as discussed below.  The Third Amended Complaint should be dismissed.

## THE THIRD AMENDED COMPLAINT

Although Date purports to sue ABC for breach of express warranty, fraud and misrepresentation, he has not even attempted to identify any specific representation or "warranty" supposedly made by ABC.  His allegations – long on conclusory claims of fraud and warranty, and fatally short on alleged facts to back those claims up – are briefly summarized below.

**Date's Allegations Against ABC**

David Date is a Michigan resident who allegedly purchased his Sony television in Michigan on March 31, 2006.  TAC ¶ 36.  Date alleges that prior to purchasing his television he "reviewed various advertisements and specifications for televisions," *id.*, but he has not identified any specific advertisement or specification that he actually reviewed prior to purchasing his television.[2]  Instead, he claims merely that he was "told" by both an ABC Warehouse employee, and a sticker affixed to the television, that it was a "1080p television."  *Id.* at ¶¶ 38-39.  Mr. Date claims that the description of the television as a "1080p television" was false and misleading, even though he admits that the television was, in fact, a 1080p television. *Id.* at ¶ 45.

It is worth noting that Date's allegations in the TAC against ABC (and Sony, for that matter) are substantially more vague than the allegations he made in the first three versions of his

---

[2]    While Date purports to quote what he describes as a Sony "marketing document" regarding the subject televisions, he does not allege that he saw that document before he purchased his television, let alone that he relied on it when deciding to purchase his television.

complaint.  He previously claimed that an advertisement run by ABC Warehouse misled him, and created a warranty, regarding his television's input capabilities.  *See* Second Amended Complaint at ¶ 23 and Exhibit B.  That claim – and any mention of the ABC ad – has been completely removed from the TAC.

**Handler's Allegations**

Elliot Handler is a New York resident who allegedly purchased his Sony television at New York Wholesale Audio & Video in New York City in the summer of 2005.  *Id.* at ¶ 54.  He does not allege that he purchased his television from ABC; that he ever saw an advertisement relating to his television (or anything else) from ABC; or that he has ever shopped at, or had any interactions of any kind with, ABC.  *See* TAC, *passim*.  Since he does not appear to set forth any claims against ABC, his allegations can be ignored for purposes of this motion.

It does not appear that Handler is attempting to bring any personal claims against ABC. *See, e.g.,* TAC Count V (acknowledging that Magnuson-Moss claim against ABC is brought only by Date); Count X (acknowledging that MCPA claim against Sony and ABC is brought only by Date); Count XI (acknowledging that Handler's New York fraud claim is brought only against Sony).  Unfortunately, the TAC is less clear in other places: several of plaintiffs' claims are purportedly brought on behalf of "plaintiffs" against ABC or "all defendants," and thus could arguably be read to state claims by Handler against ABC.  *See, e.g.*, Count III (express warranty claim against all defendants); Count VII (implied warranty claim against ABC); Count VIII (unjust enrichment claim against all defendants); and Count IX (declaratory relief claim against all defendants).  This appears to be a drafting oversight.

In any event, as ABC explains further below, Handler clearly has not alleged facts sufficient to state a claim against ABC.

**ARGUMENT**

Only Date purports to bring claims against ABC, and even he names ABC as a defendant on only some of his claims.  Date does not claim that ABC violated California law (Counts I and II of the TAC), and he has set forth his Magnuson-Moss and implied warranty claims against ABC in separate counts from his claims against Sony.  As a result, only Counts III (express warranty), V (Magnuson-Moss), VII (implied warranty), VIII (unjust enrichment), IX (declaratory relief) and X (Michigan Consumer Protection Act) are set forth against ABC.  For the reasons discussed below, they should all be dismissed.

