UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT HANDLER,
Individually and On Behalf of All Others Similarly Situated,

   Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC APPLIANCE, INC., d/b/a ABC WAREHOUSE,

   Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

| | |
|---|---|
| CHITWOOD HARLEY HARNES LLP<br>Darren T. Kaplan<br>1230 Peachtree Street, NE, Suite 2300<br>Atlanta, GA 30309<br>Tel: (404) 873-3900<br>Fax: (404) 873-4476<br>Email: dkaplan@chitwoodlaw.com<br><br>KABATECK BROWN KELLNER LLP<br>Brian S. Kabateck<br>644 South Figueroa Street<br>Los Angeles, CA 90071<br>Tel: (213) 217-5000<br>Fax: (213) 217 5010<br>Email: bsk@kbklawyers.com<br><br>*Attorneys for Plaintiffs*<br>*(additional counsel on service page)* | MILLER, CANFIELD, PADDOCK & STONE, PLC<br>Clarence L. Pozza Jr. (P24168)<br>Thomas W. Cranmer (P25252)<br>Robert J. Wierenga (P59785)<br>Kimberly K. Kefalas (P64949)<br>Attorneys for Defendants<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226-4415<br>Telephone: (313) 496-7756<br><br><br><br><br><br><br><br>*Attorneys for Defendants* |

**ABC APPLIANCE, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## **INTRODUCTION**

Plaintiff David Date's opposition to ABC's motion to dismiss depends almost entirely on the notion that this Court, when it rejected the parties' agreed settlement, somehow relieved Date from actually pleading and proving the elements of his claims.[1]  As we explain, Date is wrong.

### I. This Court's Rejection of the Parties' Agreed Settlement is not Law of the Case on the Legal Sufficiency of Plaintiffs' Claims

Date first argues that this Court, when it rejected the parties' agreed settlement, "recognized" that Date's claims have merit, and those "findings" are now law of the case. Pl. Opp. at 3.  This argument fails for several reasons.

First, the supposed "factual findings" that Date claims are law of the case relate to "facts" *that are no longer alleged by Date*.  Date claims that this Court "found" that he relied on "Sony advertising" of his television's 1080p capabilities when he bought his television, and that ABC was somehow also responsible for those advertisements.  *Id.* at 4.  But Date is no longer making that claim; the Third Amended Complaint eliminated Date's previous allegations that he relied on specific advertisements.  *See* ABC Br. at 2-3.  Moreover, Date does not even argue – because he cannot – that this Court made "findings" regarding ABC's supposed liability.

It would also be contrary to settled law of the case doctrine to treat the Court's rejection of the settlement as law of the case on any merits issue.  "Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.  They do not decide the merits of the case or resolve unsettled legal questions."  *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n. 14 (1981).  The Court's decision on the suitability of the settlement was thus akin to a decision on a motion for preliminary injunction – both procedures require the Court to form an initial

---

[1]  Plaintiff Elliot Handler has clarified that he is not bringing any claims against ABC.

1

impression of the merits of the plaintiff's case, and nothing more. "[A] decision made on a party's motion for preliminary injunction does not constitute law of the case," since such decisions are made "on basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Guillermety v. Secretary of Educ. of U.S.*, 241 F. Supp. 2d 727, 731-32 (E.D. Mich. 2002) (Borman, J.). This Court's decision to reject the parties' settlement is not law of the case on the merits, or sufficiency, of Date's claims against ABC.

## II.     California Law Cannot Be Applied To Date's Claims Against ABC

Date has failed to show that his obviously Michigan-based claims (he is a Michigan plaintiff, suing a Michigan defendant, in a Michigan court, based on "wrongdoing" supposedly committed in Michigan and for injuries supposedly suffered here) should, somehow, nonetheless be governed by California law. As ABC showed in its opening brief, Michigan choice of law rules would clearly choose Michigan law to govern Date's claims, and Date himself has alleged that Michigan law applies to his case by bringing a MCPA claim. Moreover, Date's argument that California choice of law rules should be applied because his case were transferred to this Court pursuant to 28 U.S.C. §1404(a) does not even arguably apply to his claims against ABC. As Date admits, ABC brought a motion to dismiss Date's California complaint for want of personal jurisdiction. Since that motion was not resolved at the time of transfer, Date cannot argue that he is "entitled" to California choice of law rules, because he has never shown that he could properly sue ABC in California. Michigan law should govern Date's claims.

## III.    Date's Express Warranty Claim Should Be Dismissed

As ABC showed in its opening brief, Date has failed to allege facts supporting his apparent claim that he actually bargained for, and received, an express warranty from ABC

2

regarding his television's 1080p input capabilities. Date's only response is to claim that his vague and conclusory allegations are sufficient. Pl. Opp. at 8-9. He is mistaken.

