UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. AND ELLIOT
HANDLER,
Individually and On Behalf of All Others
Similarly Situated,

        Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

        Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

*Attorneys for Plaintiffs*
*(additional counsel on service page)*

MILLER, CANFIELD, PADDOCK & STONE, PLC
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756

*Attorneys for Defendants*

---

**SONY ELECTRONICS, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# INTRODUCTION

Plaintiffs' opposition to Sony's motion to dismiss depends almost entirely on the notion that this Court, when it rejected the parties' agreed settlement, somehow relieved plaintiffs from actually pleading and proving the elements of their claims. As we explain, plaintiffs are wrong.

## I. This Court's Rejection of the Parties' Agreed Settlement is not Law of the Case on the Legal Sufficiency of Plaintiffs' Claims

Plaintiffs first argue that this Court, when it rejected the parties' agreed settlement, made the "factual findings" on a "full evidentiary record" that Date's claims have merit, and those "findings" are now law of the case. Pl. Opp. at 2. This argument fails for several reasons.

First, the supposed "factual findings" that Date claims are law of the case relate to "facts" *that are no longer alleged by Date*.   Date claims that this Court "found" that he relied on "Sony advertising" of his television's 1080p capabilities when he bought his television. *Id.* But Date is no longer making that claim; the Third Amended Complaint eliminated Date's previous allegations that he relied on specific Sony advertisements. *See* Sony Br. at 2-3.

Nor did the fairness hearing involve, or create, a "full evidentiary record" on any issue. The fairness hearing was held before the initiation of formal discovery. Neither this Court, nor the parties, had the benefit of a "full evidentiary record" at that hearing, and Handler was not even a party to this case at that time.

Finally, it would be contrary to settled law of the case doctrine to treat the Court's rejection of the settlement as law of the case on any merits issue. "Courts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement. They do not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n. 14 (1981). The Court's decision on the suitability of the settlement was thus akin to a decision on a

1

motion for preliminary injunction – both procedures require the Court to form an initial impression of the merits of the plaintiff's case, and nothing more.  "[A] decision made on a party's motion for preliminary injunction does not constitute law of the case," since such decisions are made "on basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."  *Guillermety v. Secretary of Educ. of U.S.*, 241 F. Supp. 2d 727, 731-32 (E.D. Mich. 2002) (Borman, J.).[1]  This Court's decision to reject the parties' settlement is not law of the case on the merits, or sufficiency, of plaintiffs' claims.

## II.     Plaintiffs' California Claims Should Be Dismissed

Plaintiffs do not deny that Michigan choice of law rules dictate that Michigan and New York, rather than California, law be applied to their claims.  Instead, they claim that California law applies because Date originally filed suit there.  This does not solve plaintiffs' problem.

First, plaintiffs' argument has no application to Handler's claims, since Handler comes into this Court via claims originally filed in this District, not via transfer.

Second, Date himself has alleged that Michigan law applies to his case by bringing a MCPA claim.  Whatever "right" to California law Date thinks he has thanks to his decision to file suit there, he has waived it by affirmatively seeking the protection of Michigan's laws.

Third, even if this Court decided to apply California choice of law rules to Date's claims, it would change nothing.  The  facts alleged by Date show that the conduct he is suing over occurred in Michigan, not California.  Under California choice of law rules, Date had to do more than generically allege that Sony is headquartered and conducts business there.  *See, e.g.,*

---

[1]     *See also Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 873, 874 n. 13 (6th Cir. 2007); *U.S. v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *New Jersey Hospital Ass'n v. Waldman*, 73 F.3d 509, 519 (3d Cir. 1996); *Technical Pub. Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984).

*Zimmerman v. Allstate Ins. Co.*, 179 Cal. App. 3d 840, 844-47 (Cal. App. 1986); *Northwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-25, 227-28 (Cal. App. 1999).

Finally, even if this Court decided to apply substantive California law to Date's claims, it would not save those claims. Date's claims would then be factually and legally identical to the claims that were rejected in the *Johnson* case.[2] Especially in light of the Ninth Circuit's decision affirming *Johnson*, Date has alleged no facts to warrant any different treatment of his claims.

### III. Plaintiffs' Express Warranty Claims Should Be Dismissed

Date argues that he has satisfied Michigan's privity requirement for express warranty claims because Sony provided him with an express limited warranty. But the TAC does not mention the Limited Warranty, and Date cannot avoid dismissal by relying on facts not alleged in the complaint. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009).

Nor would Date's new "express warranty" theory be sufficient even if the TAC did mention the Limited Warranty. As *Heritage Resources* made clear, Date must show that he actually bargained for, and received, the express warranty term that he claims Sony has breached. *Heritage Resources, Inc. v. Caterpillar Financial Services Corp.*, 284 Mich. App. 617, 635 (Mich. App. 2009). Date has not shown that the "1080p input" term he is now suing over is contained in the Limited Warranty. On the contrary: Date ***specifically removed*** that allegation, which appeared in his Second Amended Complaint, from the TAC.

