**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of
All Others Similarly Situated,

         Plaintiffs,

                                  Case No. 07-CV-15474

vs.

                                  Honorable Paul D. Borman
                                  Magistrate Judge R. Steven Whalen

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

         Defendants.

_____/

Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA
Tel: (404) 873-3900
Fax: (404) 873-4476
E-mail: dkaplan@chitwoodlaw.com

Lance A. Raphael
THE CONSUMER ADVOCACY
CENTER, P.C.
180 W. Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930
Email: lance@caclawyers.com

Alan Mansfield
CONSUMER LAW GROUP OF
CALIFORNIA
9466 Black Mountain Road, Suite 225
San Diego, CA  92126
Tel: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

Clarence L. Pozza Jr.
Thomas W. Cranmer
Robert J. Wierenga
Kimberly K. Kafalas
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
Telephone: (313) 496-7756
Fax: (313) 496-8454

*Attorneys for Defendants*

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

Dani K. Liblang
LIBLANG ASSOC.
346 Park Street, Suite 200
Birmingham, MI 48009-3380
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawlawyers.com

*Attorneys for Plaintiffs*

_____/

## PLAINTIFFS' MOTION TO COMPEL COMPLETE
## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, by and through their undersigned counsel and pursuant to Rule 37 of the

Federal Rules of Civil Procedure and Local Rule 37.1, hereby move the Court for an Order

compelling Defendant Sony Electronics, Inc. ("Defendant" or "Sony") to provide complete

responses to Plaintiffs' discovery requests.

1.      On May 15, 2009, Plaintiff Date served his First Set of Written Discovery

(Interrogatories, Document Production Requests, and Requests for Admission) to Defendant

Sony Electronics, Inc.  *See* Exhibit 1.[1]

2.      Defendant served its Response to Plaintiff's First Set of Written Discovery

(Interrogatories, Document Production Requests, and Requests for Admission) on July 17, 2009.

*See* Exhibit 2.  Defendant made general objections and, for most of the requests, including

---

[1] Plaintiff Elliot Handler joined this Action following the Court's rejecting of the proposed class action settlement on January 16, 2009 and first appeared in the case caption in the Third Amended Complaint, filed on April 30, 2010.

Requests 9 and 14 which are at issue in this Motion, stated that it would produce responsive documents.  *See id*.

3.      Defendant has been producing documents since January 2010 and recently served its "Seventh Document Production" on September 21, 2010.  *See* Exhibit 3.

4.      To date, notwithstanding that such information was clearly requested in the Written Discovery, Plaintiffs have not received, among other things:

　　　　a.      Exemplars of the…point-of-sale advertising (which fairly includes decals Sony placed on the televisions prior to sale) for the Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.  *See* Exhibit 1, Document Request 9.

　　　　b.      Exemplars of all versions of packaging materials for, and boxes containing, Sony models televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.  *See* Exhibit 1, Document Request 14.

5.      Pursuant to Local Rule 37.1, the parties conferred in person on October 2, 2010, and through the exchange of letters on October 6, 2010 (*see* Exhibit 4) and October 7, 2010 (*see* Exhibit 5), to narrow the areas of disagreement, but such conferences were not successful.

6.      In particular, Sony claims that it was unable to locate box art for the televisions in question—a claim that simply strains credulity, given the universal practice in the industry of carefully choosing and approving box designs in order to further market and tout the various features of the televisions.

7.      Instead, Sony produced a series of photographs of boxes of televisions that it claimed were the cartons for the Class televisions; however the boxes plainly identify themselves as boxes for "Refurbished" televisions, which were likely different than the cartons in which the televisions were sold new to Plaintiffs and the Class.  *See* Exhibit 6.

3

8.    Boxes for Sony high definition televisions as recently photographed look nothing like those depicted in the photographs provided by Sony and clearly show the representation at issue in this case that the televisions are "1080p." *See* Declaration of Darren T. Kaplan in Support of Plaintiffs' Motion to Compel Complete Responses to Request for Production of Documents, Exhibits A – C.

9.    The operative Scheduling Order entered by this Court on September 16, 2010, requires Plaintiffs to file their motion for class certification, including any expert reports in support of that motion, by November 1, 2010.  *See* Exhibit 7.

