UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR., and ELLIOT
HANDLER, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,

        Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

**DECLARATION OF NAILA SFEIR IN SUPPORT OF SONY ELECTRONICS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

---

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW GROUP OF CALIFORNIA
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

Brian S. Kabateck (CA 152054)
KABATECK BROWN KELLNER LLP
644 S. Figueroa St.
Los Angeles, CA 90071
(213) 217-5000
bsk@kbklawyers.com

Darren T. Kaplan (NY 2447381)
CHITWOOD HARLEY HARNES LLP
1230 Peachtree, NE, Suite 2300
Atlanta, GA 30309
(888) 873-3999
dkaplan@chitwoodlaw.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK AND STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
(313) 496-7756

1

1. I, NAILA SFEIR, hereby submit this Declaration to provide my testimony in the above-captioned matter. I am over the age of 18 and am competent to testify to the facts stated herein. All statements made herein are based upon my personal knowledge.

2. I am currently employed by Sony Electronics, Inc. as Retail Channel Sr. Marketing Manager.

3. Since 1996, my job responsibilities include working with the marketing department, advertising agencies and other consultants and other interested SEL departments to develop, approve and finalize various marketing, advertising, and point-of-sale materials for SEL televisions. In particular, I worked on marketing and point-of-sale materials for use with the televisions at issue in this litigation, the KDS-R60XBR1 and KDS-R50XBR1 (collectively, "XBR1 models"), and am familiar with the marketing materials that were developed for the KDS-70Q006 and KDS-46Q005 (collectively, "Qualia models").

4. I am also familiar with the marketing and point of sale materials developed for the SXRD rear-projection televisions that were launched in the summer of 2006 as "replacements" for the models listed in ¶3, above, which included the KDS-50A200, KDS-55A2000, KDS-60A2000 (collectively, "A2000 models") and KDS-R60XBR2 and KDS-R70XBR2 (collectively, "XBR2 models").

5. I understand that plaintiffs allege Sony designed and applied, or provided to retailers, a sticker for the XBR1 and Qualia model televisions at issue in this case that used the phrase "1080p." This is not correct.

6. Sony did not design or provide retailers with stickers that used the phrase "1080p" until 2006, for the XBR2 and A2000 models listed in ¶ 4 above. My understanding

2

is that the XBR2 and A2000 models are not at issue in this litigation.

7. In mid to late 2006, Sony began using a logo (and sticker) that used the phrase "Full HD 1080" in conjunction with the sale and marketing of the XBR2 and A2000 model televisions, along with other Sony high definition products. An example of the use of the "Full HD 1080" logo is attached to this declaration as Exhibit A.

8. In late 2006, Sony also began using logos and stickers that said "Full HD 1080p" in conjunction with the sales and marketing of a limited set of televisions, including the XBR2 and A2000 model televisions. The design for those stickers, along with a list of products they were approved to be applied to in late 2006, is attached hereto as Exhibit B, SONY0010648. Those stickers were applied to various products, including the A2000 and XBR2 model television models listed above, at various retailers during November 2006. Many of the stores visited, however, did not apply the stickers at all, either because management did not approve or because they did not have the XBR2 or A2000 model televisions. See, e.g., Exhibit C.

9. The "Full HD 1080p" logo was later used for a variety of Sony products, including multiple Sony television models sold from approximately late 2006 and 2007 through the present. An example of the use of that logo is attached to this declaration as Exhibit D.

10. I have reviewed the photographs submitted with plaintiffs' motion to compel, which show Sony 2010 "Bravia" model television boxes that utilize the "Full HD 1080p" logo referenced in ¶9. See Exhibits E-G. The "Full HD 1080p" logo apparent in these pictures was not used in 2005 and was not used with the XBR1 and Qualia model televisions at issue

in this case.

11. To the best of my knowledge and recollection, neither the "Full HD 1080" logo discussed in paragraph 7, or the "Full HD 1080p" logo discussed in paragraph 8 was ever used, or provided to retailers for use, by Sony in any form (including stickers or "box art") in connection with the sale or marketing of the XBR1 or Qualia model televisions at issue in this case. Indeed, none of these logos was used by Sony for any products at the time the XBR1 and Qualia model television at issue were introduced to the market in late 2004 and 2005.

12. Moreover, no other "1080p" logos or stickers of any other sort or design were used by Sony in connection with the sale or marketing of the XBR1 or Qualia model televisions at issue in this lawsuit.

13. Exhibits H-W are true and correct copies of exemplars of brochures, advertisements, and point-of-sale marketing materials developed by Sony for use in connection with marketing campaigns for the televisions at issue in this lawsuit.

14. The documents attached as Exhibit X are true and correct copies of point-of-sale materials made available to retailers regarding a financing promotion in late 2006 that was applicable to both the XBR1 models and the XBR2 and A2000 models, among other Sony products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of November, 2010, in San Diego, California.

_____
Naila Sfeir

4