UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------------

DAVID DATE,

                 Plaintiff,

v.

SONY ELECTRONICS, INC., and ABC
APPLIANCE, INC. d/b/a/ ABC WAREHOUSE,

                 Defendants.

---------------------------------------------------------

Case No. 07-cv-15474-PDB-RSW

**Judge:** Hon. Paul Borman
**Magistrate Judge:** Hon. Steven Whalen

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, in the course of discovery in the above-captioned civil action, it may be necessary for the parties and others to disclose trade secrets, proprietary information, and other confidential information;

IT IS HEREBY ORDERED that this Protective Order pursuant to Federal Rules of Civil Procedure 26(c) be entered.

1.      This Order shall be applicable to and govern all documents produced by a party to this action in response to requests for production of documents, all documents produced by a non-party pursuant to a subpoena or other request if the parties and the producing non-party agree that such production shall be governed by this Order, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure which the disclosing party or entity designates as "Confidential." Confidential Information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom—not available to the public—and designated by any one of the Parties in accordance

with the terms of this order.  Information that may be designated confidential includes competitively sensitive, proprietary, financial and other confidential business information, personal financial or health information, and other information that a disclosing party treats as confidential and takes reasonable steps to insure confidentiality.  Such information (whether or not embodied in any physical medium), along with copies, summaries or information derived directly therefrom, are referred to herein as "Confidential Material."

       a.      Exception to Confidentiality:  This protective order is not applicable to and shall not extend to information:

       i.      That can be demonstrated to have been in the public domain or publicly known and readily available to the trade or public prior to the date of disclosure;

       ii.      That can be demonstrated, from written records, to have been in the possession of the party receiving discovery or readily available to the party receiving discovery from another source not under obligation of confidentiality to the party responding to the discovery prior to disclosure;

       iii.      That becomes part of the public domain or publicly known, by publication or otherwise, not due to any unauthorized act by the party receiving discovery; or

       iv.      Is subsequently disclosed to the party receiving discovery by a third party who is not under obligation of nondisclosure to the party receiving discovery.

       2.      Confidential Material shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

       3.      Confidential Material may be disclosed only to the following persons:

        a.     any counsel of record in this action  and persons assisting those counsel in connection with the preparation or trial of this action (including lawyers, law clerks, legal assistants, secretaries and copy clerks);

        b.     any named party to this action;

        c.     consulting experts and testifying experts and their employees and support staff who have been engaged by outside counsel for a party in this action for the purpose of assisting in this action;

        d.     any person who authored or received the Confidential Material, or who produced the Confidential Material in discovery;

        e.     the Court (including judicial employees and all other necessary personnel, such as court reporters), the jury, deposition court reporters and deposition videographers; and

        f.     any other person who has been authorized to receive Confidential Material under the procedure set forth in ¶ 4, below.

    4.     Any party intending to disclose Confidential Material to a person not described in ¶¶ 3(a), (b), (c), (d) or (e) shall serve written notice of its intent on the party or entity that produced the Confidential Material.  Service of this notice shall be made by any of the following: electronically, facsimile, regular mail, or overnight mail.  The producing party or entity shall have five business days from receipt of this notice to object to the disclosure of Confidential Material to the named person.  Such objection must be for good cause, stating the reasons for the objection, must be in writing, and must be served by electronic means on all parties.  Failure to make such an objection within ten business days shall constitute approval.  If the interested parties or entities are unable to resolve the objection, the party seeking to disclose Confidential Material to a person not otherwise authorized to receive such Material may apply to the Court for

authorization to make such disclosure.  If such an application is made, the party designating the material as Confidential Material shall have the burden of showing that the material is in fact Confidential and that the requested disclosure would create a risk of competitive harm to the producing party or a third-party, would violate the privacy rights of the producing party or a third party, or should be prevented on some other ground relating to the purposes of this Protective Order.

After notice of an objection has been given, no disclosure of the Confidential Material in question shall be made until (1) the objection is resolved or (2) the Court authorizes such disclosure.

5.     Confidential Material shall not be revealed or disclosed, directly or indirectly, to the persons described in ¶ 3(b), (c) or (f) until they have read this Order and manifested their assent to be bound by it by signing a copy of the attached "ACKNOWLEDGEMENT REGARDING 'CONFIDENTIAL' MATERIALS."  Each Acknowledgement signed by a person receiving documents under ¶ 3(b), (c) or (f)  shall be maintained by the party providing Confidential Material to that person and shall be served on any party to this action or producing entity upon request at the conclusion of this action  There shall be no requirement to disclose to any other party in the litigation either (a) the identity of the persons who have signed an Acknowledgement or (b) copies of signed Acknowledgements until after the termination of the litigation, and then only upon request of the party that produced the Confidential Material.

