UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR., and ELLIOT
HANDLER, Individually and On Behalf
of All Others Similarly Situated,
       Plaintiffs,
vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,
       Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

**DEFENDANTS' OPPOSITION  TO
PLAINTIFFS' MOTION TO MODIFY
SCHEDULING ORDER**

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Brian S. Kabateck (CA 152054)
KABATECK BROWN
KELLNER LLP
644 S. Figueroa St.
Los Angeles, CA 90071
(213) 217-5000
bsk@kbklawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY
CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Darren T. Kaplan (NY 2447381)
CHITWOOD HARLEY
HARNES LLP
1230 Peachtree, NE, Suite 2300
Atlanta, GA 30309
(888) 873-3999
dkaplan@chitwoodlaw.com

Alan Mansfield (CA 125988)
CONSUMER LAW
GROUP OF CALIFORNIA
9466 Black Mountain Rd.,
Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK AND STONE, PLC
150 W. Jefferson Suite 2500,
Detroit, Michigan 48226-4415
(313) 963-6420
pozza@millercanfield.com
cranmer@millercanfield.com
wierenga@millercanfield.com
kefalas@millercanfield.com

Defendants Sony Electronics, Inc. ("Sony") and ABC Appliance, Inc. ("ABC"), through counsel, hereby oppose plaintiffs' motion to extend all deadlines, including the discovery deadline, by 60 days. Defendants state as follows in opposition:

1.  Defendants respectfully submit that plaintiffs' late request for concurrence, and failure to share with defendants the details of the proposed amendments to the case schedule prior to filing the motion, is not in conformity with Local Rule 7.1.

2.  Plaintiffs did not apprise defendants of their intention to file the motion to extend all scheduled dates until approximately 3 pm on Monday, February 14, when one of plaintiffs' lawyers, Alison Krumhorn, called defense counsel and stated that plaintiffs would be filing a motion to extend all deadlines by 60 days unless defendants agreed immediately to such an extension.

3.  The February 14 phone call was the first time that plaintiffs had mentioned to defendants' a 60-day extension of all scheduled dates.[1] Defense counsel informed Ms. Krumhorn that he could not provide an immediate answer, since defendants had not had time to consider plaintiffs' request or review plaintiffs' proposed amended schedule (which had not been sent to defendants). Defense counsel further told Ms. Krumhorn that defendants would have a response but could not answer immediately.

4.  Ms. Krumhorn indicated that plaintiffs were unwilling to wait for defendants' response, citing plaintiffs' perceived need to file their request for an extension on February 14 because that was the date plaintiffs' expert disclosures were due under the current schedule.

5.  Defendants did not see plaintiffs' proposed amended schedule until it was filed with this Court in connection with the motion.

---

[1] A different plaintiffs' lawyer, Darren Kaplan, had in earlier February, proposed to defendants an extension to the discovery cut-off date (only). On February 13, he indicated plaintiffs wanted an extension of 60 days after receipt of the information they requested as set forth in paragraph 18, below. The extension requested in plaintiffs' current motion is both longer than, and applies to deadlines not addressed in, plaintiffs' February 13.

**THE DISCOVERY DEADLINE SHOULD NOT BE EXTENDED AGAIN**

6.      This Court has already extended the discovery deadline at plaintiffs' request, the last time on December 27, 2010, when the Court granted plaintiffs' request to extend the discovery cut-off to April 1, 2011.

7.      Nothing has happened since plaintiffs' last request to extend the discovery deadline was granted that would justify a further extension of that deadline.

8.      Plaintiffs' motion appears to incorrectly claim that a further extension of the deadline is warranted because Sony has continued to produce documents to plaintiffs.  That is not true.  Sony's document production has been substantially complete since July 2010, with very small follow up productions in September and October.  Sony has produced no documents to plaintiffs since their last request was granted.

9.      Plaintiffs' motion also incorrectly claims that a further extension is warranted because Sony produced its documents "in no discernable order."  That, also, is not true.  Sony produced its hard-copy documents as they are kept in its usual course of business, as Rule 34(b)(2)(E)(i) expressly authorizes.  Further, Sony produced its electronic documents in a reasonably usable form that was expressly negotiated with, and authorized by, plaintiffs' counsel,[2] as Rule 34(b)(2)(E)(ii) expressly authorizes.

10.      Nor have plaintiffs been "unable to depose Defendants' witnesses."  Pl. Mot. at ¶2.  Sony has offered to make its witnesses – including Chris Fawcett, the Vice President of its Television Business Unit, and Naila Sfeir, its Director of Retail Merchandising, available for deposition, and provided plaintiffs with firm dates for those depositions.  Plaintiffs declined Sony's offers.

