**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of All
Others Similarly Situated,

       Plaintiffs,                      Case No. 07-CV-15474

vs.                                          Honorable Paul D. Borman
                                          Magistrate Judge R. Steven Whalen

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC
WAREHOUSE,

       Defendants.

_____

*Counsel for Plaintiffs:*

| Dani K. Liblang (P33713) | Lance A. Raphael (IL 6216730) | Alan Mansfield (CA 125988) |
|---|---|---|
| LIBLANG & ASSOCIATES | CONSUMER ADVOCACY CENTER, P.C. | CONSUMER LAW GROUP OF CALIFORNIA |
| 346 Park St., Suite 200 | 180 West Washington, Suite 700 | 9466 Black Mountain Rd., Suite 225 |
| Birmingham, MI 48009 | Chicago, IL 60602 | San Diego, CA 92126 |
| (248) 540-9270 | (312) 782-5808 | (619) 308-5034 |
| danil@lemonlawyers.com | lance@caclawyers.com | alan@clgca.com |

| Brian S. Kabateck (CA 152054) | Darren T. Kaplan (GA 2447381) |
|---|---|
| KABATECK BROWN KELLNER LLP | CHITWOOD HARLEY HARNES LLP |
| 644 S. Figueroa St. | 1230 Peachtree, NE, Suite 2300 |
| Los Angeles, CA 90071 | Atlanta, GA 30309 |
| (213) 217-5000 | (888) 873-3999 |
| bsk@kbklawyers.com | dkaplan@chitwoodlaw.com |

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, MI 48226-4415
(313) 496-7756

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO MODIFY THE SCHEDULING ORDER**

Plaintiffs, by and through their attorneys, hereby submit this reply in support of their motion to extend the fact discovery cut-off date and amend the Scheduling Order, stating as follows:

1. As stated in Plaintiffs' opening motion, Plaintiffs' request for extension is necessitated by Defendants' rolling production of over 600,000 documents coupled with Plaintiffs' inability to depose Defendants' 30(b)(6) witnesses due to Defendants' refusal to produce them on the dates noticed and their subsequent refusal to produce them in accordance with the terms of the deposition notices.

2. Putting aside Defendants' characterization of its most recent production of over 50,000 documents as "very small,"[1] Sony's production was in no discernible order and accompanied by no description whatsoever or index. Moreover, the production was not segmented in any way to correspond to the requests. Thus, the production is contrary to the nature and letter of the Federal Rule of Civil Procedure 34.[2] Rule 34 "was born out of the disfavor shown by courts to the dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary," which is precisely what happened here.[3]

3. Defendants' most recent attempt to muddle this matter can be seen in their Opposition to Plaintiffs' Motion to Modify the Scheduling Order in which they argue: 1) Plaintiffs

---

[1] *See* Def.'s Opp. at p. 2. Defendants' statement that Sony's document production has been substantially completed since July 2010, with very small follow up productions in September and October 2010, is belied by the fact that, as part of its rolling production, Sony produced more than 41,000 pages in September 2010 and more than 9,500 pages in October 2010.

[2] *Pass & Seymour, Inc. v. Hubbell, Inc.,* 255 F.R.D. 331, 336 (N.D.N.Y. 2008) ("The production by [plaintiff] of 405,367 pages of documents devoid of any index or table to help illuminate the organizational regime utilized by [plaintiff] falls short of meeting the obligations imposed under Rule 34(b)(2).")

[3] *Id.* at 334.

have been inactive since the granting of the original extension; 2) Defendants were ready and willing to produce their 30(b)(6) witnesses; and 3) Plaintiffs did not comply with Rule 7.1 prior to the filing of this motion. Defendants' assertions are insincere at best.

## Plaintiffs Attempted To Amicably Resolve Discovery Issues, Which Defendants Used As A Means To Delay Discovery From Proceeding

4. As explained in the opening motion, Plaintiffs' and Defendants' counsel had a telephone conference on January 13, 2011 to discuss Defendants' objections to the deposition notices and document riders. To avoid delaying this case any longer by filing a motion to compel or to expend time and resources conducting a document custodian deposition (for which Defendants would presumably have required ample notice), Plaintiffs suggested a creative compromise: instead of producing such documents at the time of deposition pursuant to the document rider, that Defendants merely supplement their discovery responses to comply with Fed. R. Civ. P. 34.

5. Despite requests for a response to Plaintiffs' suggested compromise, it took Defendants almost <u>three weeks</u>, or until February 2, 2011, to respond with their counter-proposal. *See* Declaration of Allison A. Krumhorn ("Krumhorn Decl."), Exhibit 1. Most significantly, Defendants' counter-proposal stated that it would take an additional <u>three weeks</u> to complete the supplementation, at minimum.

