# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of All
Others Similarly Situated,

        Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC
WAREHOUSE,

        Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

*Counsel for Plaintiffs:*

| | | |
|---|---|---|
| Dani K. Liblang (P33713)<br>LIBLANG & ASSOCIATES<br>346 Park St., Suite 200<br>Birmingham, MI 48009<br>(248) 540-9270<br>danil@lemonlawyers.com | Lance A. Raphael (IL 6216730)<br>CONSUMER ADVOCACY<br>CENTER, P.C.<br>180 West Washington, Suite 700<br>Chicago, IL 60602<br>(312) 782-5808<br>lance@caclawyers.com | Alan Mansfield (CA 125988)<br>CONSUMER LAW<br>GROUP OF CALIFORNIA<br>9466 Black Mountain Rd.,<br>Suite 225<br>San Diego, CA 92126<br>(619) 308-5034<br>alan@clgca.com |
| Brian S. Kabateck (CA 152054)<br>KABATECK BROWN<br>KELLNER LLP<br>644 S. Figueroa St.<br>Los Angeles, CA 90071<br>(213) 217-5000<br>bsk@kbklawyers.com | Darren T. Kaplan (GA 2447381)<br>CHITWOOD HARLEY<br>HARNES LLP<br>1230 Peachtree, NE, Suite 2300<br>Atlanta, GA 30309<br>(888) 873-3999<br>dkaplan@chitwoodlaw.com | |

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kafalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, MI 48226-4415
(313) 496-7756

1

## DECLARATION OF ALLISON A. KRUMHORN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO MODIFY THE SCHEDULING ORDER

1. I, ALLISON A. KRUMHORN, hereby submit this Declaration in support of Plaintiffs' Reply in Support of Motion to Modify the Scheduling Order in the above-captioned matter. I am an attorney with Consumer Advocacy Center, P.C. in Chicago, Illinois, counsel for the Plaintiffs. I am over the age of 18 and am competent to testify to the facts stated herein. All statements made herein are based upon my person knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of the email string between Darren T. Kaplan, counsel for Plaintiffs, and Kimberly K. Kefalas, counsel for Defendant Sony, starting on February 2, 2011 and continuing through February 13, 2011.

I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct. Executed this 28th day of February 2011 in Chicago, Illinois.

*Allison A. Krumhorn*
Allison A. Krumhorn

# EXHIBIT A

| | |
|---|---|
| From: | Darren T. Kaplan |
| Sent: | Sunday, February 13, 2011 2:19 PM |
| To: | 'Kefalas, Kimberly K.'; Katie King; lance@caclawyers.com; allison@caclawyers.com |
| Cc: | Wierenga, Robert J.; Pozza Jr., Clarence L. |
| Subject: | RE: 863 Date v. Sony: RE: Sony/Date 1080p: Responsiveness Coding |

It seems reasonable to seek 60 days after you provided the document identification discussed below.


Darren T. Kaplan
dkaplan@chitwoodlaw.com


-----Original Message-----
From: Kefalas, Kimberly K. [mailto:kefalas@millercanfield.com]
Sent: Sunday, February 13, 2011 12:18 PM
To: Darren T. Kaplan; Katie King; lance@caclawyers.com; allison@caclawyers.com
Cc: Wierenga, Robert J.; Pozza Jr., Clarence L.
Subject: RE: 863 Date v. Sony: RE: Sony/Date 1080p: Responsiveness Coding

Darren --

As you can appreciate, we've been preoccupied during the last week with preparing the opposition papers to the class certification motions you filed against ABC and Sony.  We'll be clear of those tomorrow afternoon, and should be able to get back to you shortly thereafter.  To speed the process along, what specifically are you proposing for an extension?

Kimberly

-----Original Message-----
From: Darren T. Kaplan [mailto:dkaplan@chitwoodlaw.com]
Sent: Sunday, February 13, 2011 11:26 AM
To: Kefalas, Kimberly K.; Katie King; lance@caclawyers.com
Cc: Wierenga, Robert J.; Pozza Jr., Clarence L.; allison@caclawyers.com
Subject: Re: 863 Date v. Sony: RE: Sony/Date 1080p: Responsiveness Coding

Kimberly, I never heard back from you last week on extending discovery.  May I have your decision please?

