UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of All
Others Similarly Situated,

    Plaintiffs,        Case No. 07-CV-15474

vs.               Honorable Paul D. Borman
                Magistrate Judge R. Steven Whalen

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC
WAREHOUSE,

    Defendants.

_____

*Counsel for Plaintiffs:*

| | | |
|---|---|---|
| Dani K. Liblang (P33713) | Lance A. Raphael (IL 6216730) | Alan Mansfield (CA 125988) |
| LIBLANG & ASSOCIATES | CONSUMER ADVOCACY | CONSUMER LAW |
| 346 Park St., Suite 200 | CENTER, P.C. | GROUP OF CALIFORNIA |
| Birmingham, Michigan 48009 | 180 West Washington, Suite 700 | 9466 Black Mountain Rd., |
| (248) 540-9270 | Chicago, Illinois 60602 | Suite 225 |
| danil@lemonlawyers.com | (312) 782-5808 | San Diego, CA 92126 |
| | lance@caclawyers.com | (619) 308-5034 |
| | | alan@clgca.com |
| Brian S. Kabateck (CA 152054) | Darren T. Kaplan (GA 2447381) | |
| KABATECK BROWN | CHITWOOD HARLEY | |
| KELLNER LLP | HARNES LLP | |
| 644 S. Figueroa St. | 1230 Peachtree, NE, Suite 2300 | |
| Los Angeles, CA 90071 | Atlanta, GA 30309 | |
| (213) 217-5000 | (888) 873-3999 | |
| bsk@kbklawyers.com | dkaplan@chitwoodlaw.com | |

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kafalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
(313) 496-7756

**PLAINTIFF DATE'S REPLY IN FURTHER SUPPORT
OF HIS MOTION FOR CLASS CERTIFICATION
<u>AGAINST DEFENDANT ABC APPLIANCE, INC.</u>**

## TABLE OF CONTENTS

PAGE

Index of Most Controlling Authorities ................................................................................................ ii

I.    Defendant Advertised The Televisions As "1080p" Televisions ............................................... 1

II.   Rule 23(b)(2) Commonality and Rule 23(b)(3) Predominance Are Satisfied. ......................... 1

III.  Date's Claims Are Typical And He Is An Adequate Class Representative. ............................. 4

IV.   Conclusion. ................................................................................................................................ 5

## Index of Most Controlling Authorities

**Issue 2**

*Dhamer v. Bristol-Meyers Squibb, Co.*,
183 F.R.D. 520 (N.D. Ill. 1998)

*In re Cardizem CD Antitrust Litig.*,
200 F.R.D. 326 (E.D. Mich. 2001)

*Dix v. American Bankers Life Assurance Co. of Florida*,
429 Mich. 410 (1987)

*Evans v. Ameriquest Mtg. Co.*,
No. 233115, 2003 Mich. App. LEXIS 565 (Mar. 4, 2003)

*Kraft v. Dr. Leonard's Healthcare Corp.*,
646 F. Supp. 2d 882 (E.D. Mich. 2009)

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011)

*Snyder v. Grand Valley Title Co.*,
No. 206616, 1999 Mich. App. LEXIS 466 (Mar. 5, 1999)

*Clark v. Experian Info. Solutions, Inc.*,
No. 8:00-1217-22, 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004)

**Issue 3**

*Senter v. General Motors Corp.*,
532 F.2d 511 (6th Cir. 1976)

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992)

*Mersay v. First Republic Corp. of America*,
43 F.R.D. 465 (S.D.N.Y. 1968)

I.   **Defendant Advertised The Televisions As "1080p" Televisions.**

ABC Appliance, Inc. ("ABC") routinely advertised the Televisions as being "1080p" televisions when they were not as evidenced by, among other things, Date's testimony and the final fairness hearing demonstration where the Televisions were shown to have an picture inferior to that of an actual 1080p television. As ABC's liability is undeniable, it asserts hyper-technical, hair-splitting straw man arguments for purposes of its opposition to class certification.[1]

