UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR. and ELLIOT
HANDLER, Individually and On Behalf of All
Others Similarly Situated,

      Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC
WAREHOUSE,

      Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

---

*Counsel for Plaintiffs:*

Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY
CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW
GROUP OF CALIFORNIA
9466 Black Mountain Rd.,
Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

Brian S. Kabateck (CA 152054)
KABATECK BROWN
KELLNER LLP
644 S. Figueroa St.
Los Angeles, CA 90071
(213) 217-5000
bsk@kbklawyers.com

Darren T. Kaplan (GA 2447381)
CHITWOOD HARLEY
HARNES LLP
1230 Peachtree, NE, Suite 2300
Atlanta, GA 30309
(888) 873-3999
dkaplan@chitwoodlaw.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kafalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
(313) 496-7756

**PLAINTIFFS' REPLY IN SUPPORT
OF THEIR MOTION FOR CLASS CERTIFICATION
AGAINST DEFENDANT SONY ELECTRONICS, INC.**

## TABLE OF CONTENTS

**PAGE**

Index of Most Controlling Authorities ...................................................................................................ii

I. Plaintiffs' Class Claims Center On Sony's Marketing of "1080p" Televisions..........................1

II. Class Certification Is Not An Evidentiary Hearing. ..................................................................1

III. Common Legal Issues Predominate Plaintiffs' UCL And Unjust Enrichment Claims. .........1

IV. Common Legal Issues Predominate Plaintiffs' Breach Of Contract Claims. ..........................3

V. Common Factual Issues Predominate All Of Plaintiffs' Claims. .............................................3

VI. Plaintiffs Satisfy The Typicality And Adequacy Requirements.................................................5

VII. Conclusion. ....................................................................................................................................5

Index of Most Controlling Authorities

**Issue 2**

*Thomas v. Baca*,
231 F.R.D. 397 (C.D. Cal. 2005)

**Issue 3**

*Keilhotz v. Lennox Hearth Products*,
268 F.R.D. 330 (N.D. Cal. 2010)

*Westways World Travel, Inc. v. AMR Corp.*
218 F.R.D. 223 (C.D. Cal. 2003)

*Diamond Multimedia Systems v. Superior Court*,
19 Cal. 4th 1036 (1999)

*In re Pizza Time Theatre Sec. Litigation*,
112 F.R.D. 15 (N.D. Cal. 1986)

*Clotherigger, Inc. v. GTE Corp.*,
191 Cal. App. 3d 605 (4th Dist. 1987)

*Parkinson v. Hyundai Motor America*,
258 F.R.D. 580 (C.D. Cal. 2008)

**Issue 4**

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
81 F.3d 355 (3d Dist. 1996)

*Teledyne Indus., Inc. v. NLRB*,
911 F.2d 1214 (6th Cir. 1990)

*Klay v. Humana, Inc.*,
382 F.3d 1241 (11th Cir. 2004)

*Indianer v. Franklin Life Ins. Co.*,
113 F.R.D. 595 (S.D. Fla. 1986)

*Kleiner v. First Nat'l Bank of Atlanta*,
97 F.R.D. 683 (N.D. Ga. 1983)

**Issue 5**

*Kwikset Corp. v. Superior Court,*
51 Cal. 4th 310 (2011)

*Mass. Mutual Life Ins. Co. v. Superior Court,*
97 Cal. App. 4th 1282 (4th Dist. 2002)

*Williams v. Gerber Products, Co.,*
523 F.3d 934 (9th Cir. 2008)

**Issue 6**

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992)

*Cal. Rural Legal Assistance v. Legal Servs. Corp.,*
917 F.2d 1171 (9th Cir. 1990)

I.  **Plaintiffs' Class Claims Center On Sony's Marketing Of "1080p" Televisions.**

Sony marketed the Televisions as "1080p" televisions despite the fact that, for all practical purposes, they do not display a native 1080p signal, but rather at best, show a converted 1080i signal displayed on a 1080p screen. Thus, Sony's characterization of the Televisions as "1080p" is materially misleading to the public considering the inferiority of the Televisions' picture to that of a true "1080p" television as demonstrated to this Court.[1] As such, class certification is proper.[2]

