UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID DATE, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiffs, <br> vs. <br><br> SONY ELECTRONICS, INC. and ABC APPLIANCE, INC., d/b/a ABC WAREHOUSE, <br> Defendants. | Case No. 07-CV-15474 <br><br> Honorable Paul D. Borman <br> Magistrate Judge R. Steven Whalen <br><br> **SONY ELECTRONICS, INC.'S SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION IN LIGHT OF HANDLER DISMISSAL** |

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW GROUP OF CALIFORNIA
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK and STONE, PLC
150 W. Jefferson Suite 2500,
Detroit, Michigan 48226-4415
(313) 963-6420
pozza@millercanfield.com
cranmer@millercanfield.com
wierenga@millercanfield.com
kefalas@millercanfield.com

Pursuant to the Court's order of July 21, 2011, defendant Sony Electronics Inc. ("Sony") submits the following supplemental statement to address the effect that the dismissal of former plaintiff Elliot Handler has on the pending motion for class certification. As Sony explains below, Handler's departure as a putative class representative significantly further weakens the class certification motion, which was fatally flawed even when Handler was still in the case. David Date, the only remaining plaintiff, has already admitted that he:

- Neither saw, nor relied on, *any* Sony advertisements or marketing materials before purchasing his television;
- Did not care about his television's use with future Blu-ray or other disc players with 1080p outputs; and
- Did not buy a Qualia television, or rely on any Qualia advertising.

Mr. Date cannot sue Sony over alleged Sony misrepresentations he never saw, nor can he represent a class of purchasers who are suing Sony over those alleged misrepresentations. His motion for class certification should be denied.

I. **DATE LACKS STANDING TO SUE SONY AND CANNOT REPRESENT A CLASS OF PURCHASERS ALLEGEDLY MISLED BY SONY ADVERTISING**

Perhaps the most significant effect of Mr. Handler's dismissal is that it has removed from this case the only plaintiff who could claim to have seen, and been misled by, a Sony advertisement in connection with the purchase of his television. The pending motion for class certification identifies only three allegedly misleading statements by Sony: (1) a Sony advertisement for the XBR1s that ran on one day, in two newspapers, in 2005; (2) a brochure for the 70-inch Qualia television that Mr. Handler purchased; and (3) the "spec sheet" for the XBR1s that was available from Sony's website. *See* Sony Opp. Br. at 4. Mr. Handler claimed to have seen the Qualia brochure, but nothing else, prior to buying his television.

1

Significantly, it is undisputed that Mr. Date did not see or rely on *any* of those documents, or any other Sony advertising or marketing materials, in connection with his purchase of a Sony XBR1 television. *See* Ex. A, Date Interrogatory Response at No. 7, 9; Ex. B, Date Dep. at 118:8-120:15. The only document he claims to have seen in connection with his purchase is a single ABC Warehouse webpage. *See* Ex. A, Date Interrogatory Responses at No. 9.

The motion to certify a class against Sony cannot survive the loss of the only plaintiff who had actually seen a Sony ad prior to purchase. Since Mr. Date has admitted that he neither saw, nor relied on, any Sony advertising or marketing materials in connection with the purchase of his Sony television, he lacks standing to sue Sony over any of those advertisements or marketing materials, even if California law is applied to his claims (as he has requested).[1] *Dvora v. General Mills, Inc.*, No. CV 11-1074-GW, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011) ("To the extent that Plaintiff appears to argue that he might have standing with respect to claims based on statements he did not rely on, Plaintiff is wrong."); *Johns v. Bayer Corp.*, No. 09CV1935, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (plaintiff lacked standing with regard to advertisements he had never seen); *Pfizer, Inc. v. Supreme Court*, 182 Cal. App. 4th 622, 633, 105 Cal. Rptr. 3d 795 (Cal. App. 2 Dist. 2010).

---

[1] Plaintiff may attempt to argue that his claim against Sony is based on the theory that Sony, somehow, is legally responsible for the ABC webpage that he saw. That argument would do nothing to support class certification. There is no evidence in the record to support plaintiff's claim that Sony is legally responsible for ABC's webpages, let alone evidence showing that Sony is responsible for every retail advertisement and piece of marketing material, utilized by every retailer, in the United States related to these televisions. Moreover, attempting to prove Sony's supposed liability for every retail ad run in connection with these televisions would introduce numerous individual liability issues that would swamp any common issues and make class certification inappropriate under Rule 23(b)(3). *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996); *Rosen v. Chrysler Corp.*, No. 97-CV-60374-AA, 2000 WL 34609135, at *6 (E.D. Mich. 2000). In any event, plaintiff did not even attempt to support class certification with this sort of argument in his prior briefs, and should not be permitted to do so now.

It is equally well established that Mr. Date cannot represent a class of purchasers suing over Sony advertisements or marketing materials that Mr. Date, personally, neither saw nor relied on.  *See, e.g.*, *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members") (internal citations omitted); *Foster v. Ctr. Twp. Of LaPorte County*, 798 F.2d 237, 244 (7th Cir. 1986).

Mr. Date is not, and cannot be, a member of any putative class of purchasers who claim to have been misled by Sony advertisements or marketing materials in connection with the subject televisions.  Nor can he represent a class to which he does not belong.  For this reason alone, the Handler dismissal compels denial of the motion for class certification.

