UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID DATE, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiffs, vs. SONY ELECTRONICS, INC. and ABC APPLIANCE, INC., d/b/a ABC WAREHOUSE, Defendants. | Case No. 07-CV-15474<br><br>Honorable Paul D. Borman<br>Magistrate Judge R. Steven Whalen<br><br>**ABC APPLIANCE, INC.'S SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION IN LIGHT OF HANDLER DISMISSAL** |

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW GROUP OF CALIFORNIA
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK and STONE, PLC
150 W. Jefferson Suite 2500,
Detroit, Michigan 48226-4415
(313) 963-6420
pozza@millercanfield.com
cranmer@millercanfield.com
wierenga@millercanfield.com
kefalas@millercanfield.com

Pursuant to the Court's order of July 21, 2011, defendant ABC Appliance, Inc. ("ABC") submits the following supplemental statement to address the effect that the dismissal of former plaintiff Elliot Handler has on the pending motion for class certification.

Although Mr. Handler did not bring a personal claim against ABC, and was not a proposed representative for the putative class claims against ABC, his departure – and the fatal factual holes that departure leaves in Mr. Date's purported class claims against Sony – underlines the similarly fatal holes in Date's proposed class claims against ABC. As noted in Sony's supplemental brief, Mr. Handler was the only plaintiff in this case who claimed to be interested in using his Sony television to watch Blu-ray movies. Mr. Date, by contrast, has repeatedly admitted that he did not, and does not, care about using his television to play Blu-ray or other high-definition discs. *See* Sony Suppl. Br., Ex. B (Date Dep.) at 152:6-25; 188:15-190:3. Instead, Mr. Date was and is interested only in using his television as a 60-inch computer monitor. *Id.* at 191:13-193:6.

As ABC explained in its opposition to Mr. Date's motion for class certification, Mr. Date's idiosyncratic focus on his television's input capabilities with respect to computers, as opposed to its input capabilities with respect to Blu-ray or other high-definition disc players, means his claims are not typical of the proposed class claims. *See* ABC Opp. Br. at 12-14. This failure is particularly significant in light of Mr. Date's apparent claim that XBR1 purchasers would have assumed that the term "1080p" meant "1080p HDMI inputs" precisely because those consumers supposedly assumed that the XBR1s would be able to accept 1080p inputs from future Blu-ray or other high-definition disc players. *See* Sony Suppl. Br. at 3-5. Whatever the merits of that assertion, Mr. Date cannot provide any testimony to support it: he

1

has already admitted that future use with Blu-ray or other high-definition disc players played no role in *his* decision to purchase a XBR1. Sony Suppl. Br., Ex. B (Date Dep.) at 152:6-25; 188:15-190:3; 191:13-193:6.

Mr. Handler's departure also highlights the extremely limited factual basis for Mr. Date's claims against ABC. The only document that Mr. Date can recall seeing before he purchased his XBR1 is a single ABC webpage. *See* ABC Opp. Br. at 4-6. Now that Mr. Handler is gone, that single ABC webpage would be the ***only*** document about which a plaintiff could provide personal testimony to the jury, in a proposed class action that is supposedly based on dozens of such documents. Moreover, the webpage that Mr. Date supposedly saw, and relied on, was not even an advertisement; it was a product information page. *Id*. at 5. ABC respectfully submits that a plaintiff who cannot recall seeing a retail advertisement for the XBR1 televisions, from ABC or anyone else, cannot represent a putative class on the claim that those advertisements were misleading. *Id.* at 11-12.

In short, Mr. Handler's dismissal starkly highlights the extremely narrow factual bases for Mr. Date's personal claims, and the proposed class claims, against ABC. Plaintiff proposes to prove, on behalf of a class of everyone in Michigan who bought a XBR1 from ABC, that ABC's use of the term "1080p" to describe those televisions misled consumers into believing that those televisions would accept 1080p signals over their HDMI inputs without any signal processing. The reason that most consumers would have made that assumption, supposedly, is because consumers allegedly knew that future Blu-ray and other high-definition disc players would have 1080p outputs, and allegedly would have assumed that televisions described as "1080p" could accept 1080p signals from those future players over

2

their HDMI input.  But now there will be literally *no* plaintiff in the courtroom who can testify about these assumptions regarding future Blu-ray players, or the ways in which those future players could be hooked up to the XBR1s.  There will be no one in the courtroom who can testify about how these alleged assumptions informed his or her understanding of the term "1080p" as used in ABC's advertisements, or that those assumptions played any role in his or her decision to purchase a XBR1 from ABC.  And there will be no one who can testify about the effect that *any* retail advertisement, published by ABC or anyone else, had on his or her decision to buy a XBR1 television.  For these reasons, and all of the reasons that ABC set forth in its opposition to plaintiff's motion for class certification, that motion should be denied.

                              Respectfully Submitted,
                              MILLER, CANFIELD, PADDOCK AND STONE, PLC

By:   /s/ Robert J. Wierenga
       Clarence L. Pozza, Jr. (P24168)
       Thomas W. Cranmer (P25252)
       Robert J. Wierenga (P59785)
       Kimberly K. Kefalas (P64949)
       Attorneys for Defendants
       150 West Jefferson, Suite 2500
       Detroit MI 48226-4415
       (313) 963-6420
       pozza@millercanfield.com

Dated:  August 11, 2011

## CERTIFICATE OF SERVICE

I certify that on August 11, 2011, I electronically filed the foregoing **SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birmingham, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

MILLER, CANFIELD, PADDOCK & STONE, PLC

s/ Robert J. Wierenga.
Robert J. Wierenga (P59785)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415

*Attorneys for Defendants*