UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID DATE, JR., Individually and On Behalf of All Others Similarly Situated, Plaintiffs, vs. | Case No. 07-CV-15474 |
| | Honorable Paul D. Borman |
| | Magistrate Judge R. Steven Whalen |
| SONY ELECTRONICS, INC. and ABC APPLIANCE, INC., d/b/a ABC WAREHOUSE, Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST TO EXTEND DISCOVERY SCHEDULE** |

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW GROUP OF CALIFORNIA
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK and STONE, PLC
150 W. Jefferson Suite 2500,
Detroit, Michigan 48226-4415
(313) 963-6420
pozza@millercanfield.com
cranmer@millercanfield.com
wierenga@millercanfield.com
kefalas@millercanfield.com

Pursuant to the Court's order of August 18, 2011, defendants Sony Electronics Inc. ("Sony") and ABC Appliance, Inc. ("ABC") submit the following statement in response to plaintiff David Date's most recent request to extend discovery. After the Court directed Defendants to respond to the request made in Plaintiff's August 11 brief, Plaintiff filed a brief "modifying" his August 11 request. *See* Plaintiff's August 18, 2011 "Modification" Brief, Docket # 221. This brief therefore addresses Plaintiff's modified request.

The parties have agreed that if Plaintiff files motions to compel in this case going forward, Defendants will not oppose those motions with an argument that Plaintiff was required to file any such motions before the August 19 discovery deadline. *See id.* at Ex. A. To the extent Plaintiff seeks to extend the discovery schedule to accommodate those motions, and to take the deposition of Mr. Arvanitis, Defendants do not oppose his request. However, to the extent that Plaintiff's latest extension is meant to accommodate Plaintiff seeking further discovery from third parties (including the taking of additional depositions pursuant to previously served subpoenas), such an extension is unnecessary and unwarranted. Plaintiff's requested extension should be expressly limited to completion of Mr. Arvanitis's deposition and the referenced motion practice, if any, as set forth in Paragraph 10 of Plaintiff's August 18 brief.

In the remainder of this brief, Defendants will respond to the claims made by Plaintiff in his August 11 and August 18 papers that Defendants' discovery has been inadequate.

I.      **PLAINTIFF HAS RECEIVED FULL DISCOVERY**

During the more than two years that discovery has been open in this case, Defendants have provided Plaintiff with ample – indeed, exhaustive – discovery.

1

**Written discovery.** Plaintiff has received responses and objections to 381 requests for admission, 54 interrogatories and 89 document requests, most before December 31, 2010, and has had months, and in some cases years, to bring motions on that discovery:

- On May 15, 2009, Plaintiff served on Sony his Interrogatories Nos. 1-22, Document Requests Nos. 1-41 and Requests for Admission Nos. 1-37.  Sony responded on July 17, 2009, and provided supplemental interrogatory responses on December 31, 2010.

- On October 26, 2010, Plaintiff served on Sony his Requests for Admission Nos. 38-112. Sony responded on November 29, 2010.

- On October 27, 2010, Plaintiff served on ABC his Interrogatories Nos. 1-17, Document Requests Nos. 1-40 and Requests for Admission Nos. 1-269.  ABC responded on November 29 and provided supplemental responses on December 17 and 20, 2010.

- On November 23, 2010, Plaintiff served on Sony his Interrogatories Nos. 23-29 and Document Requests Nos. 42-43.  Sony responded on December 27, 2010.

- On July 18, 2011, Plaintiff served on Sony his Interrogatories Nos. 30-37 and his Document Requests Nos. 44-49.  Sony responded on August 22, 2011.

**Deposition Discovery.** Plaintiff has also had a full and fair opportunity to conduct deposition discovery.  As of the date of this brief, Plaintiff has taken eight full-day depositions, with a ninth deposition scheduled for September 8, 2011.  By the time he takes his final deposition, Plaintiff will have deposed:

- Chris Fawcett, Sony's Vice President for the Television Business Unit, for two full days, in both his personal capacity and as a 30(b)(6) representative;

- Mike Shelby, ABC's Director of Marketing and Advertising;

- Hideaki Yamaguchi, Sony's Director of TV Product Marketing and Planning;

- Naila Sfeir, Sony's Director of Retail Marketing;

- Joe Byer, Sony's Senior Manager of Customer Service;

- Tom Brillati, ABC's Director of Training;

- Randy Waynick, the former head of Sony's Home Products Division; and

- Jim Arvanitis, former Product Information Manager in Sony's TV Marketing Group.

In light of the above, Defendants respectfully submit that Plaintiff has no legitimate need for additional discovery from either Defendants or third parties.

