**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID DATE, JR., Individually and On
behalf of All Others Similarly Situated,

      Plaintiff,

v.                                                     Case No. 07-CV-15474

SONY ELECTRONICS, INC. and ABC            Honorable Paul D. Borman
APPLIANCE, INC. d/b/a ABC                  Magistrate Judge R. Steven Whalen
WAREHOUSE,

      Defendants.

Counsel for Plaintiff:

| | | |
|---|---|---|
| Dani K. Liblang (P33713) | Lance A. Raphael (IL 6216730) | Alan Mansfield (CA 125988) |
| LIBLANG & ASSOCIATES | CONSUMER ADVOCACY CENTER, P.C. | CONSUMER LAW GROUP OF CALIFORNIA |
| 346 Park St., Ste 200 | 180 West Washington, Ste 700 | 9466 Black Mountain Rd., Ste 225 |
| Birmingham, MI 48009 | Chicago, Illinois 60602 | San Diego, CA 92126 |
| (248) 540-9270 | (312) 782-5808 | (619) 308-5034 |
| danil@lemonlawyers.com | lance@caclawyers.com | alan@clgca.com |

Counsel for Defendants:
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kafalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
(313) 496-7756

**PLAINTIFF DAVID DATE'S SUPPLEMENTAL BRIEF IN RESPONSE TO
THE COURT'S NOVEMBER 21, 2011 ORDER**

## A. Introduction

On November 21, 2011, this Court requested that Plaintiff:

> file a supplemental brief, on or before December 5, 2011, up to 5 pages in length, discussing the Sixth Circuit's opinion in *Pilgrim*,[1] and its effect on the class certification issues in this case.[2]

Simply put, the *Pilgrim* decision has no bearing on this case because it was decided using Ohio's choice-of-law rules, which are not at issue here. Unlike *Pilgrim*, this case is to be determined using California's, and not Ohio's, choice-of-law rules, rendering any discussion of *Pilgrim* to be a red herring. Thus, while it may be true that under Ohio law, " 'the law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit,' "[3] California courts have held that when a California business is at issue, it has a more significant relationship to the lawsuit rendering nationwide certification appropriate. As such, *Pilgrim* is not applicable.

The only arguable similarity between these cases is that in *Pilgrim*, the parties had "agreed upon" the applicable choice-of-law rules. In fact, the *Pilgrim* court premised its decision on the fact that the "the parties agree (quite properly, we might add), Ohio's choice of law rules determine which consumer-protection laws cover these claims."[4] Here, Sony's previously stated legal position was that California law was applicable to this case, to which Plaintiff has always agreed.[5] And Sony is estopped from changing its legal position and asserting another law applies after years of litigation.

In any event, and as explained below, California's choice-of-law rules and the cases interpreting it permit certification of nationwide classes under California law, especially where the

---

[1] *Pilgrim v. Universal Health Card, LLC*, Nos. 10-3211/3475, __ F.3d __, 2011 WL 5433770, at *2 (6th Cir. Nov. 10, 2011).
[2] November 21, 2011 Order (Dkt. 243).
[3] *Id.* (*quoting Morgan v. Biro Mfg. Co.*, 15 Ohio St. 3d 339 (1984)).
[4] *Pilgrim*, 2011 WL 5433770, at *2.
[5] *See* Sony's Opp. to Pl.'s Mtn. to Transfer, at p. 6 (*citing Van Dusen v. Barrack*, 376 U.S. 612, 627 (1964)) ("following a transfer under § 1404(a), the court to which the action has been transferred must apply the same state law that the transferor court would have applied.") *See, also,* Op. and Order Denying Defs.' Mots. to Dismiss, at pp. 13-15 (Dkt. 142).

defendant, such as Sony, is incorporated there. Thus, certification of the proposed nationwide class under California law is proper.

**B. California Choice-Of-Law Rules Apply.**

When as here, "a diversity case is transferred from one federal court to another, the transferee court applies the same laws that the original court would have applied."[6] As this case originated in the Southern District of California, California's choice-of-law rules apply.

