UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DATE, JR., Individually and On
Behalf of All Others Similarly Situated,
Plaintiffs,

vs.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC., d/b/a ABC
WAREHOUSE,
Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

**SONY ELECTRONIC, INC.'S
SUPPLEMENTAL BRIEF ON *PILGRIM
v. UNIVERSAL HEALTH CARD***

---

*Counsel for Plaintiffs:*
Dani K. Liblang (P33713)
LIBLANG & ASSOCIATES
346 Park St., Suite 200
Birmingham, Michigan 48009
(248) 540-9270
danil@lemonlawyers.com

Lance A. Raphael (IL 6216730)
CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808
lance@caclawyers.com

Alan Mansfield (CA 125988)
CONSUMER LAW GROUP OF
CALIFORNIA
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
(619) 308-5034
alan@clgca.com

*Counsel for Defendants:*
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kefalas (P64949)
MILLER, CANFIELD, PADDOCK and
STONE, PLC
150 W. Jefferson Suite 2500,
Detroit, Michigan 48226-4415
(313) 963-6420
pozza@millercanfield.com
cranmer@millercanfield.com
wierenga@millercanfield.com
kefalas@millercanfield.com

---

Sony appreciates the opportunity to address the Sixth Circuit's decision in *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011). *Pilgrim*'s choice-of-law analysis shows that California law cannot be applied to Date's proposed national class, and its analysis of factual commonality shows that "common" factual issues do not predominate.

## I.     *Pilgrim* Precludes Application of California Law to the Putative Class

*Pilgrim* held that the state with the "strongest interest" in having its laws applied in a consumer protection case is the state where the plaintiffs live and the fraud occurred, ***not*** the state where the defendant is located. 660 F.3d at 946. This is especially true in cases like this one, where the consumer protection violation was supposedly committed by two or more entities in separate states,[1] thereby "diluting the interest of any one State in regulating the source of the harm yet in no way minimizing the interest of each consumer's State in regulating the harm that occurred to its residents." *Id.* at 946-47.

*Pilgrim*'s "state interest" analysis is dispositive, and cannot be dismissed because *Pilgrim* applied Ohio rather than California law. While *Pilgrim*'s interest analysis was conducted in the context of Ohio's "most significant relationship" choice-of-law test, California's "governmental interest" test requires this Court to resolve the similar question of which state's interest will be "most impaired" if its laws are not applied.[2] In light of *Pilgrim*'s emphatic holding that each consumer's "home" state has the strongest interest in having its consumer protection laws applied to the claims of its citizens, it is clear that the "most impaired" states in this case would be the "home" state of each putative class member. *See* 660 F.3d at 946 ("the State with the

---

[1]   Date, for example, claims that he was defrauded both by Sony (headquartered in California) and ABC Warehouse (headquartered in Michigan), with the alleged misstatements happening solely in Michigan. *See* Sony Opp. at 15.

[2]   *See* Sony Opp. at 8. The "state interest" component of California's test is only the second part of that test, which first asks whether there is a conflict between the relevant state laws. *Id.* As Sony showed in its prior briefs, and explains further below, there clearly is a conflict here.

1

strongest interest in regulating [deceptive or fraudulent] conduct is the State where the

consumers—the residents protected by *its consumer*-protection law—are harmed by it")

(emphasis in original).  Since each state's interest in applying its own consumer protection laws

outweighs whatever interest California might have in applying its laws nationally, California law

cannot be applied to the claims of the proposed class.  *See* Sony Opp. at 8-9; *see also In re HP

Inkjet Printer Litig.*, No. C 05-3580, 2008 WL 2949265 (N.D. Cal. July 25, 2008); *Gartin v S&M

NuTec LLC*, 245 F.R.D. 429, 439 (C.D. Cal. 2007).

Tellingly, Date has not attempted to demonstrate that *Pilgrim* is not dispositive on the

question of which states' interests will be "most impaired."[3]  Instead, Date argues that *Pilgrim* is

"irrelevant" because there is no conflict between the pertinent state laws.  Date is mistaken.

