**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID DATE, JR., Individually and On
behalf of All Others Similarly Situated,

      Plaintiff,

v.

SONY ELECTRONICS, INC. and ABC
APPLIANCE, INC. d/b/a ABC
WAREHOUSE,

      Defendants.

Case No. 07-CV-15474

Honorable Paul D. Borman
Magistrate Judge R. Steven Whalen

Counsel for Plaintiff:

| | | |
|---|---|---|
| Dani K. Liblang (P33713) | Lance A. Raphael (IL 6216730) | Alan Mansfield (CA 125988) |
| LIBLANG & ASSOCIATES | CONSUMER ADVOCACY CENTER, P.C. | CONSUMER LAW GROUP OF CALIFORNIA |
| 346 Park St., Ste 200 | 180 West Washington, Ste 700 | 9466 Black Mountain Rd., Ste 225 |
| Birmingham, MI 48009 | Chicago, Illinois 60602 | San Diego, CA 92126 |
| (248) 540-9270 | (312) 782-5808 | (619) 308-5034 |
| danil@lemonlawyers.com | lance@caclawyers.com | alan@clgca.com |

Counsel for Defendants:
Clarence L. Pozza Jr. (P24168)
Thomas W. Cranmer (P25252)
Robert J. Wierenga (P59785)
Kimberly K. Kafalas (P64949)
MILLER, CANFIELD, PADDOCK & STONE, PLC
150 W. Jefferson Suite 2500
Detroit, Michigan 48226-4415
(313) 496-7756

**PLAINTIFF DAVID DATE'S REPLY TO ABC APPLIANCE, INC.'S
SUPPLEMENTAL BRIEF ON _PILGRIM V. UNIVERSAL HEALTH CARD_**

*Pilgrim v. Universal Health Card, LLC*, [1] has absolutely no bearing on Plaintiff's motion for class certification as to ABC Warehouse ("ABC") as: 1) Plaintiff is seeking a Michigan-only, and not a nationwide, class; and 2) ABC identically and uniformly represented that the XBR1s were "1080p" to Plaintiff and the class members.  In fact, and as explained below, ABC's argument that this case is in any way similar to *Pilgrim* borderlines on frivolous.

ABC, in its website, in its advertisement circulars, and at its stores, consistently and uniformly advertised the XBR1s as "1080P" high definition televisions.[2]  There was absolutely no variation among the advertisements' use of the term "1080p."  Thus, ABC's blanket assertion that the advertisements at issue are not substantially similar is patently false.

Additionally, on a motion for class certification, Date is not required to *prove* that each class member saw the advertisements at issue.  Again, the common issues that predominate include whether ABC advertised the XBR1s as "1080p" when the Televisions would not display a 1080p signal.  Michigan law is clear that:

> members of the class proceeding under the [MCPA] need not individually prove reliance on the alleged misrepresentation.  It is sufficient if the class can establish that a reasonable person would have relied on the representation.  Further, a defendant's attempt to deceive through a pattern of misrepresentation can be shown on a representative basis under the [MCPA]. . . .  The [MCPA] was intended to provide an enlarged remedy for consumers who are mulcted by deceptive business practices, and it specifically provides for the maintenance of class actions.  This remedial provision of the [MCPA] should be construed liberally to broaden the consumers' remedy, especially in situations involving consumer frauds affecting large numbers of persons.[3]

ABC's argument is baseless.

---

[1] 660 F.3d 943 (6th Cir. 2011).
[2] *See* ABC's advertisements and website, attached as <u>Exhibits A & B</u> to Plaintiff's Motion for Class Certification (Dkt. 167-2, 3); Dep. of Mike Shelby, attached as <u>Exhibit S</u> to Plaintiff's Supp. Brief In Response To The Court's August 18, 2011 Order (Dkt. 234).
[3] *Dix v. American Bankers Life Assurance Co. of Florida*, 429 Mich. 410, 418 (1987).

ABC also incorrectly asserts that *Wal-Mart Stores, Inc. v. Dukes*[4] is somehow applicable here. However, *Dukes*, a case regarding the Fair Labor Standards Practices Act ("FLSA"), "makes no new law that impacts in any way this Court's certification" of the proposed class[5]  "[A]t no point in its decision [does the Supreme Court imply] that a rigorous analysis will always require courts to go beyond the pleadings."[6]  Instead, the Court merely reiterated that for FLSA claims, " 'proof of commonality necessarily overlaps with respondents' merits contention that Wal-Mart engages in a pattern and practice of discrimination . . .because in resolving an individual's Title VII claim, the crux of the inquiry is 'the reason for a particular employment decision.' "[7]  In other words, prior to the motion for class certification, the Dukes plaintiff's failed to assert the basic pleading requirements of the FLSA, which requires " 'significant proof' of a general corporate policy or discrimination."[8]  These are simply not required for the claims asserted by Plaintiff here:

> First, these additional requirements are designed for and unique to the context of employment discrimination.  They are necessary because the employer's motivation is crucial to establishing liability, and therefore, common liability necessary to glue the plaintiff class together.  In the deceptive business practice context, by contrast, the "why" is less relevant, if it is relevant at all.  It is enough for liability that (1) Defendant [makes a deceptive/unfair advertisement] . . . thereby (2) deceiving the public.[9]

Finally, ABC incorrectly asserts that Plaintiff is required to prove damages at the class certification stage.  Putting aside that Plaintiff seeks, among other things, disgorgement of ABC's

---

[4] 131 S. Ct. 2541 (2011).
[5] *Jeremyn v. Best Buy Stores, L.P.*, No. 08-Civ-214, 276 F.R.D. 167, 2011 U.S. Dist. LEXIS 104449, at *5 (S.D.N.Y. 2011).
[6] *Connor B. v. Vigurs*, No. 10-cv-30073-MAP, 2011 U.S. Dist. LEXIS 130444, at *11 (D. Mass. Nov. 10, 2011).
[7] *Id.* at *11.
[8] *Jeremyn*, 2011 U.S. Dist. LEXIS 104449, at *14.  Moreover, the "Supreme Court held that a 'common contention' [of an express corporate policy against the advancement of women] was lacking . . . because the basis for liability – the 'glue' holding all of the individual class member's claims together was not merely the disfavor in pay or promotion, but the *reason* why each class member was disfavored.  When the ability to recover hinges on the reason why a particular action was answering the question in one case will not necessarily do anything to advance the resolution of that same issue in another class member's case." *Id.* at *10.  That is not the case here.
[9] *Id.* at *15.

2

profits for the unjust enrichment claim and recovery of the premium paid by Plaintiff and the class

members to ABC based on the XBR1s' supposed 1080p capability, damages are not a requirement

for class certification.  Instead, all that is required of Plaintiff is that he satisfy Rule 23's requirements

of numerosity, commonality, typicality, adequacy, predominance, and superiority, which he has.

Moreover, a class action is the preferred device here, where there was "a fraud perpetrated on

numerous persons by use of similar misrepresentations."[10]  And this "holds true *even if* individualized

determinations of damages are found necessary after a determination of liability."[11]  In fact, damages

are simply not at issue now as "no matter how individualized the issue of damages may be, these

issues may be reserved for individual treatment with the question of liability tried as a class action."[12]

As a result, Plaintiff is clearly not required to prove damages at the motion for class certification

stage.

WHEREFORE, for all the reasons stated herein and in all previous submissions filed in

Support of Plaintiff's Motion for Class Certification, Plaintiff respectfully requests that this Court

certify the proposed class as to ABC Appliance, Inc. d/b/a ABC Warehouse.

|  |  | By: | /s/ Lance A. Raphael |
|---|---|---|---|
| Dani K. Liblang | Alan Mansfield | | Lance A. Raphael |
| LIBLANG & ASSOCIATES | CONSUMER LAW GROUP | | THE CONSUMER |
| 346 Park Street, Suite 200 | OF CALIFORNIA | | ADVOCACY CENTER, P.C. |
| Birmingham, Michigan 48009 | 9466 Black Mountain Road | | 180 West Washington |
| | Suite 225 | | Suite 700 |
| | San Diego, California 92126 | | Chicago, Illinois  60602 |

---

[10] *Smith v. ComputerTraining.com, Inc.*, No. 2:10-cv-11490, 2011 U.S. Dist. LEXIS 7801, at *16 (E.D. Mich. Jan. 27, 2011) (*citing* Adv. Comm. Note, 39 F.R.D. 69, 103 (1966)); *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515, 531 (E.D. Mich. 2001).
[11] *Id.* (emphasis added).
[12] *Id. See Gilkey*, 202 F.R.D. at 520 (*quoting Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1196-97 (6th Cir. 1988)) ("Consequently, the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible.")

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 19, 2011, I electronically filed the foregoing *Plaintiff David Date's Reply To ABC Appliance, Inc.'s Supplemental Brief on Pilgrim v. Universal Health Card* with the Clerk of Court using the ECF system that will send notification of such filing to all attorneys of record.

Respectfully Submitted,

<u>/s/ Lance A. Raphael</u>
THE CONSUMER ADVOCACY CENTER, P.C.
180 W. Washington, Suite 700
Chicago, Illinois 60602
Tel: (312) 782-5808
Email: lance@caclawyers.com