**I.      Other Courts Have Repeatedly Rejected Plaintiffs' Claims**

Several federal Courts have recently considered – and rejected – claims nearly identical to those made in the TAC.  These decisions (and their uniform hostility to the claims that Date and Handler are now attempting to pursue in this Court) help illuminate the myriad weaknesses in plaintiffs' claims.  In particular, several of the arguments now pressed by plaintiffs have been specifically rejected by other federal courts:

**The term "1080p" is not sufficient to create an express warranty regarding input capabilities.**  In *Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229, 1238 (C.D. Cal. 2008), the plaintiff (represented by plaintiffs' lawyers in this case) argued that Mitsubishi's use of the term "1080p" to describe a television created an express warranty that the television could accept native 1080p signals through its HDMI input.  The Central District of California rejected this claim, noting that

> [T]he abstract designation 1080p does not convey a specific claim that is recognizable to the targeted consumer. It can be used to describe the density and scanning rate of the picture displayed on a television, the characteristics of a bit stream encoded by broadcasters or content producers to be burned onto a digital videodisc, or the signal being sent from a video game console or computer to a

4

> television monitor. The term is capable of carrying a multiplicity of meanings or
> no meaning at all.

*Johnson*, 578 F. Supp. 2d at 1238.  The Ninth Circuit recently affirmed *Johnson*'s holding that

the phrase "1080p" is insufficient to create a warranty regarding a television's input capabilities.

*Johnson v. Mitsubishi Digital Electronics America, Inc.*, No. 08-56792, 2010 WL 547777, *2

(9th Cir. Feb. 17, 2010).

**It is not false or misleading to use the phrase "1080p" to describe a television that
cannot accept 1080p native signals through all of its inputs.**  The *Johnson* court also held that

Mitsubishi's use of the term "1080p" to describe a television that lacked 1080p-native inputs was

not false or misleading, noting that neither that term, nor Mitsubishi's use of other superlatives to

describe the television in question, could be reasonably understood as promising 1080p native

input capabilities.  *Johnson*, 578 F. Supp. 2d at 1241.   That holding was also affirmed by the

Ninth Circuit.  *Johnson*, 2010 WL 547777, at *2-3.

**The inability to accept 1080p-native signals is not a manufacturing defect.**  In *Cooper

v. Samsung Electronics America, Inc.*, the plaintiff argued, among other things, that the inability

of a Samsung 1080p television to accept 1080p signals over its HDMI input violated Samsung's

express limited warranty against manufacturing defects.  The District of New Jersey rejected this

claim, No. 07-3853 (JLL), 2008 WL 4513924 (D.N.J. 2008), and the Third Circuit affirmed,

holding that the plaintiff's claim that his television's "design deviated from Samsung's

advertisements and packaging" was not sufficient to state a claim for a manufacturing defect

under Samsung's warranty.  No. 08-4736, 2010 WL 1220946, at *2 (3d Cir. 2010).

As ABC explains further below, plaintiffs' claims suffer from these flaws and others.

II.     **Michigan Law Governs Date's Claims Against ABC**

It is unclear whether Date believes that something other than Michigan law governs his claims against ABC.  On the one hand, he has not named ABC as a defendant on Count I or II of the complaint (both of which are stated under California law), but has named ABC as a defendant on his Michigan Consumer Protection Act claim;  presumably, this was all done in recognition of the fact that Michigan, not California, law governs his claims.  On the other hand, he has brought his express warranty claim against ABC under "UCC 2-313," rather than the relevant Michigan statute for express warranty claims (MCL 440.2313), and his other claims against ABC fail to identify any governing law.  In an excess of caution, ABC will briefly demonstrate why Michigan law should be applied to Date's claims.