First, Date has alleged no facts to show – as he must – that he *actually contracted* with ABC for any alleged "1080p input" warranty term. Express warranties are creatures of contract, and a plaintiff suing on an express warranty theory must show that he actually bargained for, and received, the express warranty term in question. *Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617, 634 (Mich. App. 2009). It is Date's burden to plead and prove facts showing the creation of the express warranty contract term. *Id.* at 638.

Date has not come close to alleging facts showing that he actually bargained for, and received, an express warranty from ABC regarding his television's input capabilities. Indeed, Date has not even been able to consistently allege precisely what his alleged "1080p input" warranty term supposedly covered. In his Second Amended Complaint, he appeared to claim that ABC "warranted" that his television would "always run at 1080p." *See, e.g.,* SAC at ¶¶ 24-28. He has abandoned that claim in the TAC, but has failed to come up with anything consistent to replace it. Sometimes he claims that ABC "warranted" that his TV would "accept 1080p signals from all upcoming 1080p sources," TAC at ¶ 41, other times that it would accept "1080p signals through [its] relevant inputs." *Id.* at ¶ 90. Date's demonstrated inability to even *describe* the alleged "express warranty" term he supposedly received from ABC – let alone allege facts to support his claim that he bargained for, and received, any such warranty term – is fatal to his express warranty claim.

Second, Date's claim that ABC somehow gave him an express (but undefined) "1080p input" warranty merely by using the term "1080p" in advertisements fails as a matter of law. The most Date has alleged is that (1) he saw and heard the term "1080p" in connection with his

3

television and (2) this gave him some understanding regarding the television's input capabilities over its (unidentified and unalleged) "relevant" inputs.  As a matter of law, those allegations are insufficient to create an express warranty.  *Heritage Resouces*, 284 Mich. App. at 635, n. 11 ("The fact that a buyer may have an 'understanding' does not give rise to an express warranty under MCL 440.2313 when no express statement of warranty has been made"); *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 630-31 (same).

### IV.   Date's Implied Warranty Claim Should Be Dismissed

Date responds to ABC's showing that his implied warranty claim fails by attempting to run away from his own allegations.  Date's claim that his television is "defective" is based solely on the alleged fact that he cannot use the television as a very, very large computer monitor.  *See* TAC at ¶ 44.  Since even Date seems to admit that his television was sold as a television, not a computer monitor, Date's non-standard use is fatal to his implied warranty claim.

Date's  response is to claim that he "specifically alleged" that his television is "unable to accept 1080p signals." Pl. Opp. at 10.  But he alleged no such thing; on the contrary, he has admitted that his television both (1) accepts 1080p signals without video processing over its cable input and (2) accepts 1080p signals with video processing over other inputs.  *See* TAC at ¶¶ 46, 16-17.  Moreover, this alleged failure is immaterial to *Date's* implied warranty claim, which is based solely on his television's alleged unsuitability as a computer monitor.

### V.   Date's Fraud Claim Should Be Dismissed

Date misreads *Dix v. American Bankers Life Assurance Co.*, 429 Mich 410, 417 (1987) for the proposition that a plaintiff suing under the MCPA need not plead or prove reasonable reliance. The court in *Dix* said only that reasonable reliance does not have to be established individually for each class member in a class action.  429 Mich. at 418.  That does not excuse

4

Date from pleading and proving reasonable reliance in support of his **personal** claim against ABC.

Date also misreads *Evans v. Ameriquest Mortgage Co.*, 2003 WL 734169 (Mich. App. 2003) for the proposition that only MCPA subsections (s) and (bb) require proof of reasonable reliance.  Courts have consistently dismissed MCPA claims that aver fraud but fail to satisfy the common law elements, no matter the specific subsections called out by plaintiffs.  *See, e.g., Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 178, 182-83 (Mich. App. 1983) (noting that "the great majority of the specific prohibited practices enumerated" in the MCPA, including subsections (a)-(cc), involve fraud, and construing those provisions "with reference to the common-law tort of fraud"); *Vandermale v. Harvey Automotive, Inc.,* 2005 WL 1459610 (Mich. App. 2005); *Jackson v. Telegraph Chrysler Jeep, Inc.*, 2009 WL 928224 (E.D. Mich 2009) (applying common law fraud elements to 14 distinct MCPA violations).

Date finally argues that MCPA claims are not limited to fraud.  Even if this is true, it gets Date nowhere, because **his** MCPA claim is based solely on alleged fraud.   TAC at ¶ 142.

## CONCLUSION

The Third Amended Complaint should be dismissed with prejudice.

    Respectfully submitted,

    MILLER, CANFIELD, PADDOCK & STONE, PLC

    s/ Clarence L. Pozza Jr.
    Clarence L. Pozza Jr. (P24168)
    150 West Jefferson, Suite 2500
    Detroit, MI 48226-4415
    Telephone: (313) 496-7756
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2010, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birminghan, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel:  (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

Respectfully Submitted

MILLER, CANFIELD, PADDOCK & STONE,
s/ Clarence L. Pozza Jr.
Clarence L. Pozza Jr. (P24168)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
pozza@millercanfield.com

18,294,938.1\140018-00001