Handler's claim fails for the same reason. As Handler concedes, he is required to show that he received, and relied on, a "specific representation" in order to state an express warranty claim against Sony under New York law. *See* Pl. Opp. at 9. Like Date, Handler has not even

---

[2] *Johnson v. Mitsubishi Digital Electronics America, Inc.*, 578 F. Supp. 2d 1229 (C.D. Cal. 2008), *aff'd*, No. 08-56792, 2010 WL 547777 (9th Cir. Feb. 17, 2010). Plaintiffs' attempt to dismiss the Ninth Circuit's decision as "non-precedential" is contrary to Federal Rule of Appellate Procedure 32.1, which prevents courts from prohibiting or restricting the citation of cases that have been so designated.

3

attempted to allege facts showing that he received, or relied on, a "specific representation" that his television would accept 1080p signals over all of its inputs, or over its "relevant" inputs. Indeed, Handler has not even identified which inputs were the supposedly "relevant" inputs.

### IV.     Plaintiffs' Implied Warranty Claims Should Be Dismissed

Date cites *Pack v. Damon Corporation*, 434 F.3d 810, 820 (6th Cir. 2006) for the proposition that "Michigan has abandoned the privity requirement for implied-warranty claims." The problem with Date's claim that *Pack* definitively resolved this question is that the *Heritage Resources* court, writing ***after*** *Pack*, noted that Michigan law remains unsettled, and cited the cases cited in Sony's opening brief for the view that Michigan law imposes a privity requirement.  *See Heritage Resources*, 284 Mich. App. at 639.  Sony believes that the better view requires a showing of privity, which Date cannot make.

Date also makes a confused argument that the express limitation of warranty found in the Limited Warranty is not a bar to his claims, because Sony supposedly provided him with two warranties – the express Limited Warranty, and the implied warranty supposedly created by Sony's advertisements.  *See* Pl. Opp. at 12.  This argument misses the significance of a valid warranty limitation, which acts to ***prevent*** the creation of additional or inconsistent warranty rights like those on which Date now purports to base his claims.  *See* M.C.L. § 440.2316.[3]

### V.     Plaintiffs' Fraud Claims Should Be Dismissed

Date misreads *Dix v. American Bankers Life Assurance Co.*, 429 Mich 410, 417 (1987) for the proposition that a plaintiff suing under the MCPA need not plead or prove reasonable reliance. The court in *Dix* said only that reasonable reliance does not have to be established

---

[3]     Plaintiff Handler has withdrawn his implied warranty and Magnuson-Moss claims.

4

individually for each class member in a class action.  429 Mich. at 418.  That does not excuse Date from pleading reasonable reliance in support of his *personal* claim against Sony.

Date also misreads *Evans v. Ameriquest Mortgage Co.*, 2003 WL 734169 (Mich. App. 2003) for the proposition that only MCPA subsections (s) and (bb) require proof of reasonable reliance.  Courts have consistently dismissed MCPA claims that aver fraud but fail to satisfy the common law elements, no matter the specific subsections called out by plaintiffs.  *See, e.g., Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 178, 182-83 (Mich. App. 1983); *Vandermale v. Harvey Automotive, Inc.,* 2005 WL 1459610 (Mich. App. 2005); *Jackson v. Telegraph Chrysler Jeep, Inc.*, 2009 WL 928224 (E.D. Mich 2009) (applying common law fraud elements to 14 distinct MCPA violations).

Date finally argues that MCPA claims are not limited to fraud.  Even if this is true, it gets Date nowhere, because *his* MCPA claim is based solely on alleged fraud.   TAC at ¶ 142.

Handler's claim under New York law fails for similar reasons.  As Sony showed in its opening brief, Handler is required to plead facts showing both (1) an "objectively" misleading statement or omission, and (2) actual damages suffered by him as a result.  He has done neither.

## CONCLUSION

The Third Amended Complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> MILLER, CANFIELD, PADDOCK & STONE, PLC
>
> s/ Clarence L. Pozza Jr.
> Clarence L. Pozza Jr. (P24168)
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226-4415
> Telephone: (313) 496-7756
> *Attorneys for Defendants*

5

## **CERTIFICATE OF SERVICE**

I certify that on August 16, 2010, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

KABATECK BROWN KELLNER LLP
Brian S. Kabateck
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birminghan, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel:  (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

Respectfully Submitted

MILLER, CANFIELD, PADDOCK & STONE, PLC

s/ Clarence L. Pozza Jr.
Clarence L. Pozza Jr. (P24168)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415
Telephone: (313) 496-7756
pozza@millercanfield.com

18,294,830.1\140018-00001