10.    The documents requested in Document Requests 9 and 14, and listed above, that Defendant has yet to produce, are pertinent to Plaintiffs' motion for class certification. Defendant's delay has also prohibited Plaintiffs from determining which witnesses they would like to depose and from serving notices of deposition on those witnesses.  As a result, Plaintiffs request an extension of the deadline marking the close of fact discovery, which is currently January 20, 2011.  *See id*.

11.    In addition, Defendant should be precluded from denying that the term "1080p" appeared on decals, stickers, and packaging materials for the Class televisions, in upcoming papers filed with the Court.

12.    Pursuant to Fed. R. Civ. P. 37, Plaintiffs request reasonable costs, including attorneys' fees, for having to file this Motion.

Based on the foregoing and Plaintiffs' Brief in Support of Motion to Compel Complete Responses to Request for Production of Documents filed simultaneously herewith, Plaintiffs respectfully request that the Court enter an Order compelling Defendant to comply with Plaintiffs' discovery requests.

Prior to the filing of this Motion, Plaintiffs, pursuant to Local Rule 7.1, informed counsel for Defendant Sony that Plaintiffs intended to move the Court for an Order compelling Defendant Sony to provide complete responses to Plaintiffs' discovery requests.  Counsel for Defendant did not concur in the relief sought in this Motion.

Dated:  October 22, 2010.

Atlanta, Georgia

Respectfully submitted,

 /s/  Darren T. Kaplan
Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street, NE
Promenade II, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

Lance A. Raphael
THE CONSUMER ADVOCACY
    CENTER, P.C.
180 W. Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930
Email: lance@caclawyers.com

Alan Mansfield
CONSUMER LAW GROUP OF
    CALIFORNIA
9466 Black Mountain Road, Suite 225
San Diego, CA  92126
Tel: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA

5

Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

Dani K. Liblang
LIBLANG ASSOC.
346 Park Street, Suite 200
Birmingham, MI 48009-3380
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawlawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of
All Others Similarly Situated,

          Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

          Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

_____/

Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street, NE, Suite 2300
Atlanta, GA
Tel: (404) 873-3900
Fax: (404) 873-4476
E-mail: dkaplan@chitwoodlaw.com

Lance A. Raphael
THE CONSUMER ADVOCACY
CENTER, P.C.
180 W. Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930
Email: lance@caclawyers.com

Alan Mansfield
CONSUMER LAW GROUP OF
CALIFORNIA
9466 Black Mountain Road, Suite 225
San Diego, CA  92126
Tel: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

Clarence L. Pozza Jr.
Thomas W. Cranmer
Robert J. Wierenga
Kimberly K. Kafalas
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
Telephone: (313) 496-7756
Fax: (313) 496-8454

*Attorneys for Defendants*

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90071
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

Dani K. Liblang
LIBLANG ASSOC.
346 Park Street, Suite 200
Birmingham, MI 48009-3380
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawlawyers.com

*Attorneys for Plaintiffs*

_____/

**BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLETE
<u>RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF ISSUES PRESENTED.................................................................... 1

INTRODUCTION ......................................................................................................... 2

RELEVANT BACKGROUND FACTS ........................................................................ 2

ARGUMENT ................................................................................................................. 4

      A.    Legal Standard ............................................................................................ 4

      B.    Defendant Sony Has Failed to Provide Complete Responses
            to Plaintiffs' Request for Production of Documents .............................. 4

      C.    This Court Should Enter an Order Compelling Defendant Sony to
            Provide Complete Responses to Plaintiffs' Discovery Requests ........... 7

CONCLUSION............................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Abrahamsen v. Trans-State Express, Inc.*,
    92 F.3d 425 (6th Cir. 1996) ............................................................. 7

*Concrete Materials Corp., Inc. v. C.J. Mahan Constr. Co.*,
    110 F.2d 63 (6th Cir. 1997) ............................................................. 4

*Lavado v. Keohane*,
    992 F.2d 601 (6th Cir. 1993) ........................................................... 4

*Lewis v. ACB Bus. Serv., Inc.*,
    135 F.3d 389 (6th Cir. 1998) ........................................................... 4

## Statutes

Fed. R. Civ. P. 26(b)(1) ........................................................................ 4

Fed. R. Civ. P. 37 ................................................................................... 4

Local Rule 37.1 ...................................................................................... 3

## STATEMENT OF ISSUES PRESENTED

1.      Should Defendant Sony Electronics, Inc. be compelled to provide responsive

documents to Plaintiffs' discovery requests?