6.     Each person who receives Confidential Material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.     Recipients of Confidential Material under this Order shall maintain such Material in their own custody (or in the custody of other persons authorized by this Order to receive such Material) and in a secure and safe area, and shall use their best efforts to maintain the confidentiality of such Material.

8.     No party shall be precluded from making copies of Confidential Information subject to this Protective Order, or from providing the same to those persons entitled to access to the documents under this Protective Order.  It is expressly understood, however, that at the conclusion of this action no further copies or dissemination may be made of such materials.

9.     Confidential Material shall be designated as follows:

a.     in the case of documents, designation shall be made by placing the following legend, as appropriate, on each and every page of such document, prior to production: "CONFIDENTIAL."

b.     in the case of responses to interrogatories and requests for admissions, designation shall be made by placing all portions of responses which constitute or contain Confidential Material in a separate document that shall be captioned to reflect that fact (i.e., "Defendant's Confidential Responses to Plaintiff's Second Set of Interrogatories") and by affixing the appropriate legend to each page of that document which constitutes or contains Confidential Material.

c.     in the case of depositions and deposition exhibits, designation of those transcripts (including exhibits) which contain Confidential Material shall be made by either (1) a statement to such effect on the record during the course of the deposition by counsel for the party or entity which furnished Confidential Material to which the deponent has had access, or by counsel for the deponent, or (2) by written designation made within 30 days of receipt of the

- 5 -

relevant transcript. The parties shall treat each deposition transcript as if designated "Confidential" until the period for designation of such transcript as Confidential Material has expired, after which time the parties shall honor all designations of Confidential Material in such transcript as provided in this Order. Regardless of the manner in which designation as "Confidential" is initially made, the designating party shall, promptly after receipt of the relevant transcript, clearly mark on a copy of that transcript each portion of the transcript containing Confidential Material and place the appropriate legend in the margin of each portion of the transcript so designated. The marked transcript shall be served on all other parties to this action.

        d.    a party or entity producing original documents and things for inspection shall have the option to require that all or batches of such documents and things be treated as Confidential during inspection and to make its designations of particular documents and things pursuant to paragraph (a) of this section at the time copies of documents and things are produced or furnished.

        e.    for documents and things that cannot be designated as Confidential pursuant to paragraph (a), (b) or (c) of this section, the parties may enter into a separate letter agreement to designate those documents or things as Confidential.

        10.    Nothing contained in this Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim, privilege or defense by any party or producing entity. This Order shall be without prejudice to the right of the parties to bring before the Court at any time

the question of whether any particular document or information is confidential or whether its use should be restricted.

11.    Documents or things that a producing party inadvertently fails to designate as "Confidential" may, within 30 days of production, be so designated by appropriate written notice to the receiving party's counsel.   The party designating documents in accordance with this paragraph shall also promptly supply to the receiving party copies of the designated documents bearing the appropriate "Confidential" legend.  No person bound by this Order shall be in breach of this Order for any disclosures made prior to such notice that would have been authorized by this Order but for the subsequent designation by notice.

12.    In the event that Confidential Material is disclosed during a deposition, the parties shall exclude from attendance at the deposition any person not entitled to receive such information.   Any person so excluded shall be excluded only during that portion of the deposition during which Confidential Material is disclosed.

13.    In the event that any party to this litigation disagrees with the propriety of a "Confidential" designation,  the interested parties or entities shall first try to resolve such a dispute in good faith  . .  If the dispute cannot be resolved, the party challenging the designation shall provide the designating party with written notice of its challenge.  The designating party shall have 14 days after receipt of the written notice to apply to the Court for determination that the documents or things in question may properly be treated as "Confidential."  If no application to the Court is made within 14 days, the designation shall automatically be removed.  If an application to the Court is timely made, the "Confidential" designation shall remain in place until the Court resolves the dispute.

14.     By agreeing to this Stipulated Protective Order, both parties hereby agree that each will act in good faith and not abuse the right to deem information as "confidential." A party who fails to act in good faith in designating materials as confidential and is found to have done by the Court shall be responsible to the other party for reasonable attorneys fees for any motion practice necessitated by the failure.