---

[2]      In particular, Sony produced electronically-stored documents as they were kept in the ordinary course of business (electronically and by custodian) in a production form (Summation load files) that plaintiffs had expressly requested, and tagged with sufficient meta-data to enable plaintiffs to search and order the documents by any of several meta-data categories, including by date and custodian.

2

11.     Sony did object to certain Rule 30(b)(6) deposition notices that plaintiffs have served, but those objections were not based on Sony's unwillingness to make witnesses available for deposition.   Instead, Sony objected to the notices because plaintiffs appended document requests to the notice, and the document requests were objectionable.

12.     In particular, plaintiffs served a Rule 30(b)(6) deposition notice on Sony on November 16, 2010 that purported to require Sony to produce a witness who could testify regarding, and bring to the deposition, every document that Sony had previously produced to plaintiffs that contained "1080p," "True 1080p," "True 1080," "Full 1080," and/or "Full HD 1080."

13.     Sony objected to plaintiffs' Rule 30(b)(6) notice as unduly burdensome.   In the parties' conference on Sony's objections, Sony's counsel explained that Sony had already produced to plaintiffs all of the documents in its possession that contained the phrases set forth in the notice.   Plaintiffs' counsel responded by asserting, in sum, that Sony's production was not good enough, and that Sony was required to review its document production at plaintiffs' request, find the documents that contained the phrases plaintiffs were interested in, and bring just those documents to the deposition.

14.     Plaintiffs were using a purported Rule 30(b)(6) deposition notice to demand that Sony review its document production and make a second production of those same documents, this time tabulated according to the phrases that plaintiffs believe help their case.   Sony's counsel informed plaintiffs that, in Sony's view, their request was unreasonable and unduly burdensome, and went beyond what either Rule 30(b)(6) or Rule 34 requires.

15.     Sony's counsel also noted, however, that plaintiffs were free to serve a Rule 30(b)(6) document custodian deposition notice on Sony, if plaintiffs had questions about Sony's production process.   Plaintiffs indicated that they were not interested in doing so.   Plaintiffs

3

instead requested that Sony provide them with a chart identifying to which of plaintiffs' document requests the documents produced by Sony corresponded.

16.     Sony's counsel informed plaintiffs that it was not required to provide them with such a chart, because its document production had been made in a manner expressly authorized by Rule 34(b)(2)(E)(i)-(ii), but that it would consider doing so in lieu of providing a document custodian deponent under Rule 30(b)(6).

17.     Sony provided plaintiffs with its proposal regarding the requested responsiveness information on February 2, 2011.   Sony informed plaintiffs that, due to the amount of work involved, Sony would need three weeks from the date that plaintiffs accepted Sony's offer to produce the chart to plaintiffs.   Accordingly, if plaintiffs had agreed to Sony's offer on the date it was made, Sony would have agreed to have the chart to plaintiffs by no later than February 23, 2011.

18.     Plaintiffs responded by indicating that they could not accept Sony's offer unless Sony agreed to an extension of the discovery deadline.   On February 13, plaintiffs proposed that the discovery deadline be extended until 60 days after Sony produced the requested document information to plaintiffs.   That offer was, apparently, mooted when plaintiffs filed the instant motion on the next day.

19.     In light of the above, Sony respectfully submits that plaintiffs' request for an additional extension of the discovery deadline is unwarranted and should be denied.   The only basis for plaintiffs' alleged "inability" to take depositions in this case is plaintiffs' unwillingness to incur the time and expense needed to review the Sony documents that plaintiffs have had for months; they want Sony to do that work for them.   That is not a sufficient reason to extend the discovery schedule once again.

**THE PARTIES SHOULD CONFER ON THE REMAINING SCHEDULE DATES**

20.     Finally, as noted above, plaintiffs and defendants have not yet had a chance to confer on plaintiffs' request to extend the other deadlines in the current order.  Plaintiffs' motion should be denied so the parties have a chance to confer on those dates.

Based on the above, Sony respectfully requests that plaintiffs' motion be denied.


Respectfully Submitted,

MILLER, CANFIELD, PADDOCK & STONE, PLC

/s/ Robert J. Wierenga
Robert J. Wierenga (P59785)
101 North Main St.
Ann Arbor, MI 48104
wierenga@millercanfield.com

Attorneys for Defendants

5

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 21, 2011, I electronically filed the foregoing

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY**

**SCHEDULING ORDER** with the Clerk of the Court using the ECF system which will

send notification of such filing to all attorneys of record.

<u>/s/ Robert J. Wierenga</u>
Robert J. Wierenga (P59785)
101 North Main St.
Ann Arbor, MI 48104
wierenga@millercanfield.com

Attorneys for Defendants

18,833,868.1\140018-00001
02/21/11 2:48 PM

6