6. On February 4, 2011, Plaintiffs responded that they agreed with the proposal in principle, but as Plaintiffs would not receive the supplement until, at best, <u>six weeks</u> after they first requested it, Plaintiffs asked that Defendants join them in a motion to extend the discovery period. *Id.*

7. On February 7, 2011, Defendants replied that they would "get back to [Plaintiffs] on this request this week," which they failed to do. *Id.*

3

8.  On February 13, 2011, Plaintiffs again prompted Defendants for a response to Plaintiffs' request that Defendants join them in a motion for extension of the discovery period, and suggested that sixty days seemed reasonable. Defendants failed to respond. *Id.*

9.  As a result, as Defendants refused to produce their witnesses in accordance with the terms of the deposition notice and have still not produced their document index as represented, it is Defendants that have prevented Plaintiffs from proceeding with discovery.

## Defendants Have Not Been Willing To Produce Their Witnesses In Accordance With The Terms Of The Deposition Notices

10. In their opposition, Defendants state that Plaintiffs had adequate time to depose Defendants' witnesses, and in fact, it was Plaintiffs who made themselves unavailable for the dates offered by Defendants. This statement is misleading. Among other impediments, the nature of Sony's document production has made it impossible for Plaintiffs to adequately prepare for deposition of Sony's witnesses. In addition, Defendants refused to make a 30(b)(6) witness available on the date suggested by Plaintiffs and offered the day before Christmas Eve as the only alternative date. Moreover, Sony has and continues to refuse to produce its witnesses in accordance with the terms of the deposition notices and document riders.

11. As stated above, despite requests for a response to Plaintiffs' suggested compromise regarding Defendants' objections to Plaintiffs' deposition notices, it took Defendants almost three weeks, or until February 2, 2011, to respond with their counter-proposal. Most significantly, Defendants' counter-proposal stated that it would take them, at minimum, an additional three weeks to complete the supplementation.

12. To date, Defendants have neither agreed to produce their deponents in accordance with the deposition notices nor produced the discovery supplement as a compromise to the parties' dispute regarding the deposition notices.

**Plaintiffs Complied With Local Rule 7.1.**

13. As described above, Defendants failed to respond to Plaintiffs' numerous requests to agree to an extension of the discovery period.

14. Pursuant to Local Rule 7.1(a), on February 14, 2011, Plaintiffs' counsel, Allison Krumhorn, spoke with Robert Wierenga and Kimberly Kefalas, attorneys for Defendants, and requested their concurrence with a 60-day extension on all dates in the scheduling order. Sony's counsel made it clear in no uncertain terms that they would not have an answer for Ms. Krumhorn that day, just as they failed to respond to Plaintiffs' previous requests for extension.

15. Defendants, in their opposition to Plaintiffs' motion, state that Plaintiffs did not apprise them of their intention to file a motion to extend all discovery dates until a February 14, 2011 phone call. Yet, when discovery is ending and Defendants wait three weeks to respond to a reasonable solution for addressing an objection and then ask for an additional three weeks to comply with it, it is absurd for Defendants to suggest that the six week delay would not obviously necessitate an extension of the entire discovery schedule. Thus it should have come as no surprise to Defendants that Plaintiffs would request that the scheduling order be modified so that the other dates could comport with the fact discovery cut-off date.

16. Based on the foregoing, Plaintiffs respectfully request that the Court extend the fact discovery cut-off date by sixty days, up and until Monday, June 20, 2011, and enter the proposed modified scheduling order addressing additional discovery dates that will be affected by the extension, a copy of which was submitted with Plaintiffs' opening motion.

Respectfully Submitted,

By: /s/ Darren T. Kaplan

| | | |
|---|---|---|
| Dani K. Liblang | Alan Mansfield | Darren T. Kaplan |
| LIBLANG & ASSOCIATES | CONSUMER LAW GROUP | CHITWOOD HARLEY |
| 346 Park Street, Suite 200 | OF CALIFORNIA | HARNES LLP |
| Birmingham, MI 48009 | 9466 Black Mountain Road | 1230 Peachtree Street, NE, |

| | | |
|---|---|---|
| Lance A. Raphael<br>THE CONSUMER<br>ADVOCACY CENTER, P.C.<br>180 West Washington<br>Suite 700<br>Chicago, IL  60602 | Suite 225<br>San Diego, CA 92126<br><br>Brian S. Kabateck<br>KABATECK BROWN<br>KELLNER LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90071 | Suite 2300<br>Atlanta, GA 30309 |

**CERTIFICATE OF SERVICE**

   I certify that on February 28, 2011, I electronically filed the foregoing **Plaintiffs' Reply in Support of Motion to Modify the Scheduling Order** with the Clerk of Court using the ECF system, which will send notification of such filing to all attorneys of record.

              Respectfully Submitted,

              /s/ Darren T. Kaplan
              CHITWOOD HARLEY HARNES LLP
              1230 Peachtree Street, NE
              Suite 2300
              Atlanta, GA 30309
              Tel: (404) 873-3900
              Email: dkaplan@chitwoodlaw.com