Darren Kaplan
Sent via Blackberry

----- Original Message -----
From: Kefalas, Kimberly K. <kefalas@millercanfield.com>
To: Darren T. Kaplan; Katie King; lance@caclawyers.com <lance@caclawyers.com>
Cc: Wierenga, Robert J. <Wierenga@millercanfield.com>; Pozza Jr., Clarence L. <Pozza@MillerCanfield.com>
Sent: Mon Feb 07 12:31:37 2011
Subject: RE: 863 Date v. Sony: RE: Sony/Date 1080p:  Responsiveness Coding

Darren:

1

We'll get back to you on this request this week.

Thanks,

Kimberly

-----Original Message-----
From: Darren T. Kaplan [mailto:dkaplan@chitwoodlaw.com]
Sent: Friday, February 04, 2011 7:02 PM
To: Kefalas, Kimberly K.; Katie King; lance@caclawyers.com
Cc: Wierenga, Robert J.; Pozza Jr., Clarence L.
Subject: Re: 863 Date v. Sony: RE: Sony/Date 1080p: Responsiveness Coding

Will you join us in a motion to extend discovery?

Darren Kaplan
Sent via Blackberry

----- Original Message -----
From: Kefalas, Kimberly K. <kefalas@millercanfield.com>
To: Darren T. Kaplan; Katie King; Lance Raphael <Lance@caclawyers.com>
Cc: Wierenga, Robert J. <Wierenga@millercanfield.com>; Pozza Jr., Clarence L. <Pozza@MillerCanfield.com>
Sent: Fri Feb 04 19:00:45 2011
Subject: RE: 863 Date v. Sony: RE: Sony/Date 1080p:  Responsiveness Coding

Darren:

Thanks for your email.  We consulted with our team about your question, and, unfortunately, we don't see any way to commit to doing this project in shorter than a 3 week period.  We do appreciate the time considerations you've raised, which is why we offered to attempt to complete the task in what we believe to be the absolute minimum amount of time necessary. Should you accept the proposal, we will make our best efforts to get you the information as soon as possible, but we cannot commit to getting it to you in under 3 weeks, particularly when the next ten days will, by necessity, be taken up with preparing our clients' oppositions to your class certification motions.

Have a good weekend,

Kimberly


Kimberly K. Kefalas
Kefalas@MillerCanfield.com
Miller, Canfield, Paddock & Stone
101 North Main Street, 7th Floor
Ann Arbor, MI 48104
(734) 668-7629

CONFIDENTIALITY STATEMENT

This electronic message contains information from the law firm of Miller, Canfield, Paddock and Stone, P.L.C., and is confidential and privileged.  The information is intended to be for the use of the individual or entity named as recipient above.  If you are not the intended recipient, please note that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this electronic transmission in error,

please notify us by telephone (734.668.7629 or 734.663.2445) immediately.  Thank you for your cooperation.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

_____

From: Darren T. Kaplan [mailto:dkaplan@chitwoodlaw.com]
Sent: Friday, February 04, 2011 2:31 PM
To: Kefalas, Kimberly K.
Cc: Wierenga, Robert J.; Wahl, Suzanne L.; Katie King; Lance Raphael
Subject: 863 Date v. Sony: RE: Sony/Date 1080p: Responsiveness Coding


Kimberly,  we agree with this proposal in principle.  The timing issue is problematic given our discovery schedule and the need to depose Sony at some point.  What do you suggest?


Darren T. Kaplan

dkaplan@chitwoodlaw.com <mailto:dkaplan@chitwoodlaw.com>


From: Kefalas, Kimberly K. [mailto:kefalas@millercanfield.com]
Sent: Wednesday, February 02, 2011 9:52 AM
To: Darren T. Kaplan
Cc: Wierenga, Robert J.; Wahl, Suzanne L.
Subject: Sony/Date 1080p: Responsiveness Coding


Darren:


We write to respond to your request that we identify which documents in Sony's document production are responsive to which of plaintiffs' document requests.  While we will not agree to do this for each of plaintiff's requests, and we will not agree to do this for every document in Sony's production, we have developed a counter-offer.  Please note that Sony is making this offer in the spirit of cooperation; Sony does not believe it is obligated to do this, and its agreement to provide this information should not be viewed as a concession to the contrary. Sony's documents were produced as they are kept in the ordinary course of business, by custodian, as allowed by the Federal Rules.  Documents which were kept in the ordinary course of business electronically were produced with sufficient meta-data attached (after conference with plaintiffs) to enable plaintiffs to search and order the documents by any of several meta-data categories.