According to ABC's Opposition, in order for a class to be certified, Date must show that ABC specifically advertised that the Televisions had 1080p inputs and the class members believed that the Televisions had 1080p inputs. ABC is both factually and legally incorrect. First, it is not the characterization of the inputs, but ABC's characterization of the Televisions as "1080p" in and of itself, that is deceptive and unfair because there is no practical way that consumers would be able to view a 1080p signal in an unconverted form on the Televisions.[2] Thus, while the class members purchased a "1080p" television, they did not receive a television capable of displaying a 1080p signal in its native format. Second, and as further explained below, Date is not required to show that each class member saw and relied upon a specific advertisement given the ubiquitous nature of ABC's conduct and the fact that Date's claims stem from ABC's routine and repeated marketing of the Televisions as "1080p," not one specific advertisement. As such, and because the elements of Rule 23 have been satisfied,[3] Date's claims should be certified.

II.   **Rule 23(b)(2) Commonality And Rule 23(b)(3) Predominance Are Satisfied.**

---

[1] Any argument that the screen itself displays at 1080p is irrelevant as, for all practical purposes, it will not display an unconverted and thus visually superior 1080p signal.
[2] Apart from the Televisions' Over-the-Air ("OTA") antenna input, the Televisions do not have a 1080p capable input and there is no U.S. television programming, either now or in the foreseeable future, that is broadcast in 1080p.
[3] ABC does not dispute that the class is sufficiently numerous and that Date's counsel can adequately represent the class. While ABC states in passing that a class action is not superior, it makes no argument in support of this assertion. In any event, a class action is the superior method of adjudicating this case. *See* Pl.'s Memo. in Supp. of Class Certification (Doc. 167), at pp. 10-12.

1

The commonality requirement requires that class members have either a single question of law or fact in common, not both, and it does not require that all questions of law or fact be common.[4] A common issue will predominate, thereby satisfying Rule 23(b)(3), where the common issue(s) "outweigh the individual questions."[5] The predominance requirement is satisfied unless it is clear that individual issues will overwhelm the common questions."[6]

Commonality is satisfied here because ABC routinely marketed the Televisions, in its stores, in print advertisements, and on its website, as "1080p" televisions.[7] As it is ABC's overall marketing campaign that is at issue, there is no requirement that Date prove the precise meaning that each class member affixed to the term "1080p" or that each subpart of the campaign was actually seen by each class member. As stated in *Dix v. American Bankers Life Assurance Co. of Florida*:

> We hold that members of the class proceeding under the [MCPA] need not individually prove reliance on the alleged misrepresentation. It is sufficient if the class can establish that a reasonable person would have relied on the representation. Further, a defendant's attempt to deceive through a pattern of misrepresentations can be shown on a representative basis under the [MCPA]. . . . The [MCPA] was intended to provide an enlarged remedy for consumers who are mulcted by deceptive business practices, and it specifically provides for the maintenance of class actions. This remedial provision of the [MCPA] should be construed liberally to broaden the consumers' remedy, especially in situations involving consumer frauds affecting a large number of persons.[8]

---

[4] *Bittinger v. Tucumseh Products Company*, 123 F.3d 877, 884 (6th Cir. 1997).
[5] *Dhamer v. Bristol-Myers Squibb, Co.*, 183 F.R.D. 520, 529 (N.D. Ill. 1998). *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001) ("There are no bright lines for determining whether common questions predominate. Instead, considering the facts of the case presented, a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wise basis, since such proof obviates the need to examine each class member's individual position. Common questions need only predominate: they need not be dispositive of the litigation.")
[6] *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. at 339.
[7] *See* Pl.'s Memo. in Supp. of Class Cert. (Doc. 167), at p. 1 and Exhibit A attached thereto.
[8] 429 Mich. 410, 418 (1987). ABC also stretches the holding in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), followed by *In re OnStar Litigation*, No. 2:07-MDL-01867, 2010 U.S. Dist. LEXIS 87471 (E.D. Mich. Aug. 25, 2010), which held that state law cannot confer stricter rules on standing than Rule 23. In *Shady Grove*, a NY state law prohibiting class actions was found invalid, and in *OnStar*, the court found that the MCPA could not limit class actions to only Michigan residents. Under no circumstances do either of these cases stand for the proposition that Rule 23 trumps state precedent regarding the proof required to succeed under that specific state law in a federal class action. In any event, as recognized by this Court already, reliance is not required to succeed on even an individual MCPA claim. *See* Opinion and Order Denying Defs.' Mot. to Dis. (Doc. 142), at p. 24 (*citing Evans v. Ameriquest Mtg. Co.*, No. 233115, 2003 Mich. App. LEXIS 564, at