II.  **Class Certification Is Not An Evidentiary Hearing.**

Putting aside that Sony mass-marketed[3] the Televisions as "1080p", Plaintiffs seek class certification, not summary judgment, and thus, Sony's evidentiary arguments are premature.[4] At this juncture, Plaintiffs' allegations are taken as true and the court is to determine whether this case is suitable for class treatment based on the factors enunciated in Federal Rule of Civil Procedure 23.[5]

III. **Common Legal Issues Predominate Plaintiffs' UCL And Unjust Enrichment Claims.**

---

[1] In fact, after debut of the Televisions and confusion regarding their 1080p capabilities, Sony drafted a statement stating that the Televisions display a 1080i signal in 1080p format. *See* <u>Exhibit 1</u>, Draft Sony official statement, date of issue, if issued, unknown. This statement further obfuscated the issue here: that the Televisions do not display a native 1080p signal, rather at best, they display a converted 1080i signal on a 1080p monitor, which creates a visibly inferior picture. But even after this statement, Sony continued to allow the Televisions to be advertised as "1080p".

[2] Contrary to Sony's hyper-technical depiction of the complaint, Plaintiffs' claims do not hinge on whether Sony affirmatively advertised that the Televisions had 1080p inputs. As such, Sony cannot limit this case to ads regarding inputs, or require that class members saw ads regarding inputs or purchased the Televisions for 1080p input use purposes only.

[3] Sony asserts that it did not collaborate in retailer ads touting the Televisions at 1080p. Even if true, Sony admitted that it received copies of the circulars after publication. *See* Cert. of Chris Fawcett (Doc. 178), at ¶ 34. Instead of changing these practices, Sony permitted its dealers-agents, including Best Buy (contrary to Sony's argument) to continue advertising the Televisions as 1080p. *See, e.g.*, <u>Exhibit 1</u> to Pls.' Mtn. for Class Cert. (Doc. 165).

[4] Sony attached numerous certifications to its Opposition. As this Court is aware, the nature of Sony's document production and failure to produce its witnesses for depositions as noticed have prevented Plaintiffs from deposing any Sony witnesses, including those who authored certifications. *See* Docs. 164, 193, and 194. If this Court finds further evidence is necessary, Plaintiffs request they be given the chance to depose Sony witnesses to supplement this Reply.

[5] *Thomas v. Baca*, 231 F.R.D. 397, 399 (C.D. Cal. 2005) (at class certification, the Court takes Plaintiffs' allegations as true and decides only whether those allegations are capable of class-wide proof.)

1

Sony failed to show that nationwide certification is inappropriate. First, it failed to show a "true conflict" among California and other state consumer protection laws. Second, even if there are differing "state-by-state variations involving reliance, scienter, damages and other elements," Sony failed to demonstrate that the differences between California and other state laws are material.[6] As such, nationwide certification is proper.[7] Even if there was a material conflict, a nationwide class under California law is proper here as California has a compelling interest in deterring its corporate citizens such as Sony from engaging in unfair practices. California "has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices . . . and recognize[s] the importance of extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California[.]"[8] As such, California has a strong interest in having its corporations litigate under its laws in order to preserve a "business climate free of fraud and deceptive practices."[9] California cannot give effect to this important state policy if it can only ensure that restitution for unfair and unscrupulous practices, like those orchestrated by Sony from its California headquarters, will be paid to consumers residing in only one of the fifty states.[10] In any event, "each jurisdiction would rather have the injuries of its citizens litigated and compensated

---

[6] *Keilholtz v. Lennox Hearth Products*, 268 F.R.D. 330, 341 (N.D. Cal. 2010) (*citing Washington Mutual Bank v. Superior Court of Orange County*, 24 Cal. 4th 906, 919-20 (2001) (differences among the state laws must be material). *Id.* ("Defendants also argue that the unjust enrichment laws of the fifty states vary such that a material conflict exists . . . But differences in state laws do not always outweigh the similarities, especially in cases concerning unjust enrichment claims. *See, e.g., Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 240 (C.D. Cal. 2003) (certifying nation-wide class of unjust enrichment claimants.")

[7] *See, e.g. Id.* (certifying nationwide class under UCL and unjust enrichment).