**II.    DATE'S FOCUS ON USING HIS TELEVISION ONLY AS A COMPUTER MONITOR PREVENTS HIM FROM REPRESENTING THE PURPORTED CLASS**

The Handler dismissal is also significant because Mr. Handler was the only plaintiff who claimed to have purchased his television for use with Blu-ray discs or other 1080p disc players.  Mr. Date, in contrast, has admitted that his sole focus when purchasing his television was its ability to function as a very large computer monitor, and to accept a 1080p signal from a computer.  *See* Ex. B, Date Dep. at 193:4-6.  Indeed, Mr. Date has repeatedly admitted that he had no intention attaching a Blu-ray or other "1080p" disc player to his television over the television's HDMI inputs when he bought the television, and he has no intention of doing so now.  *Id.* at 152:22-23; 189:22-190:3.

Mr. Date's idiosyncratic focus on using his 60-inch diagonal television as a monitor for his home-built computer, rather than to play Blu-ray or other high-definition discs, prevents him from representing the purported class.  Plaintiff's proposed class claims all

3

depend critically on the (unproven and unprovable) notion that purchasers who saw the Sony and ABC ads at issue in this case would have made the HDMI Input Assumptions; that is, assumed that the phrase "1080p" used in those ads meant "1080p HDMI input." *See* Sony Opp. at 3.[2] Plaintiff apparently claims that class members would have made these assumptions because class members supposedly (1) knew that Blu-ray and other high-definition disc players would soon be hitting the market; (2) knew that those future disc players would have 1080p output capabilities; and (3) assumed that Sony televisions described as "1080p" would be able to accept 1080p signals from those upcoming players, without signal processing, over the televisions' HDMI inputs. *See* Third Amended Complaint at ¶¶ 18-22.

This highly speculative chain of assumptions was insufficient to support the purported class claims even when Mr. Handler was in the case; it fails as a matter of law now that he is gone. Since Mr. Date has admitted that he was not interested in Blu-ray or other high-definition discs and did not purchase his television based on its perceived or assumed compatibility with future Blu-ray players, his claims are not typical of the claims of the purported class, whose members were supposedly misled precisely because they allegedly assumed the televisions would accept 1080p signals from future Blu-ray players without any signal processing. He cannot represent a class whose purported claims are so at variance with his own. *See Faralli v. Hair Today, Gone Tomorrow*, No. 1:06cv504, 2007 WL 120664, at

---

[2]  Plaintiffs do not, and cannot, claim that describing the subject televisions' displays as "1080p" was misleading, because it is undisputed that the televisions do, in fact, have 1080p screens: they are fixed-pixel displays, with a 1920x1080 native resolution, displayed progressively. *See* Sony Opp. Br. at 2-3.

*16 (N.D. Ohio Jan. 10, 2007); *Hillis v. Equifax Consumer Services, Inc.*, 237 F.R.D. 491, 499 (N.D. Ga. 2006).

Plaintiff cannot be permitted to pursue class claims premised on assumptions about the subject televisions' future use with Blu-ray players when the only plaintiff before the Court cannot offer testimony, or be cross-examined, about those assumptions. *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). For this reason as well, the motion for class certification should be denied.

### III. DATE CANNOT REPRESENT A NEW YORK OR QUALIA CLASS

Finally, Mr. Handler's departure should put to rest plaintiff's prior claims that the class should include people who purchased Qualia model televisions (KDS-70Q006 and KDX-46Q005), and that a class can be certified under New York law. *See* Pl. Class Cert Br. at 3. Mr. Date did not purchase a Qualia, and has never even attempted to argue that his claim arose under New York law.

> Respectfully Submitted,
> MILLER, CANFIELD, PADDOCK AND STONE, PLC
>
> By: /s/ Robert J. Wierenga
> Clarence L. Pozza, Jr. (P24168)
> Thomas W. Cranmer (P25252)
> Robert J. Wierenga (P59785)
> Attorneys for Defendants
> 150 West Jefferson, Suite 2500
> Detroit MI 48226-4415
> (313) 963-6420
> pozza@millercanfield.com

Dated: August 11, 2011

5

## CERTIFICATE OF SERVICE

I certify that on August 11, 2011, I electronically filed the foregoing **SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| LIBLANG ASSOCIATES<br>Dani K. Liblang<br>346 Park St., Ste 200<br>Birmingham, MI 48009<br>Tel: (248) 540-9270<br>Fax: (248) 433-1989<br>Email: danil@lemonlawyers.com | CONSUMER LAW GROUP OF CALIFORNIA<br>Alan Mansfield<br>9466 Black Mountain Rd, Ste 225<br>San Diego, CA 92126<br>Telephone: (619) 308-5034<br>Fax: (888) 341-5048<br>Email: alan@clgca.com |
| | THE CONSUMER ADVOCACY CENTER<br>Lance A. Raphael<br>180 W. Washington St., Ste 700<br>Chicago, IL 60602<br>Tel:  (312) 782-5808<br>Fax: (312) 377-9930<br>Email: Lance@caclawyers.com |
| | MILLER, CANFIELD, PADDOCK & STONE, PLC<br><br>s/ Robert J. Wierenga.<br>Robert J. Wierenga (P59785)<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226-4415<br><br>*Attorneys for Defendants* |

19,325,120.1\140018-00001