## II.  PLAINTIFF'S COMPLAINTS ABOUT SONY'S DOCUMENT PRODUCTION DO NOT WARRANT ADDITIONAL DISCOVERY

Nor is Plaintiff entitled to additional discovery based on his complaints that Sony's document production failed to comply with Rule 34. These arguments have already been addressed during the hearing held by Magistrate Judge Whalen on April 5, 2010.[1]

On February 14, 2011, Plaintiffs filed one of their previous requests for an extension of the discovery schedule. A primary ground for Plaintiffs' motion were claims that Sony had produced its documents "in no discernable order," *see* Pl. 2/14/11 Mot., Docket # 193, at ¶ 1, and with "with no indexing or readily apparent organization." *See* Pl. 2/28/22 Reply, Docket # 195, at ¶¶ 1-2. In its opposition, Sony pointed out that this was not true; it also indicated that it had agreed to provide Plaintiffs with a further index of its document production. *See* Sony Opp. Br., Docket # 194, at ¶¶ 9-16. On March 16, this Court referred the dispute to Judge Whalen.

By the time the parties appeared before Judge Whalen, Sony had produced the additional document index referenced above. After hearing the parties' arguments, the Court ruled that "the Defendants have complied with Fed. R. Civ. P. 34 to the extent they have sufficiently identified which of the 600,000 documents are responsive to which request." April 5, 2011 Order, Docket # 204, at 1. The Court also ordered the parties to complete discovery by June 20, 2011 and apprised the parties that they "should not assume" any further schedule extensions. *Id.* at 2.

---

[1]  These are the arguments referenced in Defendants' August 12 letter, which incorrectly identified the April 5 hearing as the "May" discovery hearing.

3

Plaintiff's claims that Sony's document production did not comply with Rule 34, and that Sony took too long to provide him with an additional index of documents, *see* Pl. Supp. Br., Docket # 213, at 4-5, are the same arguments Plaintiff made in connection with the Court's April 5 hearing on discovery issues, the result of which was an order directing completion of all discovery by June. Those claims would not justify another extension of the discovery deadline.

### III.     PLAINTIFF'S OTHER ARGUMENTS DO NOT JUSTIFY AN EXTENSION

Finally, none of the "unresolved issues" identified in Plaintiff's August 18 brief justify an extension of the discovery deadline beyond the parties' current agreement regarding motion practice and the Arvanitis deposition.

**Plaintiff's Third-Party Subpoenas.**  Plaintiff's claim that he needs additional time to pursue his third-party subpoenas does not support a further extension of discovery. Although discovery has been open in this case since at least May 2009, Plaintiff waited more than two years – until June 2011 – to begin serving subpoenas. Having chosen to wait so long to begin his third-party discovery practice, Plaintiff cannot now complain that he had insufficient time to complete that practice to his satisfaction.

**The Rule 30(b)(6) Depositions.**  Plaintiff's complaints about the preparation of Sony's Rule 30(b)(6) deponents are meritless; they also come too late. Plaintiff took his Rule 30(b)(6) depositions of Sony on June 9, July 15, July 22 and August 5. Despite the Court's April 5 order directing the parties to complete all lay discovery by the Court's deadline and establishing a streamlined procedure for discovery disputes (*see* Docket # 204 at 2), Plaintiff made no attempt to meaningfully confer with Sony, or seek the Court's assistance, regarding the supposed insufficiencies of Sony's testimony promptly following those depositions.

4

**Defendants' Discovery Responses.** Plaintiff's apparent intention to initiate motion practice in connection with Defendants' written discovery responses and document productions is also insufficient to justify an extension beyond the parties' current agreement. Any such motions will likely be untimely – not because August 19 has passed, but because Plaintiff impermissibly waited several months, if not years, to raise any issues. As Defendants explained above, Plaintiff has had all of Defendants' documents, and the vast majority of Defendants' written discovery responses, since December 2010 at the latest. He has already had ample time to review Defendants' discovery responses and pursue whatever motion practice he deems necessary. It is too late for the parties to begin arguing now, for the first time, over the adequacy of discovery responses that Defendants served in 2009 or 2010.

**Privilege Logs.** Nor do Plaintiff's complaints about Defendants' privilege logs justify a further extension. Plaintiff to date has not challenged any of Defendants' privilege designations, let alone shown that those designations have interfered with his ability to pursue deposition or other discovery.

Respectfully Submitted,

MILLER, CANFIELD, PADDOCK AND STONE, PLC


By:   /s/ Robert J. Wierenga
      Robert J. Wierenga (P59785)
      Attorneys for Defendants
      150 West Jefferson, Suite 2500
      Detroit MI 48226-4415
      (313) 963-6420
Dated:  September 2, 2011     wierenga@millercanfield.com

5

## CERTIFICATE OF SERVICE

I certify that on September 2, 2011, I electronically filed the foregoing **RESPONSE TO REQUEST FOR DISCOVERY EXTENSION** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birmingham, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel:  (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

MILLER, CANFIELD, PADDOCK & STONE, PLC

s/ Robert J. Wierenga.
Robert J. Wierenga (P59785)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415

*Attorneys for Defendants*

19,384,592.1\140018-00001