**C. Unlike Ohio Law, California's Choice-Of-Law Rules Require an Approach That Requires That There is a "True Conflict" With California Law As A Threshold A Determination.**

According to the Supreme Court of California, the "governmental interest" approach[7] is the choice-of-law analysis to be applied to California businesses such as Sony.[8] Under this approach, the court first determines if a "true conflict" exists between the governmental interests of California and other states.[9] The court begins this "true conflict" analysis by determining if the laws at issue are different[10] (e.g. that the laws conflict) and if so, next examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true

---

[6] *Polydene, Inc. v. Kirk*, Nos. 99-4085, 99-4153, 2000 U.S. App. LEXIS 33892, at *5 (6th Cir. Dec. 19, 2000) (*citing Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)). *See, also,* Sony's Opp. to Pl.'s Mtn. to Transfer, at p. 6 ("following a transfer under § 1404(a), the court to which the action has been transferred must apply the same state law that the transferor court would have applied.") (citation omitted). *See, also,* Op. and Order Denying Defs.' Mtns. to Dismiss, at pp. 13-15 (Dkt. 142).

[7] *Kearney v. Salomon Smith Barney, Inc.,* 39 Cal. 4th 95, 100 (Cal. 2006) ("California courts apply the so-called governmental interest analysis, under which a court carefully examines the governmental interests or purposes served by the applicable statute or rule of law of each of the affected jurisdictions to determine whether there is a "true conflict." If such a conflict is found to exist, the court analyzes the jurisdictions' respective interests to determine which jurisdiction's interests would be] more severely impaired if that jurisdiction's law were not applied in the particular context presented by the case.)

[8] *Id.* at 105. As is recognized by the cited cases and numerous others, the federal system contemplates that individual states may adopt distinct policies to protect their own residents and generally may apply those policies to businesses that choose to conduct business within that state.

[9] *See id.* For example, California's Cal. Bus. & Prof. Code, §§ 17200, *et seq.*, prohibits deceptive, untrue or misleading advertising, and the court would determine if there is a "true conflict" between the interest served by this law and that of other states' laws.

[10] *See id.* at 107-08.

2

conflict exists[11] (e.g. a conflicting interest). Only if the court finds a "true conflict" in that the laws are different (i.e. they conflict) <u>and</u> that each state has a conflicting interest in having its law applied over that of another, does the court go to the final step of determining "which jurisdiction's interests would be more severely impaired if that jurisdiction's law were not applied in the particular context presented by the case."[12] As a true conflict is not present here, the final step is never reached.

For example, as to Plaintiff's contract claims under the UCC, while variation between the wording among the states' versions exist, no "true conflict" among those versions has been identified. This was recently recognized in 2010 by the Northern District of California which, when certifying a nationwide class under California law, noted that any variations in state law were nonmaterial.[13] The same lack of "true conflict" is also true for Plaintiff's California state law Magnuson-Moss claims[14] and unjust enrichment claims.[15] And finally, as to Plaintiff's claims under California's Unfair Competition Law (§ 17200 *et. seq.*), it is well settled under California choice-of-law rules that such a claim may be brought even by non-residents where the fraudulent statements

---

[11] *See id.*

[12] *See id.*

[13] *In re Conseco Life Ins. Co. LifeTrend Ins. Sales and Marketing Litigation*, 270 F.R.D. 521, 529 (N.D. Cal. 2010) ("Conseco overstates the extent of any variations in state contract law, including as to the definition of breach, the existence of causation and damages requirements, and the admissibility of extrinsic evidence . . . . Contrary to Conseco's representations, several courts have recognized that the law relating to the element of breach does not vary greatly from state to state. *See, e.g., Klay v. Humana, Inc.*, 382 F.3d 1241, 1262-63 (11th Cir. 2004); *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 672 (S.D. Fla.1997)). *See also, American Airlines v. Wolens*, 513 U.S. 219, 233 (1995) ("contract law is not at its core diverse, nonuniform and confusing").

[14] Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq. See, also, Walsh v. Ford Motor Co.,* 588 F. Supp. 1513, 1527 (D.D.C.1984) (*citing* H.R.Rep. No. 93-1107 (1973)*, reprinted in* 1974 U.S.C.C.A.N. 7702) ("When Congress passed the [Magnuson-Moss] Act, it incorporated [Uniform Commercial Code]-based State warranty law and not State tort law.")

[15] *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003).

3

and omissions originated from California.[16]  As a result, California law may uniformly be applied to all claims against Sony and its agents.

Moreover, Sony has failed to establish how certification under California law is inappropriate.  First, Sony, a California based company, has not established a "true conflict" between and the laws of California and other states.  Second, assuming *arguendo* that "state-by-state variations involving reliance, scienter, damages and other elements" existed, Sony failed to show how these differences are material here as to Sony, a company based in California.[17]  As such, nationwide certification is proper.