**Date has failed to carry of his burden of showing no conflicts.**  Date suggests that the

Court can apply California law because Sony has "failed" to show that the relevant state laws

conflict.  But as the class proponent, it was ***Date's*** obligation to show that the Rule 23

prerequisites are satisfied – an obligation which required Date affirmatively to show that

common legal issues would predominate.  *See Wal-Mart Stores, Inc. v. Dukes,* __ U.S. __, 131 S.

Ct. 2541, 2551 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking

class certification must affirmatively demonstrate his compliance with the Rule—that is, he must

be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of

law or fact, etc.") (emphasis in original); Sony Opp. at 7.  Date could not discharge this burden

---

[3]   Date appears to argue that California law can be applied to all class members because both
California, and each class member's "home" state, are interested in plaintiffs prevailing in this
action. Date Br. at 4-5. This argument is unavailing; courts have recognized that the consumer
protection laws of the other 49 states cannot be subordinated to California law merely because
California law is relatively pro-plaintiff.  *See, e.g., Utility Consumers' Action Network v. Sprint
Solutions, Inc.*, 259 F.R.D. 484, 487 (S.D. Cal. 2009) (refusing to certify national class action
brought under California consumer protection laws in part because it would be unfair to apply
those laws "in jurisdictions less concerned with consumer protection").

simply by claiming without analysis (or even citation to the relevant statutes) that no conflict

exists. Moreover, Sony *did* show that there is a conflict in state laws on each of the claims on

which Date has sought certification. The material variations were summarized in Appendices I-

III to Sony's opposition. Date has never attempted to respond to this showing by Sony.

     ***State consumer protection laws conflict.*** Numerous courts have concluded that the

consumer protection laws of the 50 states differ in material ways. *See Sony Opp.* at 8-10.[4]

*Pilgrim* can be added to this list, since it based its choice-of-law analysis on "plaintiffs'

***appropriate*** concession that the consumer-protection laws of the affected States vary in material

ways." 660 F.3d at 947 (emphasis added). Date has no response to these cases. Instead, Date

cites cases in which California courts have applied California's Unfair Competition Law to out-

of-state claims "where the fraudulent statements and omissions originated from California."

Date Br. at 4. This argument gets Date nowhere, because he has not established that the

"fraudulent statements" in this case came solely, or even primarily, from Sony or California. *See*

*In re Hitachi Television Optical Block Cases*, No. 08cv1746, 2011 WL 9403, *9 (S.D. Cal. Jan.

3, 2011) (California law could not be applied to national class when evidence showed that

California defendant "did not market [its] products directly to consumers, but left that task to the

individual retailers").[5] On the contrary: Date's own claims are based on allegedly "fraudulent

---

[4]  *See also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect those differences rather than apply one state's law to sales in other states with different rules"); *In re St. Jude Medical Center, Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005); *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 147 (S.D.N.Y. 2008); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 584-85 (N.D. Ill. 2008).

[5]  The cases cited by Date, *see* Date Br. at n. 16, are properly limited to cases in which the uniform wrongdoing to which the class was supposedly exposed was actually accomplished in California. *Hitachi,* 2011 WL 9403 at *9-10 (distinguishing *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D. Cal. 2010); *Mazza v. American Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008); *Keilholtz v. Lennox Hearth Products, Inc.*, 268 F.R.D. 330, 341 (N.D. Cal. 2010); and *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal.App.3d 605 (1987) because in each of those cases the plaintiffs' claims had "significant contacts with the State of California,"

3

statements" made in Michigan, not California. Under *Pilgrim*, these sorts of claims – where the consumer-protection violations allegedly occurred in multiple states – must be governed by the law of the state where each plaintiff lives. 660 F.3d at 946-48; *see also* Sony Opp. at 11.