As a Court sitting in diversity, this Court applies Michigan choice of law rules when determining which states' laws govern plaintiffs' claims.  *See, e.g., Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1932);  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).  Michigan has adopted a modified *lex fori* approach to choice of law in tort cases, which requires that the law of the forum state be applied unless there is a "rational reason" to displace it.  *Olmstead v. Anderson*, 428 Mich. 1, 29-30, 400 N.W.2d 292, 305 (1987).  As the Michigan Supreme Court has explained:

> We will apply Michigan law unless a "rational reason" to do otherwise exits.  In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis.  First, we must determine if any foreign state has an interest in having its law applied.  If no state has such an interest, the presumption that Michigan law will apply cannot be overcome.  If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Sutherland v. Kennington Truck Service, Ltd.*, 454 Mich. 274, 562 N.W.2d 466 (2007).  In determining whether a state has an interest in having its law applied to a dispute pending in

Michigan, it is not enough for the foreign state merely to have some connection to the defendant; instead, a state must have "both contact with the lawsuit and a significant relationship to a defendant." *In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*, 20 F. Supp. 2d 1110, 1112 (E.D. Mich. 1998).[3]

Date's claims are clearly governed by Michigan law under this test. Date is a Michigan resident, TAC at ¶ 3, who was supposedly "defrauded" in Michigan while purchasing his Sony television from ABC in Michigan, *id.* at ¶ 38, and then suffered his supposed "injury" in Michigan. *Id.* at ¶ 44. ABC is also a Michigan resident. TAC at ¶ 6. There are no facts alleged in the complaint to support the application of anything other than Michigan law to Date's claims.

Michigan courts have a substantial interest in applying Michigan law to suits brought by Michigan residents in Michigan courts, like this case. *See Brandt v. Starwood Hotels and Resorts Worldwide, Inc.*, No. 02-10285-BC, 2004 WL 2958661 (E.D. Mich. 2004) (applying Michigan law to tort claim brought by Michigan resident based on accident in a Florida hotel, and noting Michigan's "interest of seeing that Michigan law uniformly applies in Michigan

---

[3]     That is not to say, however, that Michigan law can simply be applied to Date's and Handler's claims as a matter of course, or that Michigan law could be applied to the claims of all putative class members. Due process considerations generally prohibit the uniform application of state laws to nationwide class claims. *See, e.g., Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 821-22, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *Georgine v. Amchem Products, Inc.,* 83 F.3d 610, 627 (3rd Cir. 1996), *aff'd sub nom, Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Instead, Michigan's choice of law analysis must be conducted independently for all of the putative class members. *Yadlosky v. Grant Thornton LLP*, 197 F.R.D. 292, 300 (E.D. Mich. 2000) ("due process requires individual consideration of the choice of law issues raised by each class member's case before certification"); *In re Jackson Nat. Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 223 (W.D. Mich. 1998) ("choice-of-law analysis is a matter of due process and is not to be altered in a nationwide class action simply because it may otherwise result in procedural and management difficulties"). Although not a necessary element of the current motion, it is worth noting that the disparity between Michigan, New York and other laws governing the putative class claims will almost certainly preclude certification of plaintiffs' proposed class. *Jackson Nat. Life Ins.,* 183 F.R.D. at 223 (noting that variations among state laws governing putative class members' claims "seriously undermine plaintiffs' predominance showing"); *Yadlosky*, 197 F.R.D. at 300-302 (refusing to certify class when individual state law issues would predominate).

courts"); *Foster v. Federal Express Corp.*, No. 04-10325-BC, 2005 WL 3369484 (E.D. Mich. 2005) (applying Michigan law to employment discrimination suit brought by employee originally hired in Michigan but terminated in Washington).  This Court must apply Michigan law to Date's claims against ABC.

## III.   Date's Express Warranty Claim Should Be Dismissed

Date's express warranty claim against ABC fails as a matter of law.  Although he has asserted that claim under "UCC 2-313," it is in fact governed by MCL 440.2313, Michigan's version of the UCC's express warranty provision.  Date has failed to set forth a cognizable claim under that section.

As the Michigan Court of Appeals recently explained, claims for breach of express warranty under Michigan law are, essentially, claims for breach of contract, and cannot survive in the absence of an actual contract between the parties that contains the express warranty term that supposedly has been breached:

> MCL 440.2313 clearly provides that ***express warranties are limited to statements, descriptions, representations, samples and models that "are made part of the basis of the bargain."***  Given this statutory language, we are compelled to conclude that where there is no contract, and therefore no bargain, there can be no express warranty under MCL 440.2313.

*Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617, 635 (Mich. App. 2009) (emphasis added).

Date has failed to allege facts sufficient to support his claim, because he has failed to allege facts showing that ABC's alleged "warranty" to him was even discussed at the time he purchased his television, let alone a "basis of the bargain."   It was Date's burden to do so in the complaint.  "In an action for breach of express warranty, the court will not presume the existence of an express warranty, and the burden is on the plaintiff to prove that an express warranty exists."  *Id.* at 637; *see also Hammel v. Foor*, 359 Mich. 392, 400 (1960).

Date's warranty claim  appears to be that ABC, by allegedly using the term "1080p" to describe his television, gave Date an express "warranty" that his television would accept 1080p input signals, without intermediate signal processing, ***over all of its inputs***, not just over its cable input.  *See* TAC at ¶¶ 38, 89-90.  These allegations are insufficient for at least two reasons.

First, Date has not even attempted to allege facts showing that ABC's alleged use of the phrase "1080p television"[4] constituted "an express statement of warranty" that the television accepted 1080p signals over all of its inputs.[5]  He has not alleged that he ever asked about, or ABC ever discussed, the input capabilities of his television.  He has not alleged that ABC ever made ***any*** representation to him, of any kind, regarding his television's input capabilities.  Nor has he alleged that he relied on ABC's (unalleged and nonexistent) claims about his television's input capabilities when deciding to purchase his television.

In short, Date has not even tried to allege facts showing that ABC gave him a "warranty" about his television's supposed 1080p input capabilities, let alone that this hypothetical warranty was a "basis of the bargain" sufficient to create an express warranty under MCL 440.2313.  Date cannot sue ABC for breach of an express warranty that he has not even attempted to show actually existed.  *Heritage Resources,* 284 Mich. App. at 635; *see also Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229, 1238 (C.D. Cal. 2008) (use of term "1080p" to advertise television not sufficient to create warranty regarding input capabilities).

---

[4]     ABC's description of Date's television as "1080p" was, moreover, unquestionably ***accurate***.  Plaintiffs admit that the television has a native display resolution of 1080p, and that it can accept 1080p broadcast signals over its cable input.  TAC at ¶ 16-17, 46.  Date's claim that ABC's use of the phrase "1080p" in connection with his television was somehow inherently misleading, TAC at ¶¶ 89-90, is belied by the allegations in his own complaint.

[5]     Indeed, Date ***admits*** that other "marketing materials" he supposedly saw at the time did not make any representations about the ability of his television to accept a 1080p signal.  *See* TAC at ¶ 37 ("Nowhere in Sony's marketing materials is there an indication that the television cannot accept a 1080p signal through one or more of the television's inputs").

Second, Date has alleged – at most – that ABC's alleged failure to disclose the television's alleged "limitations" caused Date to form an erroneous "understanding" of its input capabilities.  *See* TAC at ¶ 43.  That is not enough to create an express warranty in Michigan, as a matter of law.  The fact that a buyer may have an "understanding" does not give rise to an express warranty under MCL 440.2313 when no express statement of warranty has been made. *Heritage Resources*, 284 Mich. App. 617, 635 n. 11; *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 631 (1986).  Nor is a "general expression of opinion" sufficiently specific to create an express warranty under MCL 440.2313.  *Heritage Resources*, 284 Mich. App. at 635 n. 11; *McGhee v. GMC Truck & Coach Division*, 98 Mich. App. 495, 501 (Mich. App. 1980).

Date has utterly failed to allege facts to support his claim that ABC gave him a "warranty" on the input capabilities of his television.  His claim under Count III should be dismissed.