       Plaintiffs' Answer:      YES.

2.      Should the Court extend the deadline marking the close of fact discovery, which

is currently January 20, 2011, for an additional three (3) months?

       Plaintiff's Answer:      YES.

3.      Should Defendant Sony Electronics, Inc. be precluded from denying that the term

"1080p" appeared on decals, stickers, and packaging materials for the Class televisions, in

upcoming papers filed with the Court?

       Plaintiffs' Answer:      YES.

4.      Should the Court award Plaintiffs their reasonable costs, including attorneys' fees,

incurred in bringing this motion in view of the intransigence of Defendant Sony Electronics, Inc.

in producing responsive documents to Plaintiffs' discovery requests?

       Plaintiffs' Answer:      YES.

## INTRODUCTION

Defendant Sony Electronics, Inc. ("Sony") should be compelled to promptly provide responsive documents to Plaintiffs' discovery requests.  Plaintiffs' discovery requests were timely served, are not burdensome, and seek discoverable and relevant information.

## RELEVANT BACKGROUND FACTS

Following this Court's January 16, 2009 Order rejecting class settlement, Plaintiff David Date served his First Set of Written Discovery (Interrogatories, Document Production Requests, and Requests for Admission) to Defendant Sony Electronics, Inc. on May 15, 2009.  *See* Exhibit 1.[2]  Defendant served its Response to First Set of Written Discovery (Interrogatories, Document Production Requests, and Requests for Admission) on July 17, 2009.  *See* Exhibit 2.  Defendant made general objections and, for most of the requests, including Requests 9 and 14 which are at issue in this Motion, stated that it would produce responsive documents.  *See id*.

Joined by Plaintiff Elliot Handler, Plaintiffs Date and Handler filed their Third Amended Complaint in this Action on April 30, 2010, against Sony and ABC Appliance, Inc. for a deceptive and misleading marketing scheme in which Defendants marketed certain television models as being "1080p" when in fact, the so-called 1080p televisions were not true 1080p televisions as they did not accept a 1080p video signal via any usable inputs.  Instead, the so-called 1080p televisions display a picture that is admittedly and observably inferior to a television that can accept and display a native 1080p signal.

Defendant Sony served its first production of documents on Plaintiffs on January 8, 2010. Despite repeated assurances to Plaintiffs' counsel that additional documents would be

---

[2] Plaintiff Elliot Handler joined this Action following the Court's rejecting of the proposed class action settlement on January 16, 2009 and first appeared in the case caption in the Third Amended Complaint, filed on April 30, 2010.

2

forthcoming, Sony failed to produce a single subsequent document over the next five months,

and on June 8, 2010  Plaintiffs' counsel sent Sony's counsel a Local Rule 37.1 Letter informing

them that, in the event that a conference in advance of a hearing in a good faith effort to narrow

the areas of disagreement in compliance with Local Rule 37.1 was unsuccessful, Plaintiffs would

be filing a motion to compel.  *See* Exhibit 8.  Two days later, on June 10, 2010, Plaintiffs

received Sony's "Second Document Production."

      Defendant Sony has continued to produce documents and recently served its "Seventh

Document Production" on September 21, 2010.[3]  *See* Exhibit 3.  To date, notwithstanding that

such information was clearly requested in the Written Discovery, Plaintiffs have not received,

among other things:

      a.      Exemplars of the…point-of-sale advertising (which fairly includes decals

      Sony placed on the televisions prior to sale) for the Sony model televisions

      KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.  *See*

      Exhibit 1, Document Request 9.

      b.      Exemplars of all versions of packaging materials for, and boxes

      containing, Sony models televisions KDS-R50XBR1, KDS-R60XBR1,

      KDS-70Q006, and KDX-46Q005.  *See* Exhibit 1, Document Request 14.