15.     All Confidential Material filed with the Court or any appellate court, and any pleadings, motions or other papers filed with the Court or any appellate court disclosing any Confidential Material, shall be filed under seal in a sealed envelope marked on the outside with the title of the action and a statement substantially in the following form:

## CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**This envelope contains confidential material that is subject to a Protective Order entered by the Court in this action governing use of confidential discovery material.**

All Confidential Material so filed shall be maintained by the Clerk of Court separate from the public records in this action and shall be released to persons other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity of each designating party to file objections thereto.

16.     Nothing in this Order shall preclude any party to the lawsuit or its counsel:  (a) from showing a document designated as Confidential to an individual who either prepared or reviewed the document prior to its production;  (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which that party itself has designated as Confidential; (c) from disclosing or using, in any manner or for any purpose, any information or documents obtained from a source not governed by this Protective Order or independent of discovery in this action.

17.    If a party or entity in possession of Confidential Material produced by another party or entity receives a subpoena or other request seeking production or other disclosure of such Material, he, she or it shall immediately give written notice to counsel for the producing party or entity describing the Confidential Material sought and the time production or other disclosure is required.  In no event shall production or disclosure be made without either (1) written approval from counsel for the producing party or entity or (2) further order by any Court of competent jurisdiction.

18.    Any party may move at any time to modify the terms of this Order, including modification of the categories of documents that may be designated "Confidential" and the categories of persons who may receive Confidential documents.  Sufficient grounds for such modification shall include, but not be limited to, a showing that a party's or entity's designation of documents as "Confidential" is unduly hampering the ability of another party to efficiently prosecute or defend this action.  Prior to bringing any motion under this paragraph, a party seeking to modify the terms of this Order shall attempt to resolve the issue by requesting that the other party agree to a stipulated amended order.

19.    In the event of a hearing or trial at which any party presents Confidential Material to the Court or a jury, the parties shall meet and confer and agree upon the least intrusive means of protecting such Confidential Material during the hearing or trial.

20.    Within sixty (60) days after the termination of litigation between the parties, all Confidential Material (including all copies thereof) shall upon request be returned to the producing party or entity.  If no such request is made within sixty (60) days, the Confidential Material (including all copies thereof) shall be promptly destroyed and a certification of destruction shall be provided to the producing party or entity upon request.

21.     As used herein, the phrase "termination of litigation" means the latest of the following events: (1) the date on which the time to file an appeal, request for rehearing, request for rehearing *en banc* or writ of certiorari in connection with a final judgment (or similar order finally disposing of this litigation) entered by this Court, or an intermediate appellate court, expires without an appeal or other request for further review being filed; or (2) the date on which the United States Supreme Court enters final judgment in, refuses to consider, or otherwise finally disposes of this litigation.

SO ORDERED:

Dated:  February 10, 2011          S/Paul D. Borman
                                   PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 10, 2011.

                                   S/Denise Goodine
                                   Case Manager

- 10 -

STIPULATED AND AGREED FOR ENTRY:


CHITWOOD HARLEY HARNES LLP


By: /s/Darren T. Kaplan _____
     Darren T. Kaplan (*Pro Hac Vice*)
     Attorneys for Plaintiff
     11 Grace Avenue, Suite 306
     Great Neck, New York 11021
     Telephone:  516-773-6090
     Fax:  516-706-0497
     Email:  dkaplan@chitwoodlaw.com


MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: /s/  Robert J. Wierenga _____
     Robert J. Wierenga (P59785)
     Attorneys for Defendant
     101 N. Main St., 7th Floor
     Ann Arbor, MI  48104
     Telephone:  734-668-7756
     Fax:  734-663-8624
     Email:  wierenga@millercanfield.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID DATE,<br><br>                    Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and ABC<br>APPLIANCE, INC. d/b/a/ ABC WAREHOUSE,<br><br>                    Defendants. | Case No. 07-cv-15474-PDB-RSW<br><br>**Judge:** Hon. Paul Borman<br>**Magistrate Judge:** Hon. Steven Whalen |

### ACKNOWLEDGEMENT REGARDING "CONFIDENTIAL" MATERIALS

I, _____, have read and understand the Protective Order
entered by the Court in this case and agree to be bound by the provisions of that Order.  I agree
to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to
performance under, compliance with or violation of this Order.


                                                              _____

Dated:_____