Please also note that this is a time-consuming process, and it will take us at least 3 weeks to provide you with this information.

Sony is willing to provide plaintiffs with responsiveness information for the following document requests from plaintiffs' first set:

5.      Any and all contracts or agreements between Sony and ABC Warehouse relating to ABC Warehouse's designation as a "Sony authorized dealer."

9.      Exemplars of all print, radio, television, electronic media and point-of-sale advertising designed for Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

10.     All specification sheets for Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006 and KDX-46Q005.

11.     Exemplars of all versions all [sic] warranty booklets, warranty cards, or other warranty information sheets designed for Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

14.     Exemplars of all versions of packaging materials for, and boxes containing, Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

17.     Any and all product reviews of Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

18.     Exemplars of all versions of user manuals for Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

19.     All complaints or claims received from consumers who purchased Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 and all correspondence issued by Sony in response to any complaints or claims received from consumers who purchased Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

20.     All marketing materials issued by Sony regarding model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

21.     All records that show the number of Sony model televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

29.     All training, policy and/or procedural manuals, guidelines, memoranda, or other such documents circulated to retailers, including but not limited to ABC Warehouse and SonyStyle Direct retail and outlet locations, regarding the sale of Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

30.     All materials referencing Sony television 1080p capabilities distributed to retailers, including but not limited to ABC Warehouse and SonyStyle Direct retail and outlet locations [only for models KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.]

31.     All training and/or procedural manuals, guidelines, memoranda or other such documents circulated to SonyStyle direct retail and outlet locations regarding the sale of Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

33.     All documents, emails, correspondence or internal memoranda that reference the capability of Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 to accept or read 480i, 480p, 720p and 1080i digital signals via any source.

34.     All documents, emails, correspondence or internal memoranda that reference the capability or lack of capability of Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 to accept or read 1080p digital signals via any source.

35.     All documents that refer or relate to the capability or lack of capability of Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005 to accept a 1080p signal via HDMI.

40.     All documents that evidence any telephone conversations with consumers who complained to Sony about Sony televisions KDS-R50XBR1, KDS-R60XBR1, KDS-70Q006, and KDX-46Q005.

41.     All documents that refer to Sony's policy for the retention of documents and electronic data from 2003 to the present date.

Sony is willing to provide the above information provided that plaintiffs will agree on the following issues. First, you will recall that Sony timely provided detailed objections to most of plaintiffs' requests, which were vaguely worded, overly broad, in many cases unduly

5

burdensome, and difficult to parse.  Those objections stand, and any provision of responsiveness data in response to plaintiffs' document requests will be made subject to those objections.  Additionally, our provision of this additional information is subject to an agreement by plaintiffs that by designating a document responsive to a particular request, Sony is not acquiescing to any stated or unstated assumptions, descriptions, definitions, categorization or contention contained in the requests as written.  Responsiveness information will be provided to the best of our ability in accordance with a reasonable review; a list of responsive documents shall not be take as preclusive, limiting or comprehensive.  Many documents are responsive to more than one request; we will not be attempting to list every document request the documents are or may be responsive too.  Sony will provide responsiveness information only subject to an agreement that no provided information will be viewed as (a) a statement or concession about the content, relevance, admissibility, or authenticity of any document, (b) an acceptance of plaintiffs' descriptions or rhetoric contained in the request, or (c) a waiver of any objections to the request in question.


Please let us know if you will agree to our counter-proposal.


Regards,


Kimberly

---

NOTICE TO PERSONS SUBJECT TO UNITED STATES TAXATION (MCPS)

DISCLOSURE UNDER TREASURY CIRCULAR 230: The United States Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is such advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.

---