Again, Date's claim does not hinge on whether ABC specifically advertised the Televisions as having 1080p inputs; instead, as explained above, it is ABC's use of the term "1080p" itself, when the Televisions would not display a native 1080p signal, that is at issue. Thus, the "common issue the resolution of which will advance the litigation" is whether ABC's routine use of the term "1080p" when advertising the Televisions was unfair, deceptive, and constituted a breach of warranty.[9] Moreover, whether ABC inflated the price of the televisions based upon its unfair and deceptive representations is the common issue of fact for all claims, including unjust enrichment.[10]

ABC conjures up a myriad of hypothetical individual issues in attempt to defeat predominance to no avail. First, as indicated above, there is no need to show which class member relied on which specific advertisement as it is ABC's overarching marketing campaign that is at issue, not one isolated misrepresentation.[11] Second, as the marketing campaign is at issue, any specific

---

*10 (Mar. 4, 2003).
[9] It is well established that under MCL § 440.2313, advertisements and promotional literature may constitute warranties that may be breached. *Kraft v. Dr. Leonard's Healthcare Corp.*, 646 F. Supp. 2d 882, 890 (E.D. Mich. 2009) (*quoting Fargo Mach. & Tool Co. v. Kearney & Trecker Corp.*, 428 F. Supp. 364, 370 (E.D. Mich. 1977)). Thus, ABC's description of the televisions as 1080p forms the basis of the class' breach of warranty claim, not whether the extended warranty for the television utilized the term "1080p".
[10] *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011) (Harm occurs where "consumer purchased a product that [he] *paid more for* than [he] otherwise might have been willing to pay if the product" was not advertised unfairly and deceptively.)
[11] Moreover, that class members may have seen different "1080p" advertisements does not prevent predominance. *See, e.g., Snyder v. Grand Valley Title Co.*, No. 206616, 1999 Mich. App. LEXIS 466, at *5-6 (March 5, 1999)("Regarding plaintiffs' breach of contract count, the circuit court found that the number of different contracts involved would result in more individual than common issues. The court misconstrued plaintiffs' breach of contract argument as requiring that it interpret a number of different contracts. To the contrary, plaintiffs' complaint alleged that all potential class members had 'contracted with Defendant to prepare their closing statements, [etc.] Plaintiff claimed that defendant in the same manner.' . . . Plaintiff claimed that defendant in the same manner breached its agreement with all the potential class members by imposing a discharge recording fee when the various underlying mortgage agreements all had otherwise provided that this fee would be satisfied by the class members' mortgages.") *See Gordon v. Boden*, 224 Ill. App. 3d 195, 201(1st Dist. 1991) (In a breach of express warranty claim for sellers of adulterated orange juice, the court found "the existence of at least one question common to the class that predominates over questions affecting individual members[:] whether defendant adulterated its orange juice products and committed other fraudulent acts . . . . 'A class action can properly be prosecuted where a defendant is alleged to have acted wrongfully in the same basic manner as to an entire class. In such circumstances, the common

3

representation regarding input capabilities is not necessary. Third, what class members may have understood by the term "1080p" does not defeat predominance because at issue is whether such representation was misleading and unfair in and of itself and as explained above, cannot defeat certification. Fourth, whether independent reviewers of the televisions indicated that the televisions did not have a 1080p input does not eradicate ABC's liability for misleadingly advertising the televisions as 1080p in the first place.[12] Fifth, that class members may have differing damages does not defeat class certification.[13]

### III.  Date's Claims Are Typical And He Is An Adequate Class Representative.

Typicality is satisfied where the representative is a member of the class and shares a common element of fact or law with the class[14] in order to assure that the representative's interests "align" with the those of the class.[15] It is sufficient for typicality purposes that the representatives and class claims stem from the same event or are based on the same legal theory.[16] Here, both Date and the class members all purchased televisions advertised by ABC as "1080p", and thus, the basic issue to be resolved for Date and the class is whether ABC's conduct was deceptive, unfair, constituted a breach of contract, and caused ABC to be unjustly enriched.