[8] *Diamond Multimedia Systems v. Superior Court*, 19 Cal. 4th 1036, 1064 (1999); *see In re Pizza Time Theatre Sec. Litigation*, 112 F.R.D. 15, 18 (N.D. Cal. 1986) ("California has a strong interest in the allegedly fraudulent conduct of its corporations and residents, and in protecting its residents *and others* from such fraud.") (emphasis added).

[9] *Id.*

[10] *See Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 615 (4th Dist. 1987) (recognizing California's "important interest in applying its law to punish and deter the alleged wrongful conduct."); *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 156 (2005) (California's interest in protecting California businesses from illegitimate competition through consumer class actions).

2

under another state's law than not litigated or compensated at all."[11] In sum, certification of a nationwide class under California law is proper.[12]

### IV.     Common Legal Issues Predominate Plaintiffs' Breach Of Contract Claims.

Sony is incorrect when it asserts that contract law varies so greatly among states as to make certification of the breach of contract claims inappropriate.[13] The only real legal issue pertinent to the breach of contract claims is the definition of " 'breach', which does not differ from state to state."[14] "Whether [a] contract[ ] . . . has been breached is a pure and simple question of contract interpretation which should not vary from state to state."[15]

### V.     Common Factual Issues Predominate All Of Plaintiffs' Claims.

The common question of fact is whether Sony's marketing campaign advertised the Televisions as "1080p" televisions, and this overriding common question predominates all of Plaintiffs' claims.  Common questions of fact for Plaintiffs' breach of contract claims, like the UCL claim, also include whether Sony promised that the Televisions were "1080p" televisions, and for

---

[11]*Pizza Time Theatre*, 112 F.R.D. at 20.
[12]And a class action is superior here as "[i]ndividual litigation of relatively small damages claims is both a burden on the judiciary and uneconomical for plaintiffs.  Few . . . of the potential class members in this action could afford individual litigation … given the disparity between possible recovery and litigation costs." *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580 (C.D. Cal. 2008).
[13]Sony insists that Plaintiffs' claims are more properly characterized as claims for "breach of warranty" but fails to explain why warranty law differs from the more general law of breach of contract.  And Sony's argument is, of course, completely at odds with its previous position in opposition to Date's motion to transfer to the Eastern District of Michigan that California law would apply to Date's claims notwithstanding that Date purchased his television in Michigan.  *See* Order on Sony's Mot. to Dis. (Doc. 142), at pp. 13-14.  Such blatantly inconsistent positions in the same litigation cry out for application of judicial estoppel.  *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (citation omitted) ("Judicial estoppel … prevent[s] a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding … it is designed to prevent litigants from 'playing "fast and loose" with the courts.' "); *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1220 (6th Cir. 1990).
[14]*Klay v. Humana, Inc.*, 382 F.3d 1241, 1262 (11th Cir. 2004).
[15]*Indianer v. Franklin Life Ins. Co.*, 113 F.R.D. 595, 607 (S.D. Fla. 1986); *Kleiner v. First Nat'l Bank of Atlanta*, 97 F.R.D. 683, 694 (N.D. Ga. 1983) ("The application of various state laws would not be a bar where, as here, the general policies underlying common law rules of contract interpretation tend to be uniform.")

the contract claims, whether the Televisions' failure to display a native 1080p signal was a breach of that promise. Whether Sony inflated the product price of the Televisions as a result their advertised 1080p capabilities[16] is also a common question that predominates all of Plaintiffs' claims. Moreover, "California courts have repeatedly held that relief under the UCL is available without individualized proof of deception, reliance, and injury."[17] Instead, " 'to state a claim under the UCL or the false advertising law based on . . . promotional practices, it is necessary only to show that members of the public are likely to be deceived.' "[18] Thus, Plaintiffs' claims will not be adjudicated based upon individual circumstances, but instead under the "reasonable consumer" test, which asks whether " 'members of the public are likely to be deceived.' "[19] The law presumes that the misrepresentation would be considered material to a reasonable consumer and caused the consumer class damage that should be remedied under the UCL.[20] "The fact a defendant may be able to defeat the showing of causation as to a few individual class members does not transform the common question into a multitude of individual ones; plaintiffs satisfy the burden of showing causation as to each by showing materiality as to all."[21] As a result, common factual issues predominate Plaintiffs' claims.