Finally, even assuming a material conflict existed, a nationwide class under California law is proper here because California has a compelling interest in deterring its own corporate citizens from engaging in unfair practices.  California "has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices . . . and recognize[s] the importance of extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California[.]"[18]  As such, California has a strong interest in having its corporations litigate under its

---

[16] *See, also, Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 379 (N.D. Cal. 2010) (granting motion for certification of class consisting of all persons "who purchased in the United States any beverage bearing the Blue Sky mark or brand" on claims arising under § 17200 and § 1750); *Mazza v. America Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) (Honda's allegedly deceptive practices originate in, and emanate from, California with its headquarters for sales, marketing, research and development); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 243 (6th Dist. 2001) ("court may properly apply the [UCL] to non-California members of a nationwide class where the defendant is a California corporation and some or all of the challenged conduct emanates from California"); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224-225 (4th Dist. 1999).

[17] *Keilholtz v. Lennox Hearth Products*, 268 F.R.D. 330, 341 (N.D. Cal. 2010) (*citing Washington Mutual Bank v. Superior Court of Orange County*, 24 Cal. 4th 906, 919-20 (2001) (differences among the state laws must be material).  ("Defendants also argue that the unjust enrichment laws of the fifty states vary such that a material conflict exists . . . But differences in state laws do not always outweigh the similarities, especially in cases concerning unjust enrichment claims. *See, e.g., Westways World Travel, Inc.*, 218 F.R.D. at 240 (certifying nation-wide class of unjust enrichment claimants). *Id.* at 341.

[18] *Diamond Multimedia Systems v. Superior Court*, 19 Cal. 4th 1036, 1064 (1999); *see In re Pizza Time Theatre Sec. Litigation*, 112 F.R.D. 15, 18 (N.D. Cal. 1986) ("California has a strong interest in the allegedly

laws in order to preserve a "business climate free of fraud and deceptive practices."[19]  California

cannot give effect to this important state policy if it can only ensure that restitution for unfair and

unscrupulous practices, like those orchestrated by Sony from its California headquarters, will be paid

to consumers residing in one of the fifty states.[20]  In any event, "each jurisdiction would rather have

the injuries of its citizens litigated and compensated under another state's law than not litigated or

compensated at all."[21]  In sum, certification of a nationwide class under California law is proper.

### D.  Conclusion

For all the reasons stated herein and in all previous submissions filed in support of Plaintiff's

Motion for Class Certification, certification of a nationwide class against Sony Electronics, Inc.

under California law is appropriate and warranted.  Therefore, Plaintiff respectfully requests that this

Court certify this matter as a class action under California law.

|  |  | By:  /s/ Lance A. Raphael |
|---|---|---|
| Dani K. Liblang | Alan Mansfield | Lance A. Raphael |
| LIBLANG & ASSOCIATES | CONSUMER LAW GROUP | THE CONSUMER |
| 346 Park Street, Suite 200 | OF CALIFORNIA | ADVOCACY CENTER, P.C. |
| Birmingham, Michigan 48009 | 9466 Black Mountain Road | 180 West Washington |
|  | Suite 225 | Suite 700 |
|  | San Diego, California 92126 | Chicago, Illinois  60602 |

---

fraudulent conduct of its corporations and residents, and in protecting its residents *and others* from such fraud.") (emphasis added).

[19]*Id.*

[20] *See Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605, 615 (4th Dist. 1987) (recognizing California's "important interest in applying its law to punish and deter the alleged wrongful conduct"); *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 156 (2005) (California's interest in protecting legitimate California business from illegitimate competition through class actions).

[21]*Pizza Time Theatre*, 112 F.R.D. at 20.  Moreover, "[i]ndividual litigation of relatively small damages claims is both a burden on the judiciary and uneconomical for plaintiffs.  Few, if any, of the potential class members in this action could afford individual litigation of their claims, given the disparity between possible recovery and litigation costs.  Therefore, the class action is superior."  *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 589 (C.D. Cal. 2008).

## <u>CERTIFICATE OF SERVICE</u>

I, Herman Mathews, a paralegal, certify that on December 5, 2011, I electronically filed the foregoing **Plaintiff David Date's Supplemental Brief in Response to The Court's November 21, 2011 Order** with the Clerk of Court using the ECF system that will send notification of such filing to all attorneys of record.

Respectfully Submitted,

/s/ <u>Herman Mathews</u>
Paralegal
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel: (312) 782-5808