> ***State warranty and unjust enrichment laws conflict.*** Numerous courts have similarly held that material variations exist in state warranty laws, and it is clear that California's Song-Beverly Warranty Act does not apply to purchases made outside of California. *See* Sony Opp. at 10-11 and Appendix II. Instead of responding to these points, Date suggests that he and the class are pursuing "contract claims under the UCC." That is simply not true. Date has sued Sony for breach of warranty, not breach of contract, *see* Dkt. 123, and has moved to certify a "Song-Beverly Warranty Act" class, not a "UCC breach of contract" class. *See* Dkt. 165 at 2-3. Similarly, Date has failed to rebut Sony's showing that there are material variations in State unjust enrichment laws. *See* Sony Opp. at 10 n. 16 and Appendix III. His proposed breach of warranty and unjust enrichment classes cannot be certified in light of these conflicts.

> ***Sony did not concede that California law would apply to class claims.*** Date also repeats his incorrect argument that Sony "conceded" that California law would govern the class claims when it opposed Date's motion to transfer. Sony did no such thing: the transfer briefing addressed the law that would apply to Date's claims, not the class claims. *See* Dkt. 244. Nor could Sony's concession be dispositive on this issue, even if Sony had made it (and it didn't). In order for a state's law to be applied to non-residents "in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985). Date's claim that California law can displace

---

such as a showing that "the alleged misrepresentations, which were on the actual product, originated in the State of California").

the consumer protection laws of the other 49 states, based on nothing more than Sony's nonexistent "concession," runs afoul of *Shutts*' prohibition on "arbitrary" choice of law.

## II.    *Pilgrim* Shows that the Proposed Class Lacks Factual Commonality

*Pilgrim* also supports Sony's prior showing that Date has failed to satisfy Rule 23(b)(3) because he has failed to show that common factual issues will predominate.  *Pilgrim* held that "substantial" similarity between allegedly misleading advertisements is ***not*** sufficient to establish predominance of factual issues, noting that even if the putative class members in that case had "heard identical sales pitches . . .  saw the same website and . . . received the same fulfillment kit, these similarities establish only that there is *some* factual overlap, not a predominant factual overlap among the claims and surely not one sufficient to overcome the key defect that the claims must be resolved under different legal standards."  660 F.3d at 948 (emphasis in original).

*Pilgrim*'s analysis is fatal to Date's certification motion, because Date's "showing" of common factual issues is substantially weaker than the showing rejected by *Pilgrim* as inadequate.  As Sony has already demonstrated, Date cannot even show "substantial" similarity between the allegedly misleading advertisements supposedly seen by class members.  Date has failed to show that all, or even many, class members saw advertisements that contained the term "1080p," and the evidence decisively contradicts Date's claim that the televisions were "uniformly" advertised using that phrase.  Date has not shown a "predominant factual overlap." *Pilgrim*, 660 F.3d at 948; Sony Opp. at 11-14.  *Pilgrim* compels that Date's motion be denied.

MILLER, CANFIELD, PADDOCK AND STONE, PLC

By:    /s/ Robert J. Wierenga
       Robert J. Wierenga (P59785)
       150 West Jefferson, Suite 2500
       Detroit MI 48226-4415
       (313) 963-6420
Dated:  December 12, 2011        wierenga@millercanfield.com

5

## CERTIFICATE OF SERVICE

I certify that on December 12, 2011, I electronically filed the foregoing **SONY ELECTRONIC, INC.'S SUPPLEMENTAL BRIEF ON *PILGRIM v. UNIVERSAL HEALTH CARD*** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

LIBLANG ASSOCIATES
Dani K. Liblang
346 Park St., Ste 200
Birmingham, MI 48009
Tel: (248) 540-9270
Fax: (248) 433-1989
Email: danil@lemonlawyers.com

CONSUMER LAW GROUP OF CALIFORNIA
Alan Mansfield
9466 Black Mountain Rd, Ste 225
San Diego, CA 92126
Telephone: (619) 308-5034
Fax: (888) 341-5048
Email: alan@clgca.com

THE CONSUMER ADVOCACY CENTER
Lance A. Raphael
180 W. Washington St., Ste 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930
Email: Lance@caclawyers.com

MILLER, CANFIELD, PADDOCK & STONE, PLC

s/ Robert J. Wierenga.
Robert J. Wierenga (P59785)
150 West Jefferson, Suite 2500
Detroit, MI 48226-4415

*Attorneys for Defendants*

19,643,441.1\140018-00001

1