## IV.  Date's Magnuson-Moss Claim Should Be Dismissed

Date's failure to plead a cognizable express warranty claim against ABC is fatal to his claim in Count V of the TAC for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.  A claim for violation of the Magnuson-Moss Act "is directly dependent upon a sustainable claim for breach of warranty."  *Temple v. Fleetwood Enterprises, Inc.*, 133 Fed. Appx. 254, 268 (6th Cir. 2005); *Walsh v. Ford Motor Co.*, 807 F.2d  1000, 1012 (D.C. Cir. 1986).  If a plaintiff has failed to plead cognizable claim for violation of express warranty under applicable state law, he cannot pursue a Magnuson-Moss claim.  *Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300, 307 (E.D. Mich. 2005)

As explained above, Date has not set forth "a sustainable claim for breach of warranty" against ABC. His Magnuson-Moss claims is therefore defective as a matter of law and should be dismissed.

## V.   Date's Implied Warranty Claims Should Be Dismissed

Date's claim for breach of the implied warranty of merchantability against ABC, set forth in Count VII of the TAC, should be dismissed as well. Date has failed to allege facts sufficient to show, as he must, that the alleged "defect" rendered his television unfit for its ordinary purpose, an inquiry that focuses on the expectations for the performance of the product when used in customary, usual and reasonably foreseeable manners. *See Treadway v. Damon Corp.,* No. 03-CV-73650-DT, 2004 WL 3372010 at *6-7 (E.D. Mich. 2004); *Eaton Corp. v. Minerals Technologies, Inc.*, No. 96CV162, 1999 WL 33485557 at *7 (W.D. Mich. 1999); MCL 440.2314.

Date has not alleged facts sufficient to demonstrate that his television is "unfit for its ordinary purpose." Quite the opposite: Date admits that he is unhappy with his television because he cannot use it as a 1080p computer monitor (TAC ¶ 44), a distinctly uncustomary and unusual use. Date's implied warranty claims should be dismissed

## VI.   Date's Unjust Enrichment Claims Should Be Dismissed

Date's claim for unjust enrichment, Count VIII of the TAC, is likewise deficient. In order to state a claim for unjust enrichment under Michigan law, Date must show (1) the receipt of a benefit by ABC from Date and (2) an inequity resulting to Date because of ABC's retention of the benefit. *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (Mich. App. 2006). "In other words, the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Id.*

Date's unjust enrichment claims suffer from a variety of defects.  First, a buyer who voluntarily gives money to a seller as part of a contract for the sale of goods has not "unjustly enriched" the seller unless the benefits were conferred by mistake, coercion or request.  *In re McCallum Estate*, 153 Mich. App. 328, 335 (Mich. App. 1986) ("A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution" on an unjust enrichment theory).

Date has not alleged that he purchased his Sony television due to mistake, coercion or request by ABC.  Instead, he alleges only that he discovered after purchase that his television was not quite as functional as he had hoped.  As a matter of law, that allegation cannot support an unjust enrichment claim.  To allow Date to proceed on the instant unjust enrichment theory would be tantamount to holding that an unjust enrichment claim lies every time a purchaser suffers from buyers' remorse.  That is obviously not the law of either Michigan.

Date's unjust enrichment claims also fail because he is attempting to imply a contract on which an express contract already exists: i.e., alleged warranties regarding the future performance of the subject televisions.  An unjust enrichment theory cannot be used to imply a contract "when an express contract already addresses the pertinent subject matter."  *Liggett Restaurant Group, Inc. v. City of Pontiac*, 260 Mich. App. 127, 137-38 (Mich. App. 2003).  This is true even the plaintiff is not suing on the express contract.  *Liggett,* 260 Mich. App. at 137.

It is undisputed that Sony gave Date an express limited warranty covering the future performance of his television.  Date is now essentially asking the Court to imply a much broader warranty against ABC, one that guarantees that the televisions will accept 1080p signals through all inputs.  Unjust enrichment cannot be used to rewrite the terms of the parties' express agreements in the manner now urged by Date.  Count VIII should be dismissed.