      Defendant's failure to produce the requested documents after more than ten months

warrants entry of an Order compelling Defendant to produce the requested documents,

---

[3] Defendant Sony served its first production on January 26, 2010 (582 documents covering 5,104 pages); its second production on June 9, 2010 (21,313 documents covering 574,195 pages); its third production on June 25, 2010 (39 documents covering 2,600 pages); its fourth production on July 23, 2010 (1,785 documents covering 19,596 pages); its fifth production on August 2, 2010 (15 documents covering 15 pages); its sixth production on September 7, 2010 (2,561 documents covering 41,319 pages); its seventh production on September 22, 2010 (2 documents covering 10 pages).  Defendant Sony also produced one excel spreadsheet containing a list of production parts for one of the Class television models on October 7, 2010.

particularly in light of the current Scheduling Order, which requires Plaintiffs to file their motion

for class certification, including any expert reports in support of that motion, by November 1,

2010.  *See* Exhibit 7.  The documents requested in Document Requests 9 and 14, and listed

above, that Defendant has yet to produce, are relevant to Plaintiffs' motion for class certification.

Defendant's delay has also prohibited Plaintiffs from determining which witnesses they would

like to depose and from serving notices of deposition on those witnesses.  As a result, Plaintiffs

request an extension of the current deadline marking the close of fact discovery, which is January

20, 2011.  *See id.*  In addition, Defendant should be precluded from denying that the term

"1080p" appeared on decals, stickers, and packaging materials for the Class televisions, in

upcoming papers filed with the Court.

## ARGUMENT

### A.      Legal Standard

Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery "regarding any

matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P.

26(b)(1).  Under this standard, the Federal Rules of Civil Procedure envision and require open,

far-reaching discovery.  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "It is

well-established that the scope of discovery is within the sound discretion of the trial court."

*Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).  Pursuant to Fed. R. Civ. P. 37, the Court

has broad discretion to make such orders as are just to redress discovery abuse.  *Concrete*

*Materials Corp., Inc. v. C.J. Mahan Constr. Co.*, 110 F.2d 63 (6th Cir. 1997).

### B.      Defendant Sony Has Failed to Provide Complete Responses to Plaintiffs'
### Request for Production of Documents

Plaintiff David Date served his First Set of Written Discovery (Interrogatories, Document

Production Requests, and Requests for Admission) to Defendant Sony Electronics, Inc. on May

4

15, 2009.  *See* Exhibit 1.  Defendant served its Response to First Set of Written Discovery

(Interrogatories and Document Production Requests, and Requests for Admission) on July 17,

2009.  *See* Exhibit 2.  Defendant Sony produced its "First Document Production" on January 8,

2010, and recently served its "Seventh Document Production" on September 21, 2010.  *See*

Exhibit 3.  To date, notwithstanding that such information was clearly requested in the Written

Discovery, and that Plaintiffs' Written Discovery was served more than ten months ago,

Plaintiffs have not received documents in response to Document Requests 9 and 14, which

request: "Exemplars of the…point-of-sale advertising (which fairly includes decals Sony placed

on the televisions prior to sale) for the Sony model televisions KDS-R50XBR1, KDS-R60XBR1,

KDS-70Q006, and KDX-46Q005;" and "Exemplars of all versions of packaging materials for,

and boxes containing, Sony models televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006,

and KDX-46Q005."

     While Defendant's counsel claims that Sony's production is complete ("We have no

reason to believe that our production of documents responsive to your request for this

information is incomplete." (*see* Exhibit 5, p. 2)), and further that the documents requested do

not exist ("…certain documents, or "stickers," or "box art" that you presume to exist…***do not***

***exist***" (*id.*) (emphasis in original correspondence)), Plaintiff David Date's deposition testimony

confirms otherwise.

> Q:    Were there any printed material on the Sony or Samsung televisions, like
> stickers or signs or anything like that?
>
> A:    Yes.
>
> Q:    What do you recall being on the – on the Sony television?
>
> A:    Just like a sticker saying it was 1080p and – and there was actually pretty
> much a sign below the TV that tells you all the specs of the TV.

> Q:     Okay.  Now, what did the sticker say exactly to the extent you can remember?
>
> A:     I don't remember exactly.
>
> Q:     Are you sure that it said 1080p?
>
> A:     Oh, the sticker?
>
> Q:     Yes.
>
> A:     1080p, yes.
>
> Q:     The sticker said 1080p.
>
> A:     Yes.

*See* Exhibit 9, 89:17 – 90:10 (Transcript of the Deposition of Plaintiff David Date).