---

questions predominate the case, and the class action is not defeated.' " *Id.* (citation omitted).
[12] ABC cites no authority for the suspect proposition that limited disclosures by an independent third-party somehow serves as a viable defense to the claims asserted by the putative class.
[13] It is well established that issues with respect to damages do not preclude certification. *See, e.g. Clark v. Experian Info. Solutions, Inc.*, No. 8:00-1217-22, 2004 U.S. Dist. LEXIS 28324, at *36 n. 33 (D.S.C. Jan. 14, 2004) (*quoting* Newberg, *On Class Actions 3d* § 3.16) (" 'If differences in amounts of individual damages would make a class action improper, a class action for damages would never be possible, because variations in amount of damages are inevitable unless they happen to be factually identical, which is not required under Rule 23. The existence of a class action provision for damages actions itself indicates that the drafters of the rule contemplated certification for classes raising common questions of liability issues, even where the amounts of damages varied among class members.' ")
[14] *Senter v. General Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976).
[15] *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).
[16] *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465, 468-69 (S.D.N.Y. 1968).

4

ABC's attempt to defeat typicality fails. First, as class representative, Date is not required to view every single advertisement made by ABC regarding the televisions,[17] only that ABC represented to him that the television was a "1080p" television. Second, as Date's claim centers on the misleading representation that the television was a "1080p" television, any representation as to the capabilities of the inputs does not defeat typicality. Third, contrary to ABC's statements, Date was told by ABC that the television had 1080p capabilities and he was injured by such representations as he would not have purchased it if not for the 1080p advertisements.[18] Fourth, Date only purchased the television because it was advertised as being a "1080p" television.[19] Fifth, that the express warranty did not specifically use the term "1080p" is of no consequence as the warranty at issue is ABC's statements made in its marketing campaign that the televisions were "1080p" televisions. As such, as Date, like all other members of the class, is seeking relief for ABC's marketing of the televisions as "1080p" televisions, and therefore, satisfies the typicality requirement.[20]

IV. Conclusion

For all the reasons stated herein and in Date's Motion for Class Certification, David Date respectfully requests that this Court grant Plaintiff's motion and certify this case as a class action.

By: /s/ Lance A. Raphael
Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington, Suite 700
Chicago, Illinois 60602

---

[17] No single person would ever be reasonably expected to read every part of an ongoing advertising campaign. If that was required, no class action regarding advertising representations would ever be certified.

[18] See, e.g. Dep. of David Date, at p. 74, ll. 4-20, attached as Ex. 2 to Decl. of K. Kefalas (Doc. 186), (researched television on ABC website); p. 80, ll. 8-17, p. 84, ll. 10-24 (was told television was 1080p at the store); p. 89, ll. 17-25 (television was described in store advertising as 1080p); p. 89, ll. 17-25, 202, ll. 22-25, p. 203 ll. 1-6, 205 ll. 11-14 (saw 1080p description on sticker and box).

[19] Date's search for a television was limited to "1080p" televisions, and would not have purchased the television if not for its advertising that it was a "1080p" television. See, e.g. Dep. of David Date, at p. 75, ll. 20-25.

[20] As Date shares common interests with the class, he is also an adequate class representative. See Fed. R. Civ. P. 23.

5

## CERTIFICATE OF SERVICE

I certify that on March 14, 2011, I electronically filed the foregoing **Plaintiff Date's Reply in Further Support of His Motion for Class Certification against Defendant ABC Appliance, Inc.** with the Clerk of Court using the ECF system that will send notification of such filing to all attorneys of record.

                                            Respectfully Submitted,
                                            /s/ Lance A. Raphael
                                            Lance A. Raphael
                                            The Consumer Advocacy Center, P.C.
                                            180 W. Washington St., Ste 700
                                            Chicago, IL 60602
                                            Tel: (312) 782-5808
                                            Email: lance@caclawyers.com