---

[16] *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (2011) (harm occurs when, among other things, the "consumer purchased a product that [he] *paid more for* than he or she otherwise might have been willing to pay if the product" was not advertised unfairly or deceptively.)

[17] *Mass. Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1288 (4th Dist. 2002); *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). Also, Sony misconstrues the fundamental holdings of *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010) and *In re OnStar Litigation*, No. 2:07-MDL-01867, 2010 U.S. Dist. LEXIS 87471 (E.D. Mich. Aug. 25, 2010), which hold that state law cannot confer stricter rules on standing than Rule 23. In *Shady Grove*, a NY state law prohibiting class actions was found invalid, and in *OnStar*, the court found that the MCPA could not limit class actions to only Michigan residents. Under no circumstances do these cases hold that Rule 23 trumps state law regarding the substantive proof required to succeed under that state law in a federal class action. These cases do however make clear that the Song-Beverly Act's limitation to California consumers only cannot stand.

[18] *In re Tobacco II Cases*, 46 Cal. 4th at 312 (citation omitted).

[19] *Williams v. Gerber Products, Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (citation omitted).

[20] *In re Tobacco Cases*, 46 Cal. 4th at 327.

[21] *Mass. Mutual Life Ins. Co.*, 97 Cal. App. 4th at 1292. *See Kwikset Corp.*, 51 Cal. 4th at 327 (misrepresentation does not need to be the sole reason for consumer's purchase).

VI.  **Plaintiffs Satisfy The Typicality And Adequacy Requirements.**

"The test of typicality is whether other members have the same or similar injury . . . and whether other class members have been injured by the same course of conduct."[22] Representatives and members of the class need only "share a 'common issue of law or fact.' "[23] Here, Plaintiffs' claims are typical as they: 1) purchased one of the Televisions; 2) after Sony marketed it as a 1080p Television.[24] Sony's attempt to muddle the issues regarding how each Plaintiff wanted to use the Television and which specific advertisement each saw are irrelevant for class certification purposes as both purchased based upon Sony's 1080p marketing campaign, the claim that is identical to all. As such, Plaintiffs are adequate representatives with interests typical and common to the class.[25]

VII.  **Conclusion**

WHEREFORE, for all the reasons stated herein and in their Motion for Class Certification, Plaintiffs respectfully request that this Court enter an order certifying this case as a class action, and certify Classes A & B.  In the alternative, Plaintiffs seek to certify Classes C &D.[26]

> By: /s/ Lance A. Raphael
> Lance A. Raphael
> The Consumer Advocacy Center, P.C.
> 180 W. Washington, Suite 700
> Chicago, IL 60602

---

[22] *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).
[23] *Cal. Rural Legal Assistance v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citation omitted).
[24] See Dep. of Date, Ex. 2 to Decl. of K. Kefalas (Doc. 186), at pp. 74-75, p. 80 ll. 6-9 (in looking for a 1080p television, he reviewed Sony's website); p. 89, ll. 17-25, pp. 202- 203 (saw 1080p description on sticker and box); Dep. of Handler, Ex. 3 to Decl. of K. Kefalas (Doc. 186), at p. 33, ll. 8-25 (Handler saw ads touting the Sony television as 1080p and was told it was "1080p" at the Sony store).  Moreover, Sony's argument that Handler did not see the XBR1 television advertisements is irrelevant as he purchased one of the televisions at issue, the Qualia 70Q006.
[25] See also, Date's Reply in Further Support of Class Cert. As To ABC Appliance, Inc., at pp. 4-5.
[26] See also fn. 4, *supra*.

## CERTIFICATE OF SERVICE

I certify that on March 14, 2011, I electronically filed the foregoing **Plaintiffs' Reply in Further Support of Their Motion for Class Certification against Defendant Sony Electronics, Inc.** with the Clerk of Court using the ECF system that will send notification of such filing to all attorneys of record.

Respectfully Submitted,
/s/ Lance A. Raphael
Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel: (312) 782-5808
Email: lance@caclawyers.com