12

## VII.   Date's Declaratory Relief Claim Should Be Dismissed

Date's claim for declaratory relief against ABC is frivolous and should be dismissed. Date claims that he is entitled to declaratory relief because without such relief "the general public may be without adequate remedy," TAC at ¶ 135, but he has alleged no facts to support that claim, and it is hard to see how he could do so.  The televisions at issue in this case went on the market in 2005 and were replaced by their successor models in 2006.  There is no basis for believing – and certainly none alleged by plaintiffs – that the public has any interest in the outcome of this suit, let alone an interest that needs to be protected by declaratory relief.  Given the threadbare and implausible nature of plaintiffs' allegations in support of this claim, this Court should dismiss it.  *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Pandey v. Sharma*, No. 1:07-cv-664, 2008 WL 3008232, *5 (S.D. Ohio Aug 1, 2008).

## VIII.   Date's Michigan Consumer Protection Act Claim Should Be Dismissed

Finally, Date's claim in Count X of the TAC for relief under the Michigan Consumer Protection Act, MCL 445.901, also fails to set forth a claim for relief against ABC, for several reasons.

A claim for violation of the MCPA is analogous to a common law fraud claim.  *Jackson v. Tel. Chrysler Jeep, Inc.*, No. 07-10489, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009) ("[I]t is proper to construe the provisions of the MCPA 'with reference to the common-law tort of fraud.'") (quoting *Zine v. Chrysler Corp.*, 236 Mich. App. 231, 283, 600 N.W.2d 384, 398 (Mich. App. 1999) and *Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 178, 182-83, 341 N.W.2d 268 (Mich. App. 1983)).  Date must accordingly allege facts showing that: (1) ABC made a material misrepresentation, (2) the representation was false, (3) ABC knew or should have known that the representation were false, (4) ABC intended for Date to rely upon the false

13

representation, and (5) Date incurred damages through their reliance upon the representation. *Foreman v. Foreman,* 266 Mich. App. 132, 141, 701 N.W.2d 167 (Mich. App. 2005).   Date must also prove that his reliance was reasonable. *Game On Ventures, Inc. v. General RV Center, Inc.* 587 F. Supp. 2d 831 (E.D. Mich. 2008) (citing *Novak v. Nationwide Mut. Ins. Co.,* 235 Mich. App. 675, 690-91, 599 N.W.2d 546 (Mich. App. 1999)). "Reliance is unreasonable as a matter of law when the terms of the parties' contract specifically contradict the representations on which [they claim] to have relied." *Id.*  Finally, he must do all of this in compliance with Rule 9(b)'s requirement that fraud be plead with particularity.  *See, e.g., U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (Rule 9(b) requires plaintiff to "allege the time, place, and content of the alleged misrepresentation").

Date has failed to allege several of the elements required for fraud under Michigan law. First, Date has not even attempted to allege facts showing that ABC's alleged use of the phrase "1080p television" constituted a "material misrepresentation" of the television's input capabilities.  Date has not alleged that he ever asked about, or ABC ever discussed, the input capabilities of his television.  He has not alleged that ABC ever made ***any*** representation to him, of any kind, regarding his television's input capabilities.  Nor has he alleged that he relied on ABC's (unalleged and nonexistent) claims about his television's input capabilities when deciding to purchase his television.  His claim fails as a matter of law in the absence of these allegations. *See Kussy v. Home Depot U.S.A., Inc.*, No. 06-12899, 2006 WL 3447146 at *6-7 (E.D. Mich. 2006).

Date's vague allegations regarding ABC's supposedly "uniform" representations that his 1080p television is, in fact, a "1080p television," *see* TAC at ¶¶ 36-39, do not solve the problem. These allegations fall far short of the requirements of Rule 9(b); Date has not even attempted to

set forth the "time, place and content" of these allegedly misleading statements.. *SNAPP*, 532 F.3d at 503.  Even if he had done so, moreover, it would not help:  Date has failed to allege facts to support his claim that ABC's representation of his television as a "1080p television" was false.  In fact, Date has alleged the opposite: he concedes that his television *is* a "1080p television," capable of displaying 1080p signals natively, converting non-1080p signals to 1080p for display, and accepting 1080p signals natively over its cable input.  *See* TAC at ¶¶ 16-17, 46.  These admission are fatal to his MCPA claim, since MCPA claims cannot be based on truthful representations.