In addition, Sony's claims that it has been unable to locate box art for the televisions in question simply strains credulity, given the universal practice in the industry of carefully choosing and approving box designs in order to further market and tout the various features of the televisions.  Instead, Sony produced a series of photographs of boxes of televisions that it claimed were the cartons for the Class televisions; however the boxes plainly identify themselves as boxes for "Refurbished" televisions which were likely different than the cartons in which the televisions were sold new to Plaintiffs and the Class.  *See* Exhibit 6.  In fact, boxes for Sony high definition televisions as recently photographed look nothing like those depicted in the photographs provided by Sony and clearly show the representation at issue in this case that the televisions are "1080p."  *See* Declaration of Darren T. Kaplan in Support of Plaintiffs' Motion to Compel Complete Responses to Request for Production of Documents, Exhibits A – C.  In sum, Plaintiffs simply do not believe Sony's assertion that the documents requested do not exist.

C.    **This Court Should Enter an Order Compelling Defendant Sony to Provide Complete Responses to Plaintiffs' Discovery Requests**

The federal system of discovery was "designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428-429 (6th Cir. 1996). Defendant Sony has repeatedly refused to provide complete responses to Plaintiffs' First Set of Written Discovery, responses which may inevitably prove to be detrimental to Sony's case. Defendant has had more than enough time to produce the documents, and this Court should not allow Defendant to delay the production any longer.

Defendant is aware that Plaintiffs must file their motion for class certification by November 1, 2010, and that the documents requested in Document Requests 9 and 14 are relevant to that motion. Nevertheless, Defendant has failed to provide a date upon which Plaintiffs can expect to receive the responsive documents, and most recently, has asserted that the documents do not in fact exist. These stall tactics should not be tolerated. It is imperative that Defendant be compelled to produce the responsive documents by a date certain so that Plaintiffs have the opportunity to adequately prepare their motion for class certification. Defendant's delay has also prohibited Plaintiffs from determining which witnesses they would like to depose and from serving notices of deposition on those witnesses. As a result, Plaintiffs request an extension to the current deadline marking the close of fact discovery, which is January 20, 2011. *See* Exhibit 7. In addition, Defendant should be precluded from denying that the term "1080p" appeared on decals, stickers, and packaging materials for the Class televisions, in upcoming papers filed with the Court.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Court to enter an order which:

(1) compels Defendant Sony to provide complete responses to Plaintiffs' Written Discovery within seven (7) days; (2) extends the deadline marking the close of fact discovery by at minimum three (3) months; (3) precludes Defendant Sony from denying that the term "1080p" appeared on decals, stickers, and packaging materials for the Class televisions, in upcoming papers filed with the Court; and (4) awards Plaintiffs its costs and fees in having to bring this matter before the Court.

Dated:  October 22, 2010.

       Atlanta, Georgia

                                          Respectfully submitted,

                                       /s/  Darren T. Kaplan
                                      Darren T. Kaplan
                                      CHITWOOD HARLEY HARNES LLP
                                      1230 Peachtree Street, NE
                                      Promenade II, Suite 2300
                                      Atlanta, GA 30309
                                      Tel: (404) 873-3900
                                      Fax: (404) 873-4476
                                      Email: dkaplan@chitwoodlaw.com

                                      Lance A. Raphael
                                      THE CONSUMER ADVOCACY
                                            CENTER, P.C.
                                      180 W. Washington, Suite 700
                                      Chicago, IL 60602
                                      Tel: (312) 782-5808
                                      Fax: (312) 377-9930
                                      Email: lance@caclawyers.com

                                      Alan Mansfield
                                      CONSUMER LAW GROUP OF
                                          CALIFORNIA
                                      9466 Black Mountain Road, Suite 225
                                      San Diego, CA  92126

Tel: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

Brian S. Kabateck
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA
Tel: (213) 217-5000
Fax: (213) 217 5010
Email: bsk@kbklawyers.com

Dani K. Liblang
LIBLANG ASSOC.
346 Park Street, Suite 200
Birmingham, MI 48009-3380
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawlawyers.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 22, 2010, I electronically filed the foregoing *Plaintiffs' Motion to Compel Complete Responses to Request for Production of Documents* and *Brief in Support* with the Clerk of Court using the ECF system that will send notification of such filing to all attorneys of record.

Respectfully Submitted,


/s/  Darren T. Kaplan
Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1230 Peachtree Street, NE
Promenade II, Suite 2300
Atlanta, GA 30309
Tel: (404) 873-3900
Fax: (404) 873-4476
Email: dkaplan@chitwoodlaw.com

10