Third, Date has failed to allege facts showing that his claimed reliance on the term "1080p television" as a representation that his television could accept 1080p input signals over all of its inputs was reasonable.  A fraud plaintiff cannot establish reasonable reliance "where the means of knowledge regarding the truthfulness of the representations are available to [him] and the degree of their utilization has not been prohibited by the defendant."  *Webb v. First of Michigan Corp.*, 195 Mich. App. 470, 474 (Mich. App. 1992); *see also Fox v. Sherwin-Williams Co.*, No. 287999, 2010 WL 46905 (Mich. App. 2010)  (same).   Similarly, reliance is unreasonable as a matter of law "when the terms of the parties' contract specifically contradict the representations on which [plaintiff claims] to have relied."  *Novak,* 235 Mich. App. at 690-91.

Fourth, Date has not even attempted to allege that the input capabilities of the television were hidden from him, or could not have been discovered by him prior to purchase through the exercise of reasonable diligence.  Moreover, Date ***admits*** that Sony's "marketing materials" did not make any representations about the ability of his television to accept a 1080p signal.  *See* TAC at ¶ 37.  The meaning he now ascribes to the phrase "1080p television" is thus specifically

contradicted by the terms of the "marketing document" he cites in his complaint, which lists the television's inputs without making any reference to their ability to accept 1080p signals. His MCPA claim cannot survive in light of these pleading deficiencies. *See Jackson*, 2009 WL 928224 at *4-5 (rejecting MCPA claim based on alleged oral misrepresentation that was contradicted by language of the parties' contract); *Fox*, 2010 WL 46905 at *2 (affirming dismissal of MCPA claim when plaintiff failed to establish reasonable reliance).

Finally, Date's MCPA claim fails because his claim is rooted in ABC's alleged express and implied warranties regarding the input capabilities of Date's television, but he has failed to allege any such warranties. A purchaser "cannot assert a claim against the seller alleging a violation of the MCPA based on warranty-related representations when the seller made no express or implied warranties." *Harnden*, 408 F. Supp. 2d at 309. Because Date has based his MCPA claim in ABC's alleged breach of warranties, but has failed to plead any cognizable breach of warranty claims, his MCPA claim fails as a matter of law. Count X should be dismissed.

## IX. Handler Has Failed To Allege Claims Against ABC

As noted above, it does not appear that plaintiff Elliot Handler has even attempted to allege claims against ABC, although the TAC is less clear on this point than it could be. If Handler is, indeed, attempting to state claims against ABC, he has obviously failed to do so. He does not allege that he purchased his television from ABC; that he ever saw an advertisement relating to his television (or anything else) from ABC; or that he has ever shopped at, or had any interactions of any kind with, ABC. *See* TAC, *passim*.

Without such allegations, Handler has failed to state plausible – or even comprehensible – claims against ABC. "Threadbare recitals of the elements of a cause of action, supported by

16

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), *see also Twombly,* 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").   Handler was required to provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly,* 550 U.S. at 555 n.3.   Since Handler's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).   Handler's claims against ABC, if any, should be dismissed.

## **CONCLUSION**

For the reasons stated above, the Third Amended Complaint should be dismissed with prejudice.


June 11, 2010

                                        Respectfully submitted,

MILLER, CANFIELD, PADDOCK &
STONE, PLC


 s/ Clarence L. Pozza Jr.
Clarence L. Pozza Jr. (P24168)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 11, 2010, I electronically filed the foregoing **MOTION TO DISMISS THIRD AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record (see attached list of Plaintiffs' Counsel)

Respectfully Submitted

MILLER, CANFIELD, PADDOCK & STONE, PLC

 s/ Clarence L. Pozza Jr. _____
Clarence L. Pozza Jr. (P24168)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

18,059,652.1\140018-00001

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID   DATE,   JR.   AND   ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

               Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

               Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birminghan, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel:  (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

## PLAINTIFFS' COUNSEL